IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANIEL WALKER,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FRED MEYER, INC.**,<br><br>Defendant. | Case No. 3:17-cv-1791-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation ("F&R") in this case on May 7, 2018. ECF 38. Judge You recommended that the Court grant Defendant's motion to dismiss.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

## BACKGROUND

Plaintiff Daniel Walker brings a purported class action claim against Fred Meyer, Inc., alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiff alleges that Defendant's consumer report disclosure and pre-adverse action notice violate FCRA Sections 1681b(b)(2)(A)(i) and 1681b(b)(3), respectively. Section 1681b(b)(2)(A)(i) requires an employer who procures a consumer report on an individual for employment purposes provide "a clear and conspicuous disclosure . . . in writing . . . in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." Plaintiff argues that Defendant's disclosure is not "clear and conspicuous" and fails to "consist solely of" that disclosure because it contains other extraneous information. Section 1681b(b)(3) provides that, before using a consumer report to take adverse employment action, "the person intending to take such adverse action shall provide to the consumer to whom the report relates" both a copy of the report and "a description in writing of

PAGE 2 – ORDER

the rights of the consumer under this subchapter . . ." Plaintiff argues that Defendant's pre-adverse action notice failed to comply with this provision because it only directed him to contact General Information Services, Inc. ("GIS"), an agent of Fred Meyer that procured the consumer report in Plaintiff's case. Plaintiff argues that this notice should have informed Plaintiff that he could discuss any issues directly with Defendant.

Defendant moves to dismiss Plaintiff's claims. Defendant argues that Plaintiff fails to state a claim because the conduct described in Plaintiff's Complaint does not violate the FCRA. Defendant further argues that Plaintiff lacks standing to assert his Section 1681b(b)(3) claim.[1] Judge You recommended that Defendant's motion to dismiss be granted. Plaintiff timely filed an objection (ECF 40), to which Defendant responded. ECF 43. Plaintiff objects to the entirety of the F&R.

## DISCUSSION

### A. Count I: Disclosure Requirement

Plaintiff objects to the F&R's findings with respect to the disclosure requirement for several reasons. First, Plaintiff argues that Judge You mischaracterized the applicable legal standards and ignored extraneous information in Defendant's disclosure. Second, Plaintiff argues that Judge You overlooked the inclusion of information about investigative consumer reports. Third, Plaintiff argues that the F&R did not address the "interplay" of Defendant's authorization

---

[1] In objecting to the F&R's conclusion with respect to Article III standing, Plaintiff seems to assert that he has standing to bring both of the claims alleged in his Complaint. Defendant states, in response, that Defendant did not argue, and Judge You did not render any findings with respect to the argument that, Plaintiff lacks standing to bring his § 1681b(b)(2)(A)(i). Defendant asserts that it only argued Plaintiff lacked Article III standing to bring his § 1681b(b)(3) claim. The Court notes that a portion of Defendant's brief before Judge You may have been construed as a challenge to Plaintiff's standing, generally. *See* ECF 24 at 19-20. Nonetheless, Judge You did not discuss any such argument, and the Court interprets Defendant's statement in its response to Plaintiff's Objections to mean that Defendant does not move to dismiss on this ground.

PAGE 3 – ORDER

form with its disclosure form. Finally, Plaintiff argues that Judge You should have found that the disclosure and authorization forms presented to Plaintiff were improperly presented together and as part of a job application or employee manual.

### 1. Characterizing Law

Plaintiff argues first that Judge You mischaracterized the applicable law on the FCRA's disclosure requirement. The Court disagrees. Judge You properly characterized the requirements of the FCRA, including by case law for examples of FCRA's application. Plaintiff also argues that Defendant's disclosure is "replete" with extraneous statements, which Judge You simply ignored. Again, the Court disagrees. Judge You reproduced the text of Defendant's disclosure, discussed case law analyzing what information may be appropriately included in such disclosures, and then concluded that Defendant's disclosure did not contain improper or extraneous information.

### 2. Including Investigative Report Information

Plaintiff also objects to the F&R's conclusion that information in Defendant's disclosure about *investigative* consumer reports, which are different from general consumer reports, did not "overshadow" the consumer report disclosure. Specifically, Plaintiff argues that Judge You ignores an FTC advisory opinion, *Willner*. Advisory Opinion to Willner, Federal Trade Commission (March 25, 1999), available at https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99. Defendant's disclosure does differ from that recommended by the FTC in *Willner*, in that it mentions both reports in the same, initial, disclosure, and then does not distinguish between regular and investigative consumer reports or state whether the information subsequently provided applies to only one or the other. Nonetheless, as Judge You concluded, Defendant's disclosure in this case is consistent with the *Willner* opinion's guidance. The first sentence sets out a consumer report disclosure, and there is

no further mention of the nature or scope of a potential investigative report. Rather, the next mention of an investigative report comes in the final paragraph, which states: "If GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed." This sentence in fact emphasizes to the reader that this disclosure is *not* in itself an investigative report disclosure. Thus, the Section 1681b disclosure is not overshadowed by the limited Section 1681d disclosure.

### 3. Authorization Form

Plaintiff also argues that the F&R fails to address Plaintiff's argument about the alleged impropriety of Defendant's authorization form. Although Plaintiff does allege that, *as a result of the violation of the FCRA's disclosure requirements*, "Plaintiff was unable to meaningfully evaluate and understand the nature of the report [Defendant] intended to obtain," Plaintiff's Complaint does not assert a violation of Section 1861b(b)(2)(A)(ii), which requires authorization.

Furthermore, Plaintiff argues that the authorization form was unlawful because it was "riddled with extraneous information." But Section 1681b(b)(2)(A) does not require that an authorization consist solely of the authorization, as it does for the disclosure. *Compare* 15 U.S.C. § 1681b(b)(2)(A)(i) *with* (b)(2)(A)(ii). Plaintiff cites on *Syed v. M-I, LLC*, 853 F.3d 492, 502 (9th Cir. 2017), in which the Ninth Circuit stated:

> M-I also argues that the statute contains an *explicit* exception allowing for the inclusion of a liability waiver, positing that a liability waiver is one type of authorization. But we need not speculate about how broadly Congress intended us to read the term "authorization," because Congress told us exactly what it meant when it described the authorization as encompassing only "the procurement of [a consumer] report." 15 U.S.C. § 1681b(b)(2)(A)(ii). . . . We thus reject M-I's argument that the statute somehow explicitly permits the inclusion of a liability waiver on the disclosure document.

*Syed*, 853 F.3d at 502.

Taking the first sentence out of its context, Plaintiff relies on the court's reference to an authorization "encompassing *only* the procurement of a consumer report." *Id.* (alteration and quotation marks omitted). This, however, was written in the context of discussing what information, aside from a disclosure itself, would be permissible on a Section 1681b(b)(2)(A)(i) disclosure. The Ninth Circuit found that subsection (ii) made an exception to the requirement in subsection (i) for an authorization to procure a consumer report. The parties in *Syed* disputed the breadth of the term "authorization" for these purposes, because the defendant had included a liability waiver in the subsection (ii) disclosure. The court found that this waiver was not an "authorization" within the meaning of subsection (ii), and thus its inclusion in the subsection (i) disclosure rendered the disclosure improper. The Ninth Circuit did not, as Plaintiff suggests, hold that an authorization may contain *only* an authorization for the procurement of a credit report. Thus, Plaintiff's assertion, not contained in his Complaint, that the authorization contained extraneous information, nonetheless fails to state a claim for a violation of section (b)(2)(A)(ii).

### 4. Presenting Documents Together

Plaintiff also argues that the disclosure and authorization form violate the FCRA because they "should be read jointly as having been improperly included together in [Defendant's] job application." Plaintiff cites *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 633 (E.D. Va. 2016), which quoted a legislative report stating that "an employer could not make the disclosure in either a job application or an employee manual." The disclosure in this case, however, was in a document separate from a job application or employee manual. Plaintiff does not dispute this fact. Rather, Plaintiff argues that the disclosure and authorization should be *read* jointly as having been improperly included together in Defendant's job application.

Plaintiff relies on *Speer v. Whole Food Mkt. Grp., Inc.*, 2015 WL 1456981, at *3 (M.D. Fla. Mar. 30, 2015), for holding that "if both the disclosure and the consent forms combined and read as one document with the waiver and release included simultaneously with the disclosure, the complaint states a claim for relief." *Id*. (emphasis added). Plaintiff fails to note, however, relevant surrounding facts in *Speer*: in that case, the plaintiff had specifically alleged that the disclosure and consent (waiver) form "were in fact one document or application that was read and signed by the applicant at the same time." *Id*. Noting case law holding that a disclosure document that includes, *in the same document*, a waiver or release of rights violates the FCRA, the court concluded that Plaintiff alleged sufficient facts to survive a motion to dismiss. The defendant asked the court to consider that the documents were actually free-standing, but the court decided that it could not consider facts outside the complaint or its attachments, and based its decision on the plaintiff's allegation, and reasonable inferences from it, suggesting that the disclosure and waiver were in fact the same document.

In this case, Plaintiff's Complaint references the relevant documents, and Defendant introduced them into the record. Judge You took judicial notice of those documents, *see* ECF 38 at 2, note 1, and Plaintiff does not object to the Court taking judicial notice. Thus, apparently unlike the court in *Speer*, the Court has before it the disclosure and the authorization, which appear as two separate documents, and not as part of Defendant's job application. *Speer*, properly understood, does not support Plaintiff's argument that the court should nonetheless "read them" as being joined and included in Defendant's job application. The Court therefore agrees with Judge You's finding that presenting the disclosure with other employment documents did not destroy the stand-alone character of the disclosure.

## B. Count II: Pre-Adverse Action Notice

Plaintiff also objects to the F&R's findings with respect to Plaintiff's second claim, relating to pre-adverse action notice.

### 1. Article III Standing

Plaintiff objects to the F&R's conclusion that Plaintiff lacks standing to bring Count Two under Article III of the U.S. Constitution. "To satisfy Article III standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017) (alteration and quotation marks omitted). Injury in fact, in turn, is established where a Plaintiff "suffer[s] an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. (quotation marks omitted).

In the context of an alleged statutory violation, "[a] plaintiff who alleges a 'bare procedural violation' . . . fails to satisfy Article III's injury-in-fact requirement." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). In evaluating a claim under the FCRA, the Court must ask: "(1) whether the statutory provisions at issue were established to protect [Plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017).

With respect to disclosure claims, Section 1681b(b)(2)(A) "creates a right to information" and a "right to privacy." *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017). "By providing a private cause of action for violations of Section 1681b(b)(2)(A), Congress has recognized the harm such violations cause, thereby articulating a chain of causation that will give rise to a case

PAGE 8 – ORDER

or controversy." *Id*. (quotation marks omitted). This Court has previously held that by alleging informational injury due to a failure to provide required disclosures under FCRA, a plaintiff adequately alleges concrete harm. *See Demmings v. KKW Trucking, Inc.*, 2017 WL 1170856, at *10 (D. Or. Mar. 29, 2017). By similar reasoning, the Court concludes that Plaintiff has Article III standing to bring his pre-adverse action notice claim.

Section 1681b(b)(3) provides:

> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

15 U.S.C. § 1681b(b)(3). Plaintiff alleges that he was not provided with an accurate description of his rights under FCRA, and that as a result he was harmed because he was not given the chance to discuss the contents of the report with Defendant. Plaintiff explains in briefing, and the Court concludes that it is reasonable under *Syed* to infer, that had Plaintiff been properly notified, he would have explained to Defendant that he had paid his debt to society.

The Court rejects Defendant's argument that Plaintiff lacks standing because he frames the issue as having no opportunity to discuss the report, "including any *accurate* negative items," with Defendant. As an initial matter, Plaintiff has alleged that his report contained "inaccurate and erroneous information." ECF 1 at ¶22. Furthermore, Congress did not condition the protections in the FCRA on the accuracy or inaccuracy of the information contained in the consumer report. *See* 15 U.S.C. §§ 1681b(b)(2)(B), (b)(3)(B); *see also Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 638 (E.D. Va. 2016) ("Even if all of the subclass members' consumer

reports were entirely correct . . . the sub-class members were deprived of the opportunity to explain any negative records in their consumer reports and discuss the issues raised in their reports with Defendants before suffering adverse employment action."). The right at issue is simply a right to pre-adverse action notice—an informational right—it does not depend on whether that adverse action is based on accurate or false information.

The Court is also unpersuaded by Defendant's argument that because Plaintiff declined to participate in the process to which he *was* directed, Plaintiff cannot establish Article III standing. Plaintiff alleges that Defendant's pre-adverse action notice was defective under the FCRA and that, as a result, Plaintiff was not able meaningfully to respond to the report and its contents as he was entitled to under the FCRA. Although Plaintiff does not, as he does in Count One, specifically allege that he was confused about what to do, it is reasonable to infer from Plaintiff's Complaint that, to the extent Defendant violated § 1861b(b)(3)(A), Defendant was harmed because he did not receive required information about, and was prevented from taking part in, the proper route for addressing issues in a pre-employment consumer report. Without, at this stage, reaching the merits of Plaintiff's allegations, the Court concludes that Plaintiff has Article III standing because, to the extent his allegations actually state a claim for violation of FCRA, Plaintiff has also alleged particularized and concrete injury stemming from those violations. *See Robins v. Spokeo, Inc.*, 742 F.3d 409, 414 (9th Cir. 2014), *vacated and remanded on other grounds*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016) ("Because standing is the only question before us . . . [w]e do not decide . . . whether Spokeo qualifies as a consumer reporting agency or whether Spokeo actually violated the FCRA.").

**2. Merits**

Plaintiff also objects to the F&R's findings with respect to the merits of Plaintiff's pre-adverse action notice claim. Plaintiff argues that Defendant violates the FCRA by relying on a

third party to handle adverse action discussions. As Judge You found, however, Defendant simply has not cited any FCRA provision (and the Court is aware of none) supporting Plaintiff's argument that his pre-adverse action notice was required to include information about contacting his current or future employer.

Furthermore, even assuming that the purpose of the provision requiring pre-adverse action notice is, as Plaintiff argues, to allow consumers to discuss the report with *employers only*, and *not* with designated agents, this does not support Plaintiff's argument that the notice itself must instruct a consumer on how, precisely, to contact that employer. As Judge You noted, the FTC advisory opinion that Plaintiff relies on, *Coffey*, discusses the timeline between when a pre-adverse action notice is sent and when the adverse action may be taken, suggesting that the purpose of the provision requiring notice is to allow *time* for a consumer to contact the employer before the adverse action is taken. Plaintiff cites to no provision of the FCRA or persuasive case law suggesting that Defendant's notice was deficient by not informing Plaintiff that he could contact Defendant directly, or the date by which he must do so.

## CONCLUSION

Judge You's F&R is adopted in part, as supplemented herein. With respect to the issue of Plaintiff's Article III standing to bring his § 1861b(b)(3) claim, the court declines to adopt that portion of the F&R. Defendant's motion to dismiss (ECF 24) is GRANTED, and Plaintiff's Complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED this 21st day of June, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge