UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br>v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>                             Defendant. | Case No. 3:17-cv-01791-YY<br><br>**JOINT STATUS REPORT AND REQUEST FOR STATUS CONFERENCE** |

The Parties, Plaintiff Daniel Walker ("Plaintiff" or "Walker") and Defendant Fred Meyer, Inc. ("Defendant" or "Fred Meyer"), submit this Joint Status Report and Request for Status Conference and state as follows:

Plaintiff filed this alleged class action on November 8, 2017 challenging Fred Meyer's alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA")—specifically the FCRA's background check rules. On December 28, 2017, Fred Meyer moved to dismiss. (Dkt. 24.) On February 9, 2018 the Parties filed their Proposed Joint Case Management Statement, which the Court adopted on February 12, 2018. (Dkts. 31, 32.) On May 7, 2018, the Court issued its Findings & Recommendation and recommended that the Motion to Dismiss be granted. (Dkt. 38.) Plaintiff filed objections to the Findings & Recommendation on May 21, 2018. (Dkt. 40.) On June 21, 2018, the Court adopted in part and supplemented the Findings & Recommendations and dismissed Plaintiff's Complaint with prejudice. (Dkt. 47.) Plaintiff filed his Notice of Appeal on July 19, 2018. (Dkt. 49.)

On March 23, 2020, the Ninth Circuit issued its Opinion, which Affirmed in part, Reversed in Part, and Remanded. (Dkt. 52.) Specifically, the Ninth Circuit reversed the dismissal of Plaintiff's claim under 15 U.S.C. §1681b(b)(2)(A)—the "disclosure claim"—and held that Defendant's background check disclosure form violated the FCRA's "standalone disclosure requirement," affirmed the dismissal of Plaintiff's 15 U.S.C. §1681b(b)(3)(A)—the "pre-adverse action notice claim," and remanded for the district court's consideration of whether Defendant's disclosure form violated 15 U.S.C. §1681b(b)(2)(A)'s "clear and conspicuous" requirement. The Mandate was issued on April 13, 2020. (Dkt. 53.)

The Parties have recently met-and-conferred regarding how the case should proceed and set forth their respective views below. The Parties also request that the Court convene a Status Conference to discuss the Parties' respective positions.

**Plaintiff's Position**:

From Plaintiff's perspective, the Court should establish a schedule that allows for a reasonable period for discovery and a subsequent briefing schedule for Plaintiff's motion for class certification. Plaintiff served his first set of discovery requests on January 31, 2018, shortly after the briefing on Defendant's Motion to Dismiss was completed. Defendant served responses and objections to those discovery requests on March 30, 2018. After the Ninth's Circuit Opinion, Plaintiff served a discovery dispute letter on April 22, 2020 regarding deficiencies in Defendant's responses to Plaintiff's first set of discovery requests and the Parties will meet-and-confer on those issues within the next couple of weeks.

Once the discovery dispute process on Plaintiff's first set of discovery requests is completed, any necessary involvement by the Court in the discovery dispute has been completed, any subsequent discovery requests are served and responded to, and any necessary depositions are

2

completed, Plaintiff will move for class certification. Plaintiff believes that establishing a deadline in October 2020 to move for class certification is appropriate and would afford the Parties sufficient time to complete discovery and brief class certification on a fulsome record.

Once the Court rules on Plaintiff's motion for class certification, Plaintiff proposes that the Court establish a subsequent case management conference to establish deadlines for the remainder of the case, including dispositive motion deadlines, pre-trial, and trial. Indeed, the deadline to file all dispositive motions should be set at a time after the Court has ruled on the issue of class certification so as to avoid issues related to the one-way intervention rule. *See Gessele v. Jack in the Box, Inc.,* No. C10–0960, 2012 WL 3686274, at *3 (D. Or. Aug. 24, 2012) (quotations omitted); *Vander Luitgaren v. Sun Life Assur. Co. of Canada*, 966 F. Supp. 2d 59, n.1 (D. Mass. 2012), *on reconsideration*, No. CIV.A. 09-11410-FDS, 2013 WL 4058916 (D. Mass. Aug. 9, 2013), *aff'd*, 765 F.3d 59 (1st Cir. 2014) ("As a general rule, the question of whether a class will be certified should be resolved before the merits of an action are decided.").

In sum, the remaining merits issues in the case (whether Fred Meyer violated the "clear and conspicuous disclosure" requirement in addition to the "standalone disclosure" requirement, and whether Fred Meyer's violations were willful) should be reserved for a time after a reasonable period of discovery and a ruling on class certification. Front-loading the remaining issues would preclude Plaintiff, but not Defendant, from moving for summary judgment because the one-way intervention rule bars granting class certification after the merits have already been decided in Plaintiff's favor.

**Defendant's Position**:

From Defendant's perspective, all discovery should be stayed pending briefing on the issue of whether its actions were "willful" in accordance with *Safeco Ins. Co. of Am. v. Burr,* 551 U.S.

3

47, 69 (2007). That single issue can be decided as a matter of law upon a dispositive motion by the Defendant, absent any further discovery by either party. The Court's ruling on that single issue will substantially impact whether or not class claims are appropriate in this case.

Should the court address the issue of willfulness at this stage, the Parties will not be required to undergo costly class-wide discovery over the next six (6) months that could potentially be avoided by motion practice. For those reasons and consistent with the following precedent, the Defendant requests that class wide discovery be stayed pending briefing and a ruling from the Court on alleged willfulness of its actions.

### A.    The Issue of Willfulness Can Be Decided As A Matter of Law Absent Any Additional Discovery.

Whether the Defendant acted "willfully," is appropriately decided as a matter of law. See *Safeco supra*. In the wake of *Safeco*, courts have routinely determined that the question of whether a violation of the FCRA was willful or negligent can be determined as a matter of law. See e.g. *Van Straaten v. Shell Oil Prods. Co.*, 678 F.3d 486, 490-01 (7th Cir. 2012) (stating that the Safeco Court "treated willfulness as a question of law"); *Kirchner v. Shred-it USA, Inc.*, 2014 U.S. Dist. LEXIS 164940, at *4-5 (E.D. Cal. 2014) ("Safeco's analysis strongly suggests that the issue of whether a defendant's reading of the FCRA was 'objectively unreasonable' is a question of law.").

Furthermore, courts in this Circuit have regularly held that class certification is inappropriate where the Court determines as a matter of law, that the Defendant has not acted "willfully" in its interpretation of the FCRA's legal requirements.

For example, in *Moreland v. Corelogic Saferent LLC*, 2015 U.S. Dist. LEXIS 192005 (C.D. Cal) the Court granted the defendant consumer reporting agency's motion for summary judgment on the issue of willfulness, finding that the defendant's purported violations were only negligent. Later in the same opinion, when analyzing the issue of class certification, the *Moreland* court

4

found that because the defendant was entitled to summary judgment on the issue of willfulness, a class could not be certified because without a willful violation, the plaintiff could not satisfy rule 23's "commonality" and "predominance" requirements.

*Moreland* supports the majority rule among district courts in the Ninth Circuit. See also *Newton v. Bank of Am., Nat'l Ass'n*, 2015 U.S. Dist. LEXIS 62930 (C.D. Cal.) (granting summary judgment on the issue of willfulness and determining that the issue of class certification was moot as a result); *Price v. Lucky Strike Entm't, Inc*., 2007 U.S. Dist. LEXIS 96072 (C.D. Cal.) (class certification denied in part because defendant's alleged FCRA violation was not willful and thus liability would require individual factual assessments inappropriate for class treatment); *Azoiani v. Love's Travel Stops & Country Stores, Inc*., 2007 U.S. Dist. LEXIS 96159 (C.D. Cal.) (same); and *Torossian v. Vitamin Shoppe Indus*., 2007 U.S. Dist. LEXIS 81961 (C.D. Cal. Aug. 7, 2007) (same).

### B. The One-Way Intervention Rule Does Not Prohibit Defendant From Waiving Its Right To File A Dispositive Motion On The Issue of Willfulness.

The one-way intervention rule does not prohibit Defendant from filing a dispositive motion, given that the rule exists exclusively for the protection of the Defendant. For example, in *Gessele v. Jack in the Box, Inc*., 2012 U.S. Dist. LEXIS 120377, at *2 (D. Or. Aug. 24, 2012), the court explained, "only the defendant, and not the plaintiffs, can waive the right to class certification prior to dispositive motions. . . ." *Id*. at *4. Indeed, "by filing a motion for summary judgment prior to class certification, the defendant accepts the potential unfairness of one-way intervention." *Id.* at *7.

Moreover, courts in the Ninth Circuit have repeatedly taken the position that defendants may waive their right to class certification prior to dispositive motions. See *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (holding that the "proper approach" to the one-way intervention rule

5

is to permit "a defendant [to] waive the protection afforded by an early ruling on class certification"); *Flo & Eddie, Inc. v. Sirius XM* Radio, Inc., 2015 U.S. Dist. LEXIS 98656, at *11-12 (C.D. Cal. May 27, 2015) (". . . because the one-way intervention rule is designed to protect defendants, most courts recognize that defendants can waive its protections."). As expressed by the *Flo & Eddie, Inc.*:

> In the Ninth Circuit, it is uncontroversial for courts to permit defendants to move for a judgment on the merits prior to class certification because, in doing so, defendants affirmatively accept that the resulting judgment will only bind the parties at bar and will leave defendants vulnerable to additional lawsuits.

2015 U.S. Dist. LEXIS 98656, at *11.

See also *Wright*, 742 F.2d 541(9th Cir. 1984) ("[w]here the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first"). Moreover, as the Ninth Circuit explained in *Schwarzschild v. Tse*, "when the defendant himself moves for summary judgment before a decision on class certification. . . '[it] assume[s] the risk that a judgment in [its] favor will not protect [it] from subsequent suits by other potential class members, for only the slender reed of stare decisis stands between [it] and the prospective onrush of litigants.'" 69 F.3d 293, 297 (9th Cir. 1995).

Here Defendant is knowingly and voluntarily willing to waive its right to the one-way intervention rule in order to potentially avoid six (6) months of costly class-wide discovery which it believes may be altogether avoided by the Court ruling on the sole issue of "willfulness" as a matter of law. For this reason, Defendant requests that discovery be stayed and that the Court set a briefing schedule for a dispositive motion on the willfulness issue.

### C. Practicality and Judicial Economy Support Ruling On The Willfulness Argument Prior to Additional Discovery and A Motion For Class Certification.

District courts have considerable discretion to make rulings on the merits prior to deciding class certification issue. *Wright v. Schock, supra* at 543-44. Specifically, Fed. R. Civ. P. 23(c)(1), calls upon judges "to weigh the particular circumstances of particular cases and decide concretely what will work" and "leaves much room for discretion." *Id.*

*Wright* stands for the proposition that, under the proper circumstances – "where it is more practicable to do so and where the parties will not suffer significant prejudice" – the district court has discretion to rule on a motion for summary judgment before it decides the certification issue. *Id.* In *Wright*, the district court expressed concern about the considerable time and expense that would likely be involved in preparing to try all of the Plaintiffs' claims against defendants. The record also suggested a concern that extensive discovery might be necessary on the class certification issue itself. On the other hand, the threshold issues on the merits could be resolved on motions for summary judgment. Accordingly, the Ninth Circuit agreed, "[i]t is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation." *Id.*

As described in Section A (above), the Court's ruling on the issue of "willfulness" as a matter of law will likely determine whether statutory damages are available consistent with 15 U.S.C. §1681n, and thus whether or not this case is appropriate for class treatment or not. Given that the issue can be decided without further discovery by either Party, the ruling on the issue is not prejudicial to the Plaintiff. In fact, it would only be prejudicial for the Defendant to be required to complete an additional six (6) months of class-wide discovery before the Court rules on the same dispositive motion that it can be ready to file in the next thirty (30) days.

Given the wide latitude that the Court has to consider dispositive motions prior to class discovery or certification, and the substantial impact that ruling may have on class certification and discovery in this case, a ruling from the Court on this issue of willfulness at this juncture will greatly streamline the case and result in overall judicial economy. For this additional reason, Defendant requests that discovery be stayed and a briefing schedule on the issue of willfulness be set.

Dated: May 1, 2020                              Respectfully submitted,

/s/ Patrick H. Peluso

Steven L. Woodrow
swoodrow@woodrowpeluso.com
Patrick H. Peluso
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
Main: 720-213-0675
Fax: 303-927-0809

**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com

Dated: May 1, 2020                              Respectfully submitted,

*/s/Faith C. Whittaker*
Faith C. Whittaker
Ohio State Bar No. 0082486
faith.whittaker@dinsmore.com

Michael B. Mattingly
Ohio State Bar No. 0089847
michael.mattingly@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio  45202
T:  (513) 977-8200 / F:  (513) 977-8141

Michael Porter
Oregon State Bar No. 003560
mike.porter@millernash.com
Taylor D. Richman
Oregon State Bar No. 154086
taylor.richman@millernash.com
MILLER NASH GRAHAM & DUNN LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon  97204
T:  (503) 224-5858 / F:  (503) 224-0155

*Attorneys for Defendant-Appellee*
*Fred Meyer, Inc.*

## **CERTIFICATE OF SERVICE**

  I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on May 1, 2020.

                */s/ Patrick H. Peluso*