**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**Taylor D. Richman**, OSB No. 154086
taylor.richman@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

**Faith C. Whittaker**, Ohio State Bar No. 0082486
(*admitted pro hac vice*)
faith.whittaker@dinsmore.com
**Michael B. Mattingly**, Ohio State Bar No. 0089847
(*admitted pro hac vice*)
michael.mattingly@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio  45202
Telephone:  (513) 977-8397
Facsimile:  (513) 977-8141

        Attorneys for Defendant
        Fred Meyer, Inc.


## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>            Defendant. | CV No. 3:17-cv-01791-YY<br><br>DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT<br>(Under Fed. R. Civ. P. 56) |

Page i -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

# TABLE OF CONTENTS

Page

L.R. 7-1 CERTIFICATE ................................................................................................ 1

L.R. 7-2 CERTIFICATION ........................................................................................... 1

MOTION ....................................................................................................................... 1

I.      INTRODUCTION ............................................................................................... 2

II.     BACKGROUND .................................................................................................. 3

III.    ARGUMENT ....................................................................................................... 8

        A.      Legal Standard ......................................................................................... 8

        B.      The Disclosure is "Clear and Conspicuous" as Required by
                15 U.S.C. § 1681b(b)(2)(a)(i) ................................................................. 9

                1.      The Disclosure is Clear ................................................................ 9

                2.      The Disclosure is Conspicuous ................................................. 11

        C.      Fred Meyer's Inclusion of a Modicum of Extraneous Information in the
                Disclosure Does Not Constitute a Willful Breach of the Statute ......... 12

                1.      The Prior Rulings in this Case from this Court and the Ninth
                        Circuit Support the Fact that Fred Meyer Acted in Good Faith and
                        Never Recklessly Disregarded the Act's Requirements ............ 13

                2.      Fred Meyer's Interpretation of the FCRA was not Objectively
                        Unreasonable in Light of Contemporaneous Case Law at the Time
                        Plaintiff Received the Disclosure ............................................... 15

                3.      Fred Meyer's Interpretation of the FCRA Was Not Objectively
                        Unreasonable Based on Contemporaneous FTC Opinions ...... 19

                4.      The Ninth Circuit's Ruling in This Matter Conclusively
                        Demonstrates that the Statutory Text of the FCRA is Sufficiently
                        Ambiguous to Hold that Fred Meyer's Violation of the Statute Was
                        Not Willful as a Matter of Law ................................................. 21

IV.     CONCLUSION ................................................................................................. 21

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Case v. Hertz Corp.*,
    2016 U.S. Dist. LEXIS 41210, 2016 WL 1169197 (N.D. Cal., Feb. 26, 2016) ..................... 15

*Feist v. Petco Animal Supplies, Inc.*,
    218 F. Supp.3d 1112 (S.D. Cal. 2016) .................................................................................. 16

*Gilberg v. Cal. Check Cashing Stores, LLC*,
    913 F.3d 1169 (9th Cir. Jan. 29, 2019) ......................................................................... *passim*

*Lagos v. Leland Stanford Junior Univ.*,
    2015 U.S. Dist. LEXIS 163119 (N.D. Cal., Dec. 4, 2015) ............................................. 16, 19

*Mitchell v. Winco Foods, LLC*,
    379 F. Supp. 3d 1093 (D. Idaho 2019) ....................................................................... 8, 10, 13

*Moreland v. Corelogic Saferent LLC*,
    2015 U.S. Dist. LEXIS 192005 (C.D. Cal.) ......................................................................... 12

*Rubio v. Capital One Bank*,
    613 F.3d 1195 (9th Cir. 2010) ......................................................................................... 9, 10

*Safeco Ins. Co. of Am. v. Burr*,
    551 U.S. 47 (2007) .............................................................................................. 8, 12, 13, 19

*Shelton v. Hal Hays Constr., Inc.*,
    2016 U.S. Dist. LEXIS 194398 (C.D. Cal., July 29, 2016) .................................................. 16

*Sicilian v. Legacy Health Sys. Group Long-Term Income Supplement Plan*,
    2001 U.S. Dist. LEXIS 74 (D. Or. 2001) ............................................................................... 8

*Snell v. G4S Secure Solutions (USA), Inc.*,
    424 F. Supp. 3d 892 (E.D. Cal. 2019) .................................................................................. 11

*Syed v. M-I, LLC*,
    853 F.3d 492 (9th Cir. 2017) ........................................................................................... 5, 13

*Walker v. Fred Meyer, Inc.*,
    953 F.3d 1082 (9th Cir. Mar. 23, 2020) ....................................................................... *passim*

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**TABLE OF AUTHORITIES**
**(continued)**

**Statutes**

15 U.S.C. 1681b(b)(2)(a)(i) ..................................................................................12

15 U.S.C. § 1681b(b)(2)(A)(i) ........................................................... *passim*

15 U.S.C. § 1681b(b)(3) ...............................................................................5, 6

15 U.S.C. § 1681n...................................................................................2, 12, 13

15 U.S.C. § 1681o....................................................................................13

Fair Credit Reporting Act ("FCRA")................................................. *passim*

**Other Authorities**

https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98
(last visited June 13, 2020) ..................................................................20

https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99
(last visited June 13, 2020) ..................................................................20

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## L.R. 7-1 CERTIFICATE

Counsel for Defendant, Fred Meyer, Inc. ("Fred Meyer" or "Company"), conferred with counsel for Plaintiff, Daniel Walker ("Mr. Walker"), regarding its Motion for Partial Summary Judgment, but the Parties have been unable to resolve it.

## L.R. 7-2 CERTIFICATION

This memorandum complies with the applicable page limitation described in L.R. 7-2(b) because it does not exceed thirty-five (35) pages, including headings, footnotes, and quotations, and excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

## MOTION

In accordance with Fed. R. Civ. P. 56, Fred Meyer moves this Court for an order granting partial summary judgment. Specifically, Fred Meyer requests the Court to hold that: (i) Fred Meyer's disclosure form was "clear and conspicuous" as a matter of law; and (ii) that Fred Meyer did not act "willfully" as a matter of law in the dissemination of its Fair Credit Reporting Act ("FCRA") disclosure.

In his complaint filed November 8, 2017, Mr. Walker alleges that Fred Meyer willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) of the FCRA, by providing him a disclosure that: (i) was not "clear and conspicuous"; (ii) was "unnecessarily duplicitous"; and (iii) was not a "standalone" document as required by law.

On March 23, 2020, the Ninth Circuit ruled as a matter of law that a small portion of the language included in Fred Meyer's disclosure constituted impermissible extraneous information in violation of the FCRA. Notably, however, the Ninth Circuit did not address whether Fred Meyer's

Page 1 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

disclosure was "clear and conspicuous," or whether Fred Meyer's inclusion of the additional language was "willful," both of which are properly determined as a matter of law.

As set forth in the accompanying memorandum in support, the disclosure disseminated by Fred Meyer is clear and conspicuous as a matter of law. Additionally, Fred Meyer's violation of the FCRA was not "willful" as a matter of law. Accordingly, Fred Meyer respectfully requests that the Court grant partial summary judgment to Fred Meyer on both issues.

## I.      INTRODUCTION

On June 21, 2018, this Court granted Fred Meyer's motion to dismiss all claims filed by Plaintiff Daniel Walker against the Company. (ECF No. 47). On March 23, 2020, the Ninth Circuit issued an opinion affirming the District Court's decision in part, reversing in part, and remanding the case for further proceedings. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082 (9th Cir. Mar. 23, 2020). Based on the Ninth Circuit's ruling, Fred Meyer hereby brings this motion for partial summary judgment, requesting that the Court rule as a matter of law on the following issues:

1.    The FCRA Disclosure Form (hereinafter "Disclosure") presented to Plaintiff during his application for his employment at Fred Meyer was "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(a)(i); and

2.    Fred Meyer's inclusion of extraneous information in the Disclosure as determined by the Ninth Circuit's ruling remanding this matter does not constitute a "willful" violation of the FCRA as defined by 15 U.S.C. § 1681n(a).

Page 2 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## II.    BACKGROUND

The factual background in this case is well known to all parties involved.  However, for the sake of clarity, Fred Meyer produces a thorough, but concise, recitation of the facts relied upon by the Ninth Circuit in ruling on this case:

> In March 2017, Plaintiff-Appellant Daniel Walker ("Walker") applied for a job at one of Defendant-Appellee Fred Meyer Inc.'s ("Fred Meyer") supermarkets. Shortly after submitting his application, Walker was hired—contingent upon satisfactory results on a background check—as an associate at a Fred Meyer store in Portland, Oregon.

> As part of the hiring process, Walker was presented with several disclosure and acknowledgment forms, including two documents concerning an investigation of his background. One of these documents was a Disclosure Regarding Consumer Reports and Investigative Consumer Reports (the "Disclosure"), which informs new hires that Fred Meyer will investigate their background using an employment background reporting company, General Information Services, Inc. ("GIS"). Specifically, this Disclosure, which is the subject of this litigation, consisted of the following paragraphs, followed by a signature line to acknowledge receipt:

>> **We ([t]he Kroger family of companies) will obtain one or more consumer reports or investigative consumer reports (or both) about you for employment purposes. These purposes may include hiring, contract, assignment, promotion, reassignment, and termination. The reports will include information about your character, general reputation, personal characteristics, and mode of living.**

>> **We will obtain these reports through a consumer reporting agency. The consumer reporting agency is General Information Services, Inc. GIS's address is P.O. Box 353, Chapin, SC 29036. GIS's telephone number is (866) 265-4917. GIS's website is at www.geninfo.com.**

>> **To prepare the reports, GIS may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and any other information with public or private information sources.**

>> **You may inspect GIS's files about you (in person, by mail, or by phone) by providing identification to GIS. If you do, GIS will provide you help to understand the files, including communication with**

Page 3 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

> **trained personnel and an explanation of any codes. Another person may accompany you by providing identification.**
>
> **If GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed.**
>
> Several weeks later, GIS sent Walker a letter (the "pre-adverse action notice"), dated April 3, 2017. The letter provided Walker with a copy of the consumer report that GIS had procured about him, explained that Fred Meyer uses such reports "in evaluating individuals for employment as Fred Meyer team members," and notified Walker that Fred Meyer "has or will be completing their review of your application within the next few days, and may take action based on the enclosed report." The letter then informed Walker that he could dispute the accuracy or completeness of the consumer report with GIS directly by filling out a request form within five business days. However, the letter provided no option for or information about discussing the report with Fred Meyer itself.
>
> Five business days later, GIS sent Walker a second letter, dated April 10, 2017, informing him that Fred Meyer had decided, based on the consumer report, not to continue his employment. In the letter, GIS stated that it did not make the decision to terminate Walker's employment, and that it was unable to provide him with an explanation of the decision. Looking for answers, Walker contacted his Human Resources Manager at Fred Meyer, who told him that she was neither aware of the consumer report nor of the fact that Walker's employment was being terminated.
>
> On November 8, 2017, Walker filed a putative class action complaint against Fred Meyer, alleging that Fred Meyer had willfully violated the FCRA by: (1) providing an unclear disclosure form encumbered by extraneous information, in violation of 15 U.S.C. § 1681b(b)(2)(A); and (2) failing to notify Walker in the pre-adverse action notice, in violation of 15 U.S.C. § 1681b(b)(3), that he could discuss the consumer report obtained about him directly with Fred Meyer.

*Walker*, 953 F.3d 1082, at 1084-86.

On May 7, 2018, following oral arguments, the presiding Magistrate Judge issued her Findings and Recommendations, recommending the dismissal of both of Plaintiff's causes of action. (ECF No. 38). The Magistrate's Findings and Recommendations were largely affirmed by the presiding Judge and both of Plaintiff's claims were dismissed on substantive grounds. (*See* ECF No. 47).

Page 4 -   Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

The District Court's decision in this case included two broad-based holdings.  First, the District Court dismissed Plaintiff's claim that the Disclosure violated the FCRA's standalone disclosure.  Specifically, the Court determined that the Disclosure only contained information that was "closely related to the disclosure," and that similar information had already been deemed permissible in accordance with judicial precedent and Federal Trade Commission ("FTC") guidance interpreting the FCRA.  *Id.* at 4.  Second, the District Court held that Fred Meyer was under no obligation to provide Plaintiff with an opportunity to discuss the information contained in his consumer report with the Company directly, as opposed to directing him to the consumer reporting agency that compiled the report.  *Id.* at 10-11.

Plaintiff timely appealed the dismissal of his complaint to the Ninth Circuit Court of Appeals.  (ECF No. 49).  While briefing before the Ninth Circuit in this matter was ongoing, on January 29, 2019, the Ninth Circuit filed its opinion in *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. Jan. 29, 2019).  Therein, the Ninth Circuit held for the first time since its 2017 opinion in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) that *Syed* stood for the more general principle that "the standalone requirement [of the FCRA] forecloses implicit exceptions." *Gilberg*, 913 F.3d at 1176.

In the wake of *Gilberg*, the parties provided limited supplemental briefing on *Gilberg's* impact on the instant case.  Following briefing and oral argument, the Ninth Circuit issued its opinion in this matter on March 23, 2020, affirming the dismissal of Plaintiff's 15 U.S.C. § 1681b(b)(3) pre-adverse action claim, reversing the dismissal of Plaintiff's 15 U.S.C. § 1681b(b)(2)(A)(i) stand-alone disclosure claim, and remanding the case for further

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

consideration by the District Court. Conspicuously, the Ninth Circuit relied heavily on *Gilberg* in reaching its holdings.

With respect to its affirmance of the dismissal of Plaintiff's 15 U.S.C. § 1681b(b)(3) pre-adverse action notice claim, the Ninth Circuit's opinion in this matter rejected Plaintiff's argument that Fred Meyer was required to provide him with the opportunity to discuss the contents of this consumer report directly with the Company, as opposed to GIS, the consumer reporting agency. *See Walker,* 953 F.3d 1082, 1094 ("In short, Walker does not show that, despite the seemingly unambiguous text of the statute, there is precedent that nonetheless requires that a consumer be given an opportunity to discuss his consumer report directly with his employer prior to adverse action.").

In contrast, the Ninth Circuit reversed this Court's ruling that the Disclosure was fully compliant with 15 U.S.C. § 1681b(b)(2)(A)(i)'s requirements, while accepting many of Fred Meyer's arguments and rejecting those of the Plaintiff in the process. For instance, the Ninth Circuit explicitly rejected Plaintiff's claim that the Disclosure violated the FCRA because it mentioned "investigative consumer reports" in conjunction with a disclosure of consumer reports. *Id.* at 1090 ("Because investigative reports are a subcategory or specific type of consumer report, disclosing that an investigative consumer report may be obtained for employment purposes does not violate the FCRA's mandate that nothing be included in the disclosure document other than a 'disclosure . . . that a consumer report will be obtained for employment purposes.'").

The panel further accepted Fred Meyer's argument that, although the FCRA requires a standalone disclosure, the Act fails to define the term "disclosure," thereby requiring additional interpretation to determine what information constitutes a legally permissible disclosure.

Page 6 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

*Id.* at 1089.  Specifically, the panel held, "We now hold that beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,' some concise explanation of what that phrase means may be included as part of the 'disclosure' required by § 1681b(2)(A)(i).").

In trying to better define the contours of what constitutes a "disclosure" under the FCRA, the Ninth Circuit panel in this matter examined the specific language of Fred Meyer's Disclosure to determine whether it was legally permissible in accordance with the FCRA.  Ultimately, the panel determined that the first three (3) paragraphs of the Disclosure, including basic information about the identification of the credit reporting agency used by Fred Meyer and a description of the information that would be assessed, were all permissible under the FCRA's standalone requirement because that information centered on "what type of information may be included in the 'consumer report'" and "what it means to 'obtain' a consumer report"—both of which are acceptable components of a "disclosure" in the absence of a statutory definition.  *Id.* at 1090.

In contrast, the panel determined that the fourth and fifth paragraphs of the Disclosure technically violated the FCRA's stand-alone disclosure requirement, while at the same time expressly acknowledged that Fred Meyer "included [the impermissible] information in good faith" and that the information was "useful information about an applicant's rights to obtain and inspect information." *Id.* Despite the foregoing acknowledgment, the panel found that *Gilberg* "foreclose[d] the district court's interpretation that the FCRA contains an implied exception allowing the inclusion of information that is 'closely related' to the disclosure." *Id. at 1088.*

Finally, despite these holdings, the Ninth Circuit did not address the question of whether the Disclosure was "clear and conspicuous," as required by 15 U.S.C. § 1681b(b)(2)(A)(i).  Instead,

Page 7 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

the panel choose to remand the case to the District Court to rule on the matter in light of the Ninth Circuit's *Gilberg* opinion.  The matter is now back before this Court for further consideration and review.

## III.    ARGUMENT

Upon remand, there are two questions of law that, once ruled upon by the Court, will significantly impact the remainder of the case, including the size and scope of discovery and Plaintiff's efforts to certify a Rule 23 class.  The first question of law focuses on whether or not Fred Meyer's Disclosure is "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(a)(i). The second question of law concerns whether the 15 U.S.C. § 1681b(b)(2)(a)(i) violations identified in the Ninth Circuit's opinion constituted "willful" violations of the FCRA. For the reasons outlined in the following sections, the Court should grant partial summary judgment for Fred Meyer, holding that: (i) the Disclosure is clear and conspicuous; and (ii) Fred Meyer's inclusion of the fourth and fifth paragraphs did not constitute a "willful" violation of the law.

### A.    Legal Standard.

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Sicilian v. Legacy Health Sys. Group Long-Term Income Supplement Plan*, 2001 U.S. Dist. LEXIS 74, *10 (D. Or. 2001).  In this case, there are no material facts with respect to the two issues presented in this partial motion for summary judgment, both of which involve pure questions of law falling squarely within the purview of the Court.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007) (whether the Defendant acted "willfully," is appropriately decided as a matter of law); *Mitchell v. Winco Foods,*

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

*LLC*, 379 F. Supp. 3d 1093, 1099 (D. Idaho 2019) (finding disclosure to be clear and conspicuous as a matter of law).

**B.    The Disclosure is "Clear and Conspicuous" as Required by 15 U.S.C. § 1681b(b)(2)(a)(i).**

The Ninth Circuit has ordered this Court to determine whether or not the Disclosure was "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(a)(i).  *See Walker*, 953 F.3d 1082, 1091.  Although "clear and conspicuous" is a single legal standard that must be satisfied, courts reviewing FCRA disclosures for technical compliance consider each term independently. *See Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1177 (9th Cir. 2019) (Although the "clear and conspicuous" requirement imposes a single statutory obligation, we may analyze each prong separately[] and we do so here.") (citations omitted).   Accordingly, Fred Meyer examines each term separately in the following sections.

**1.    The Disclosure is Clear.**

Per *Gilberg*, a disclosure is "clear," if it is "reasonably understandable."  *Id.* at 1176 (citing *Rubio v. Capital One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010) (interpreting identical language as applied to the Truth In Lending Act)).  Courts analyzing whether language in the context of an FCRA disclosure is "clear" seek to determine whether "the disclosure form contains language that a reasonable person would [] understand."  *See Gilberg*, 913 F.3d 1169, 1177.  To this end, courts examine extraneous content and sentence structure in an effort to determine whether the document as a whole would "confuse a reasonable reader.[]"  *Id.*

Courts examining both the FCRA and the identical language in the Truth and Lending Act have viewed the question of whether a reasonable person would understand a disclosure to be a matter of law.  *See id.* (determining that the defendant's FCRA disclosure was clear as a matter of

Page 9 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

law); *Rubio*, 613 F.3d 1195, 1200 (determining the clarity of a TILA disclosure as a matter of law); *Mitchell v. Winco Foods, LLC*, 379 F. Supp. 3d 1093, 1100 (D. Idaho 2019) (determining as a matter of law that an FCRA disclosure is clear).

Given the foregoing standard, it is evident that the Disclosure is "clear" as a matter of law, because it consists of language that is simple, understandable, and that any "reasonable reader" can understand.   In fact, beyond mere common sense dictating whether or not a form is understandable to the "reasonable reader," the most compelling reason the Court should find that the Disclosure is "clear," is the fact that the Ninth Circuit has already indicated as much during its paragraph-by-paragraph analysis of the form.

For instance, the Ninth Circuit's opinion explains that the Disclosure's first paragraph "provides the required disclosure that consumer reports may be obtained for employment purposes" and "helpfully explains" what employment purposes may include. *Walker*, 953 F.3d 1082, 1090.  Thus, the Disclosure's first paragraph is "clear."  Similarly, the second and third paragraphs contain information regarding the entity that Fred Meyer utilizes to obtain its consumer reports, as well as describes the information to be collected.  Section II, *supra*.  Here again, the Ninth Circuit referred to these paragraphs as "helpful," indicating that their content would be understood by the "reasonable reader."  *Id.*

Similar to the first three paragraphs, the fourth and fifth paragraphs explain very simply that the applicant retains the right to inspect GIS's files and to obtain a complete and accurate explanation of any investigation performed.  The Ninth Circuit described that information as "useful" to the applicant.  *Id.*  Yet again, the descriptions of the Disclosure provided by the Ninth Circuit supports a finding that the Disclosure is "clear" as a matter of law.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

In sum, the language contained in the Disclosure is simple, understandable, and Fred Meyer utilized terms that would allow the "reasonable reader" to comprehend the straightforward ideas and concepts presented in the document.  Because the "reasonable reader" can comprehend the Disclosure, it is "clear" as a matter of law and the Court should hold accordingly.

      **2.**      **The Disclosure is Conspicuous.**

Whereas the "clear" aspect of the statute's "clear and conspicuous" requirement focuses on the substantive content of a disclosure, the "conspicuous" requirement centers on the disclosure's form.  The Ninth Circuit has previously held that "conspicuous" means "readily noticeable to the consumer."  *Gilberg v. Cal. Check Cashing Sores, LLC*, 913 F.3d 1169, 1177 (9th Cir. 2019).  Similarly, courts in this Circuit have considered disclosures' legibility, clarity of headings, and whether reasonable consumers are likely to notice the disclosure, in evaluating whether a particular disclosure is "conspicuous."  *See, e.g., Gilberg v. Cal. Check Cashing Sores, LLC*, 913 F.3d 1169, 1177 (9th Cir. 2019) (finding a disclosure conspicuous and noting that the font was "legible" and "[a]ll relevant information appears on the front of the page"); *Snell v. G4S Secure Solutions (USA), Inc.*, 424 F. Supp. 3d 892, 903 (E.D. Cal. 2019) (finding FCRA disclosure to be conspicuous because font was legible and title was visible such that "[Plaintiff] could see what he was signing").

In light of this standard, it is apparent that the Disclosure is "conspicuous" as a matter of law.  Notably, the Disclosure's title is centered on the page with all words capitalized and clearly identifying that an applicant is signing a "Disclosure Regarding Consumer Reports and Investigative Consumer Reports." (ECF No. 24-3; Ex. C to Defendant's Motion to Dismiss).  Furthermore, the font of the disclosure is legible and of appropriate size.  Finally, the Disclosure is contained on one side of a single sheet of paper.

Page 11 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

In light of these facts and the foregoing case law, no reasonable person could review either the formatting or layout of the single sheet Disclosure and fail to notice its content. Accordingly, the Disclosure is "conspicuous" as required by 15 U.S.C. 1681b(b)(2)(a)(i) and thus, the Court should grant Fred Meyer's motion for partial summary judgment on this issue.

**C.    Fred Meyer's Inclusion of a Modicum of Extraneous Information in the Disclosure Does Not Constitute a Willful Breach of the Statute.**

Fred Meyer concedes that the Ninth Circuit has determined that the Disclosure's inclusion of the fourth and fifth paragraphs violated the FCRA's "standalone disclosure requirement." Despite that, the Ninth Circuit did not address the issue of whether or not Fred Meyer's violation was "willful" as defined by the FCRA and interpreted by the U.S. Supreme Court, as opposed to merely negligent. Resolution of that issue on summary judgement is of paramount importance, in light of its impact on class certification and damages in this case.[1]

Pursuant to the FCRA, statutory damages are only available where a defendant "willfully fails to comply with any requirement imposed." 15 U.S.C. § 1681n(a). As the U.S. Supreme Court has determined as a matter of law in the context of FCRA litigation, a defendant acts willfully where it knowingly or recklessly fails to comply with an FCRA requirement. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).

---

[1] Whether Fred Meyer's FCRA violation was willful necessarily has significant impact on Plaintiff's ability to certify a Rule 23 class action in this case. If Fred Meyer's statutory violation is found to be negligent (as opposed to willful), each individual class member would be required to prove his or her actual damages, significantly undercutting the viability of a Rule 23 class in this matter. Courts in this Circuit have routinely found that class certification is inappropriate in the absence of a willful violation. *See e.g. Moreland v. Corelogic Saferent LLC*, 2015 U.S. Dist. LEXIS 192005 (C.D. Cal.)(finding that because the defendant was entitled to summary judgment on the issue of willfulness, a class could not be certified because without a willful violation, the plaintiff could not satisfy Rule 23's "commonality" and "predominance" requirements).

Page 12 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

In *Safeco*, the Supreme Court defined the circumstances under which a defendant does, or does not, act willfully as follows:

> A company subject to FCRA does not act in reckless disregard of [the Act] unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

*Id.* at 69.

Thus, to obtain statutory damages per § 1681n(a), the Plaintiff must plausibly allege that any erroneous interpretation relied upon by Fred Meyer was "objectively unreasonable" in light of: (i) existing guidance from the judiciary; (ii) guidance from the Federal Trade Commission; and (iii) the clarity of the statutory text. *Mitchell v. Winco Foods, LLC*, 379 F. Supp. 3d 1093, 1101 (D. Idaho 2019).

Put another way, mere negligence in Fred Meyer's interpretation of the FCRA is insufficient to prove a "willful" violation of the FCRA occurred. *Syed v. M-I, LLC*, 853 F.3d 492, 505 (9th Cir. 2017). As a result, if the Court determines as a matter of law that Fred Meyer negligently failed to comply with the FCRA (as opposed to willfully failed to comply), the Plaintiff may only recover actual damages along with attorney's fees and costs in accordance with 15 U.S.C. § 1681o, as opposed to statutory damages per 15 U.S.C. § 1681n.

1.    **The Prior Rulings in this Case from this Court and the Ninth Circuit Support the Fact that Fred Meyer Acted in Good Faith and Never Recklessly Disregarded the Act's Requirements.**

As an initial matter, even before turning to the factors identified in *Mitchell* as dispositive of whether Fred Meyer's interpretation of the FCRA was reasonable at the time the disclosure was drafted and delivered, the Ninth Circuit's opinion in this case directly supports a finding that Fred Meyer's violation of the statute was not willful. The panel held that the superfluous language

Page 13 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

included in the Disclosure's fourth and fifth paragraphs were likely added by Fred Meyer, not as an effort to avoid or run afoul of any obligations under the FCRA, but as a genuine, "good-faith" effort to provide employment applicants with information that would help them understand their rights under the statute. Specifically, the Ninth Circuit held that

> [t]hese paragraphs appear to have been included in order to provide additional useful information about an applicant's rights to obtain and inspect information about GIS' investigation of, and file about, the applicant.

*Walker*, 953 F.3d 1082, 1090 (Emphasis Added). The Court further articulated that "[the Court] understand[s] Fred Meyer's reason for providing this information to job applicants[.]" *Id.*

The Ninth Circuit's express recognition of the Company's "good faith" inclusion of the information, as well as its understanding of why Fred Meyer believed the Disclosure's fourth and fifth paragraphs were appropriate, serves as yet another substantial reason why this Court should find that Fred Meyer did not willfully violate the FCRA as a matter of law.

Beyond that, Fred Meyer cannot reasonably be said to have applied an "unreasonable" or "reckless" reading of the statute's terms given that this Court *agreed with that reading* in its initial Order dismissing Plaintiff's claims. At the time this Court issued its ruling, it did not have the benefit of the *Gilberg* opinion, and appropriately held that some helpful or useful information can be included in an FCRA disclosure based on the then-existing case law and FTC guidance as well as reasonable statutory interpretation—the very same information that Fred Meyer was entitled to rely upon when drafting the Disclosure. Accordingly, the fact that this Court reached the same conclusion as Fred Meyer regarding the admissibility of helpful, clear, conspicuous language included with an FCRA disclosure further warrants the grant of summary judgment to Fred Meyer on the issue of willfulness.

Page 14 -   Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Thus, because Fred Meyer never engaged in a "willful" or "reckless" misreading of the FCRA, the Company's partial motion for summary judgment on the issue of willfulness should be granted.

**2.    Fred Meyer's Interpretation of the FCRA was not Objectively Unreasonable in Light of Contemporaneous Case Law at the Time Plaintiff Received the Disclosure.**

Fred Meyer's promulgation of the Disclosure cannot be adjudged to be a "willful" violation of the Act given the state of then-existing case law at the time the Disclosure was presented to Plaintiff.  As a threshold matter, it is beyond dispute that neither Congress nor any administrative body tasked with overseeing the FCRA has ever produced a sample disclosure form, despite years of litigation over the proper scope of a disclosure.  Rather, defendants such as Fred Meyer are, as is the case here, left to rely on often conflicting judicial precedent and dated FTC opinions in an effort to divine what constitutes too much, or too little information in a 15 U.S.C. § 1681b(b)(2)(A)(i) disclosure.  To that end, Fred Meyer was permitted to rely on then-existing judicial precedent from courts within this Circuit as the proper backdrop for its efforts at creating a legally compliant form.  Based on then-existing precedent alone, the violations identified by the Ninth Circuit in this matter cannot be considered "willful" as a matter of law.

In fact, at the time of Plaintiff's application on May 17, 2017, very different judicial precedent existed regarding the scope and breadth of permissible FCRA disclosures.  For instance, prior to his application, numerous district courts within this Circuit had held that some extraneous information could be included within an FCRA disclosure, so long as that information (i) furthered the FCRA's purpose; or (ii) was closely related to the FCRA disclosure.  *See, e.g.*, *Case v. Hertz Corp.*, 2016 U.S. Dist. LEXIS 41210, 2016 WL 1169197, *3 (N.D. Cal., Feb. 26, 2016) (citing

Page 15 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

FTC Advisory Opinion to Coffey for the proposition that some additional information may be included in an FCRA disclosure "if the information does not confuse the consumer or detract from the mandated disclosure); *Lagos v. Leland Stanford Junior Univ.*, 2015 U.S. Dist. LEXIS 163119, at *2 (N.D. Cal., Dec. 4, 2015) (finding it permissible to include information that is "closely related to the FCRA disclosure" and serves to "focus an applicant's attention on the FCRA disclosure"); *Feist v. Petco Animal Supplies, Inc.*, 218 F. Supp.3d 1112, 1115 (S.D. Cal. 2016) (noting that some additional information can be included in the disclosure); *Shelton v. Hal Hays Constr., Inc.*, 2016 U.S. Dist. LEXIS 194398, at *7 (C.D. Cal., July 29, 2016) (noting that the term "solely" may not be as strictly construed as the plaintiff urges due to the FCRA's express allowance of consumer authorization in the disclosure, rendering the FCRA's disclosure provision "less-than-pellucid statutory text.").

In light of the foregoing, then-existing judicial precedent, it is objectively reasonable that Fred Meyer included the fourth and fifth paragraphs of the Disclosure as they are both "closely related to the FCRA disclosure."  The objective reasonableness of Fred Meyer's reliance on then-existing case law is further bolstered by the fact that as late as this Court's Order granting Fred Meyer's motion to dismiss on June 21, 2018, the foregoing cases were cited as good law within the Findings and Recommendations issued by the presiding Magistrate Judge and subsequently accepted by this Court.  If this Court had reason to rely on the foregoing judicial precedent, it must be objectively reasonable that Fred Meyer was likewise entitled to do the same.

In response to this Court's reliance on the foregoing cases, the Ninth Circuit explicitly identified *Gilberg* as the precedent that determined that Fred Meyer's inclusion of the fourth and fifth paragraphs of the Disclosure technically violated the FCRA's standalone requirement.

Page 16 -   Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

However, *Gilberg* was not decided until January 29, 2019, while the instant case was pending before the Ninth Circuit and years after the Disclosure was presented to Plaintiff as part of his employment application.  *See Walker*, 953 F.3d at 1088 ("***In light of Gilberg***, a disclosure form violates the FCRA's standalone requirement if it contains any extraneous information beyond the disclosure required by the FCRA.") (emphasis added).

Further cementing that *Gilberg* was the driving force behind the Ninth Circuit's decision, the panel there even addressed this Court's interpretation of the FCRA in its ruling granting Fred Meyer's motion to dismiss, which held that the statute contained certain implied exceptions to the requirement that a disclosure consist "solely" of a disclosure.  In discussing this Court's dismissal Order, the Ninth Circuit found that this Court's reasoning had been invalidated by *Gilberg*, a decision only issued after this Court had ruled in Fred Meyer's favor and dismissed Plaintiff's complaint:

> Here, the district court held, based on several district court opinions and FTC advisory opinions, that Fred Meyer's disclosure complied with the FCRA's standalone requirement because "some additional information" may be included in an FCRA disclosure, as long as the information is "closely related to the FCRA disclosure," and focuses the applicant's attention on the FCRA disclosure rather than detracting from it.  **After this case was appealed, however, the Ninth Circuit decided *Gilberg*, which forecloses the district court's interpretation that the FCRA contains an implied exception allowing the inclusion of information that is "closely related" to the disclosure**.

*See id.* at 1088. (emphasis added).

Beyond simply clarifying the impact of *Gilberg* on pre-existing case law, the Ninth Circuit's ruling in this matter also became the first Circuit Court ruling in the country to attempt to define the contours of the previously undefined term "disclosure."  Prior to the Ninth Circuit's

Page 17 -   Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

ruling in this matter, no Circuit Court had ever addressed Fred Meyer's argument regarding the ambiguity in the statutory text.

While 15 U.S.C. § 1681b(b)(2)(a)(i) states that an FCRA "disclosure" must be delivered "in a document that consists solely of the disclosure," that requirement lacks clarity because the statute does not define what a properly formulated "disclosure" consists of.[2]  *See Walker*, 953 F.3d 1082, 1088 ("The statute requires a standalone 'disclosure . . . that a consumer report may be obtained for employment purposes,' but does not further define the term 'disclosure' or explain what information can be considered part of that 'disclosure' for purposes of the standalone requirement.") (quoting 15 U.S.C. § 1681b(b)(2)(a)(i)).

The Ninth Circuit addressed the undefined term by holding for the first time that "some concise explanation of what that phrase means may be included as part of the 'disclosure' required by § 1681b(b)(2)(a)(i)."  The Ninth Circuit went on to provide examples of what that "concise explanation" could contain, such as "what a 'consumer report' entails, how it will be 'obtained,' and for which type of 'employment purposes' it may be used."  *Id.* at 1088-89.

Thus, because the Ninth Circuit's ruling in this case was the first ruling by a Circuit Court to provide further clarity regarding the previously undefined term "disclosure," and was obviously a by-product of the Disclosure, it is certain that Fred Meyer did not have the benefit of the Ninth Circuit's clarification at the time it distributed the Disclosure at issue.

The fourth and fifth paragraphs of Fred Meyer's disclosure form were reasonable to include given the case law guidance that existed at the time the disclosure was drafted.  Those two

---

[2] Again, neither Congress nor any administrative body has ever produced an example of a permissible disclosure for consideration by users of consumer reports.

Page 18 -   Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

paragraphs are a combined four sentences that very clearly and concisely explain how the recipient can avail himself of the information contained in his consumer report. Those paragraphs are "closely related to the FCRA disclosure" and serve to "focus the applicant's attention on the FCRA disclosure." *See Lagos v. Leland Stanford Junior Univ.*, 2015 U.S. Dist. LEXIS 163119, at *2 (N.D. Cal., Dec. 4, 2015). Those four brief sentences in no way distract a reasonable reader from comprehending the disclosure, and the inclusion of the fourth and fifth paragraphs makes applicants *more* likely to exercise their rights under the FCRA.

In sum, at the time Fred Meyer drafted and presented the Disclosure to Plaintiff, it is obvious that the overwhelming body of case law in this Circuit allowed for additional language in a disclosure if it: (i) furthered the purpose of the FCRA; or (ii) was closely related to the disclosure. Because that principle was not definitively overturned by the Ninth Circuit until *Gilberg*, as identified in the Ninth Circuit's ruling in this case, Fred Meyer's inclusion of the fourth and fifth paragraphs in the Disclosure did not "r[u]n a risk of violating the law substantially greater than the risk associated with a reading that was merely careless," and thus could not have been "willful" as a matter of law. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 69 (2007). While Fred Meyer acknowledges that the Ninth Circuit has held that it technically violated the FCRA's standalone disclosure, that holding alone does not support that the Company acted "willfully" in so doing. Accordingly, the state of then-existing case law supports granting Fred Meyer's motion for partial summary judgment on the issue of willfulness.

### 3. Fred Meyer's Interpretation of the FCRA Was Not Objectively Unreasonable Based on Contemporaneous FTC Opinions.

At the time Fred Meyer provided the Disclosure to Plaintiff, guidance from the FTC did not suggest that the "useful information" related to a consumer's FCRA rights similar to the

Page 19 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

information contained in the fourth and fifth paragraphs of the Disclosure could violate the FCRA's standalone disclosure requirement.  In fact, in 1998, the FTC issued an opinion letter stating that despite the FCRA's standalone disclosure requirement, "some additional information" can be included within an FCRA disclosure, "if the information does not confuse or detract from the mandated disclosure." *FTC Advisory Opinion to Coffey* (Feb. 2, 1998), *located at* https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-coffey-02-11-98   (last visited June 13, 2020).

Similar to the judicial precedent described above, this Court relied on *Coffey* in the Findings and Recommendations adopted by the Court in its previous dismissal of this action. Beyond *Coffey*, FTC guidance also indicates that an FCRA disclosure can combine information regarding investigative consumer reports and consumer reports along with some useful, additional information. *See FTC Advisory Opinion to Willner* (Mar. 25, 1999), *located at* https://www.ftc.gov/policy/advisory-opinions/advisory-opinion-willner-03-25-99   (last visited June 13, 2020).

Based on the FTC guidance outlined above, it was reasonable for Fred Meyer to conclude that the fourth and fifth paragraphs of the disclosure complied with the FCRA at the time the disclosure was presented to Plaintiff.  A short statement about how an applicant can read his own consumer report in no way confuses or detracts from a disclosure that the report will be taken—it in fact enhances and clarifies the disclosure.

Accordingly, the state of FTC Guidance also supports granting Fred Meyer's motion for partial summary judgment on the issue of willfulness.

Page 20 -   Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4.    **The Ninth Circuit's Ruling in This Matter Conclusively Demonstrates that the Statutory Text of the FCRA is Sufficiently Ambiguous to Hold that Fred Meyer's Violation of the Statute Was Not Willful as a Matter of Law.**

As discussed above, the Ninth Circuit's opinion in this matter concedes that the statutory text of the FCRA is ambiguous and was insufficiently certain to declare that Fred Meyer's violation of the statute was "willful" as a matter of law.  The Ninth Circuit in this matter recognized for the first time that even if an FCRA disclosure is supposed to consist "solely" of the disclosure, that guideline is not self-evident because the statute fails to define exactly what the word "disclosure" means.

To that end, the panel determined for the first time that a disclosure may contain "some concise explanation of what that phrase means," giving examples such as "what a 'consumer report' entails, how it will be 'obtained' and for which type of 'employment purposes' it may be used." *Walker*, 953 F.3d 1082, 1088.  In light of this ambiguity recognized by the Ninth Circuit, it was objectively reasonable for Fred Meyer to believe that simple, concise language explaining an applicant's right to inspect the information gathered in a consumer report could be included as part of a "concise explanation of what [collecting a consumer report] means."  *Id.*

Accordingly, this factor also supports granting Fred Meyer's motion for partial summary judgment on the issue of willfulness.

## IV.    CONCLUSION

Fred Meyer understands that the Ninth Circuit has held that the information included in the fourth and fifth paragraphs of the disclosure, while useful to applicants and provided in good faith, should have been provided in a separate document.   However, Fred Meyer's Disclosure was a clear, conspicuous document drafted in good faith based upon guidance from the courts and the

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

FTC that was available at the time, and the language that the Ninth Circuit found to be beyond the scope of the statute was four short, simple sentences that were clearly inserted in an attempt to benefit applicants by providing useful information, not as any effort to confuse or distract them.

Holding that Fred Meyer's violation of the FCRA was willful, exposing the company significantly without requiring plaintiffs to prove that they were actually harmed in some way, would be both legally unsound and manifestly unjust under the circumstances. Accordingly, Fred Meyer requests this Court to rule as a matter of law that the disclosure was clear and conspicuous and that Fred Meyer's violation of the FCRA via the language in the Disclosure was not willful.

DATED this 26th day of June, 2020.

MILLER NASH GRAHAM & DUNN LLP

s/Michael Porter
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Taylor D. Richman, OSB No. 154086
taylor.richman@millernash.com
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 224-5858
Facsimile: (503) 224-0155

Faith C. Whittaker, Ohio State Bar No. 0082486
(*admitted pro hac vice*)
faith.whittaker@dinsmore.com
Michael B. Mattingly, Ohio State Bar No. 0089847
(*admitted pro hac vice*)
michael.mattingly@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202

*Attorneys for Defendant*
*Fred Meyer, Inc.*

4820-5629-6641.1

Page 22 -    Defendant's Motion for Partial Summary Judgment and Memorandum in Support

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204