**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com

Attorneys for Plaintiff and the Alleged Class

(Additional counsel appearing on signature page)

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>                    Defendant. | Case No. 3:17-cv-01791-YY<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................ iii

I.    INTRODUCTION................................................................................1

II.   BACKGROUND ................................................................................2

III.  ARGUMENT .....................................................................................5

    A.    Fred Meyer's Disclosure Form Fails To Satisfy The FCRA's "Clear And
        Conspicuous" Standard................................................................6

    B.    A Reasonable Jury Could Conclude That Defendant's Violation Of The
        FCRA's Stand-Alone Disclosure Requirement, As Held By The Ninth
        Circuit, Was Committed Willfullly ....................................................9

        1.    The Ninth Circuit's ruling in no way suggests that the FCRA's stand-
            alone requirement is ambiguous or open to interpretation. ................10

        2.    A reasonable trier of fact could conclude that Fred Meyer's
            interpretation of the law was objectively unreasonable and created an
            unjustifiable risk of violating the statute, regardless of any supposed
            "good faith" it may claim ........................................................13

        3.    The FTC warned employers in *Coffey* and *Willner* of the risk of
            including extraneous information but Defendant ignored those
            warnings and proceeded to load up its FCRA Disclosure with extra
            information anyway.................................................................17

IV.   CONCLUSION ................................................................................19

## TABLE OF AUTHORITIES

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010)............................................................16

*Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019)........................ *passim*

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) ...........................................................11

*Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151 (9th Cir. 2020) ...............................6

*Ramirez v. TransUnion LLC*, 951 F.3d 1008 (9th Cir. 2020)...............................................5, 6, 14

*Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010) ...........................................................6

*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007)..........................................................10, 13, 15

*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) ................................................................... *passim*

*United States v. M.H. Pulaski Co.*, 243 U.S. 97 (1917)................................................................11

*Walker v. Fred Meyer, Inc.*, 953 F.3d 1082 (9th Cir. 2020) ................................................. *passim*

**STATUTES, RULES, REGULATIONS, AND SECONDARY SOURCES**

American Heritage Dictionary of the English Language (5th ed. 2011) ...............................11, 12

*FTC Advisory Opinion to Coffey*, 1998 WL 34323748 (Feb. 11, 1998) ...............................17–18

*FTC Advisory Opinion to Willner*, 1999 WL 33932153 (Mar. 25, 1999) ....................................18

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ........................................................... *passim*

## I.    INTRODUCTION

On March 20, 2020, the Ninth Circuit reversed this Court's dismissal of Plaintiff Daniel Walker's ("Plaintiff" or "Walker") claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"), holding that Defendant Fred Meyer's ("Defendant" or "Fred Meyer") consumer report disclosure form violated the FCRA because it failed to consist "solely" of the required disclosure. In response to this holding, and in an attempt to salvage a defense to Plaintiff's claims, Defendant shifts its position and turns its sights on other aspects of the FCRA violation. That is, Fred Meyer now moves for partial summary judgment on two separate issues: (1) that the disclosure form at hand is supposedly "clear and conspicuous" as a matter of law, and (2) that Defendant's violation of the stand-alone disclosure requirement was not willful. As explained below, Fred Meyer's arguments are without merit, and the Court should refuse to decide either issue as a matter of law in Defendant's favor.

First, and as a reasonable juror could most certainly conclude, Fred Meyer's form does not satisfy the FCRA's "clear and conspicuous" disclosure requirement. The form presented to Walker and other applicants contains language that is not easily understood. Further, the surplus disclosures contained in the form, which the Ninth Circuit concluded violated the stand-alone requirement, serve to pull the readers' focus away from the true purpose of the form and confuse applicants like Walker. As a result, the form is unclear, and it is therefore not "clear and conspicuous" as a matter of law.

Second, Fred Meyer's use of a form that is unclear and fails to stand alone was indeed willful. Defendant incorrectly claims that the Ninth Circuit's opinion in this matter "concedes" that the statute's stand-alone provision is ambiguous. In reality, the opposite is true: the Ninth Circuit affirmed—now for a third time—that the FCRA's stand-alone disclosure requirement is

*unambiguous* and means what it says in requiring the form to consist *solely* of the disclosure. Given this clarity, the mandate is not subject to interpretation—the word "solely" means "solely," and Defendant's reading, which would enable Fred Meyer to muddle its form with additional disclosures, is objectively unreasonable and creates an unjustifiably high risk of violating the statute. To this end, Defendant's reliance on *Coffey* and *Willner* to excuse its interpretation has it backwards—the FTC plainly warned employers of this risk by cautioning them to present any additional information in a separate form or paper. As a result, a factfinder could readily conclude that Defendant's violation meets the standard for willfulness.

Ultimately, Fred Meyer's arguments for summary judgment run roughshod over the law and facts. In addition to failing to stand alone, Defendant's disclosure form is not clear and conspicuous. Likewise, the unambiguous nature of the FCRA's stand-alone disclosure requirement renders Fred Meyer's interpretation objectively unreasonable. As such, a reasonable trier of fact could conclude that Defendant's conduct amounts to a willful violation of the law. Accordingly, partial summary judgment is improper, and the Court should deny Defendant's motion.

## II.    BACKGROUND

In March 2017, Walker applied for a job at one of Fred Meyer's supermarket locations. (Dkt. 1.) As part of the hiring process, Walker received Fred Meyer's "Disclosure Regarding Consumer Reports and Investigative Consumer Report," and a consumer report was procured about Walker. (*Id.*) Plaintiff filed this class action on November 8, 2017, challenging the form for violating the FCRA's "stand alone" disclosure requirements. (*Id.*) On December 28, 2017, Fred Meyer moved to dismiss, and the Court ultimately dismissed Plaintiff's Complaint with prejudice on June 21, 2018. (Dkt. 47.) Plaintiff then timely appealed. (Dkt. 49.)

On March 23, 2020, the Ninth Circuit issued its Opinion reversing the dismissal of Plaintiff's claim under 15 U.S.C. §1681b(b)(2)(A)—the "disclosure claim."[1] *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1095 (9th Cir. 2020). In analyzing whether the inclusion of information related to investigative reports violates the FCRA, the Court explained that, "beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,' some concise explanation of what that phrase means may be included" in the disclosure form. *Id.* at 1088. Such limited information would fit within the bounds of the disclosure mandated by Section 1681b(b)(2)(A)(i). The Court thereafter proceeded to analyze each paragraph of Fred Meyer's disclosure form.

On the issue of whether an employer may include a description of an investigative report disclosure and attendant details, the Court disagreed with Walker that such information was categorically impermissible:

> Because investigative reports are a subcategory or specific type of consumer report, disclosing that an investigative consumer report may be obtained for employment purposes does not violate the FCRA's mandate that nothing be included in the disclosure document other than a "disclosure ... that a consumer report will be obtained for employment purposes." *See* 15 U.S.C. § 1681b(b)(2)(A)(i). As long as the information about investigative reports is *limited* to disclosing that such reports may be obtained for employment purposes, and providing *a very brief description of what that means*, the inclusion of such information in a § 1681b(b)(2)(A)(i) disclosure does not run afoul of the standalone requirement.

*Id.* at 1089–90 (emphasis added). Thus, the Court did not find that Fred Meyer's statement that it may obtain an investigative report violated the FCRA's stand-alone disclosure requirement. *Id.* at 1090. Likewise, the Court found no additional issues with the first three paragraphs of Defendant's disclosure form. *Id.* at 1089–90.

---

[1] The Ninth Circuit affirmed dismissal of Plaintiff's pre-adverse action notice claim. *Walker*, 953 F.3d at 1095.

When considering the fourth and fifth paragraphs, however, the Ninth Circuit concluded that Fred Meyer's form failed to stand alone:

> [T]he fourth and fifth paragraphs of Fred Meyer's Disclosure inform the consumer that:
>
>> You may inspect GIS's files about you (in person, by mail, or by phone) by providing identification to GIS. If you do, GIS will provide you help to understand the files, including communication with trained personnel and an explanation of any codes. Another person may accompany you by providing identification.
>>
>> If GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed.
>
> These paragraphs appear to have been included in good faith in order to provide additional useful information about an applicant's rights to obtain and inspect information about GIS' investigation of, and file about, the applicant. *This language, however, may "pull[ ] the applicant's attention away from his privacy rights protected by the FCRA by calling his attention to the rights"* that he has to inspect GIS's files. *See Syed*, 853 F.3d at 502; *see also Gilberg*, 913 F.3d at 1175–76 (noting that additional information about rights under state laws, and references to extraneous documents like a summary of rights under the FCRA, was "as likely to confuse as it [wa]s to inform," and holding that the inclusion of such information violated the standalone disclosure requirement). Thus, while we understand Fred Meyer's reason for providing this information to job applicants, we hold that *it should have been provided in a separate document, because the information cannot reasonably be deemed part of a "disclosure ... that a consumer report will be obtained for employment purposes."* 15 U.S.C. § 1681b(b)(2)(A)(i).

*Walker*, 953 F.3d at 1090–91 (emphasis added).

As a result, because the required disclosure failed to stand alone due to the inclusion of these fourth and fifth paragraphs, the Court concluded that Fred Meyer had violated the FCRA. *Id.* at 1091, 1095. The Court reversed the dismissal of Plaintiff's disclosure form claim and remanded for the district court's consideration of whether Defendant's form violated 15 U.S.C. §1681b(b)(2)(A)'s "clear and conspicuous" requirement. *Id.* at 1095. The Ninth Circuit did not

4

analyze this issue or whether Fred Meyer's violations were willful.

## III.    ARGUMENT

Defendant's motion for partial summary judgment fails. As explained below, Defendant's form violates the statutory requirement that employers provide a "clear and conspicuous" disclosure. Additionally, Fred Meyer's form constitutes a willful violation of the statute under the standard set forth in the Supreme Court's *Safeco* decision: it represents an objectively unreasonable interpretation of an unambiguous statutory provision, which in turn results in an unjustifiably high risk of violating the FCRA. Thus, in addition to the Ninth Circuit's holding that Fred Meyer's form violated the FCRA for failing to stand alone, a reasonable factfinder could also conclude that Fred Meyer violated the "clear and conspicuous" requirement and that its violations were willful. The Court should therefore deny summary judgment.

### *Standard of Review*

As a preliminary matter, Plaintiff does not accept Fred Meyer's statement of the legal standard, particularly with regard to the question of willfulness. Defendant claims that the two issues presented "involve pure questions of law falling squarely within the purview of the Court." (Def. Mot. for Partial Summ. J., Dkt. 57, at 8.) In support, Fred Meyer cites *Safeco*, wherein the Supreme Court decided willfulness as a matter of law. (*Id.*) Willfulness has been presented to juries in the Ninth Circuit considering FCRA claims. *See Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1030–32 (9th Cir. 2020) (affirming jury's findings on willfulness and holding that "a reasonable jury could find that TransUnion was objectively unreasonable and ran a risk of error substantially greater than mere carelessness"). In other words, the question of willfulness appears to be a mixed question of law and fact. Admittedly, the Court may decide the

issue of willfulness as a matter of law, especially "when 'conduct is so patently violative' of the FCRA that any reasonable person would know without guidance that [the] interpretation was erroneous." *Id.* (citing *Syed v. M-I, LLC*, 853 F.3d 492, 504 (9th Cir. 2017)). But if there is any doubt, the question should not be resolved on summary judgment and instead should be left to the jury—and a reasonable jury here could find in Plaintiff's favor. *See Ramirez*, 951 F.3d at 1031–32.

### A.    Fred Meyer's Disclosure Form Fails To Satisfy The FCRA's "Clear And Conspicuous" Standard.

Defendant first contends that its FCRA Disclosure is clear and conspicuous as a matter of law. (Dkt. 57 at 9–12.) While the form may have been presented conspicuously, its wording remains unclear for several reasons. As such, Fred Meyer's bid for summary judgment on this matter should be denied.

The FCRA requires employers to make a "clear and conspicuous" written disclosure to employees and job applicants when the employer intends to procure a consumer report. 15 U.S.C. § 1681b(b)(2)(A)(i). Each prong of this analysis carries its own meaning: a disclosure is clear if it is "reasonably understandable," and it is conspicuous if it is "readily noticeable to the consumer." *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169, 1176–77 (9th Cir. 2019) (citing *Rubio v. Capital One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010)); *see also Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151, 1153 (9th Cir. 2020). As Defendant points out, "courts examine extraneous content and sentence structure in an effort to determine whether the document as a whole would 'confuse a reasonable reader.'" (Dkt. 57 at 9.)

The question of clarity focuses on the content and language of the disclosure, while the question of conspicuousness is centered on formatting and presentation. For instance, in *Gilberg*, the Ninth Circuit held that a disclosure form was unclear because (1) it contained language that a

6

reasonable person wouldn't understand, and (2) it combined federal and state disclosures. 913

F.3d at 1177. On the other hand, the form was held to be conspicuous because it was formatted

clearly:

> CheckSmart capitalized, bolded and underlined the headings for each section of the disclosure and labeled the form so an applicant could see what she was signing. Although the font is small and cramped (we think inadvisably so), it is legible. All relevant information appears on the front of the page and the headings help applicants understand the purpose of the form.

*Id.* As a result, the Court found that the defendant was not entitled to summary judgment because

its form was not clear *and* conspicuous, as the statute requires. *Id.* at 1177–78.

The analysis is no different here. While Fred Meyer may have made its disclosure

conspicuous by presenting it on its own page and with a heading, the contents of the form render

it unclear in two ways: (1) the form contains language that is not easily understood and would

confuse a reasonable reader; and (2) the form contains additional disclosures (in the two

paragraphs held to be unlawful by the Court of Appeals) that obfuscate the form's purpose.

The Disclosure's third paragraph contains the following language:

> To prepare the reports, GIS may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and *any other information with public or private information sources.*"

(Dkt. 24–3) (emphasis added). This paragraph lists several information sources that will be

investigated, and the final listed item is not easily understood—the phrase "any other

information with public or private information sources" could seemingly apply to any and every

piece of data that may exist for a given job applicant. Further, the ambiguous language provides

no clue as to the difference between a "public information source" and a "private information

source," nor any explanation as to why Fred Meyer or GIS is permitted to access "any" private

information source when performing its investigation. This expansive language could certainly confuse the average reader, as GIS is declaring an intent to scour any unknown, *private* information sources in conducting its investigation. This language is not reasonably understandable.

Second, the following sentence is the fifth and final substantive paragraph of Defendant's form: "If GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed." (Dkt. 24–3.) As written, this sentence doesn't make sense. Fred Meyer seems to refer to an investigative report "nature and scope" disclosure, which the FCRA mandates must be provided on request. 15 U.S.C. § 1681d(b). But according to the language in this paragraph, such additional disclosure is apparently only available if GIS obtains any information by interview. (Dkt. 24–3.) If GIS prepares an investigative consumer report that does not include any interviews, are applicants then denied their right to an additional disclosure? This sentence fails to communicate the actual requirements of the FCRA regarding an additional "nature and scope disclosure" (which should not be included in this "stand-alone" form to begin with), and it creates a disconnect between "obtains information by interview" and "the investigation performed" such that the language is unclear and confusing to a reasonable reader as to what GIS will do and what the consumer has a right to later obtain. Sentences that contain unclear subjects and fail to properly communicate information to readers are precisely what may be considered in a clarity analysis. *See Gilberg*, 913 F.3d at 1177.

And just as was the case in *Gilberg*, Fred Meyer's form is additionally unclear due to extraneous information. The Ninth Circuit found the combination of federal and state disclosures to render a disclosure form unclear because it blurred the purpose of the form and the rights at

issue. *See Gilberg*, 913 F.3d at 1177. The same is true here, where Fred Meyer's fourth and fifth paragraph refer to additional rights to inspect files and request additional disclosures. The Ninth Circuit pointedly held that these two paragraphs, which should have been provided in a different document, resulted in a form that failed to stand alone because "the information cannot reasonably be deemed part of a 'disclosure . . . that a consumer report will be obtained for employment purposes." *Walker*, 953 F.3d at 1091. These extraneous disclosures render Fred Meyer's form unclear and confusing to consumers because the purpose of the disclosure is muddled, and any reasonable reader would be confused as to what rights are at issue.[2]

Though it may be conspicuous, a factfinder could conclude that Fred Meyer's form is unclear—it contains language and extraneous information that is not easily understood, and it certainly is not clear as a matter of law. As was the case in *Gilberg*, absent clarity Fred Meyer's FCRA Disclosure fails the FCRA's "clear and conspicuous" test and is unlawful. Accordingly, Defendant is not entitled to summary judgment in its favor on the issue of a "clear and conspicuous" disclosure, and the Court should therefore deny the motion on this issue.

## B. A Reasonable Jury Could Conclude That Defendant's Violation Of The FCRA's Stand-Alone Disclosure Requirement, As Held By The Ninth Circuit, Was Committed Willfully.

Fred Meyer also argues for summary judgment on the issue of willfulness, asserting that even though the Ninth Circuit held that its form violated the FCRA by failing to stand alone,

---

[2] As the Ninth Circuit noted in this case, "[o]f course, any discussion of investigative consumer reports must not be confusing—it is still subject to the clear and conspicuous requirement. Thus, Walker's arguments that the disclosure statement's language confusingly 'blurs the line between consumer reports and investigative reports' such that the reader cannot understand what information will be obtained about him, including by omitting any mention of credit worthiness or credit capacity in the first and third paragraphs, are better directed to the clear and conspicuous requirement." 953 F.3d at 1090.

Defendant, as a matter of law, supposedly did not violate the Act willfully. (Dkt. 57 at 12–21.) In setting out its defense, Fred Meyer relies heavily on the Ninth Circuit's statement that such extraneous information was apparently included "in good faith" and also attempts to minimize the application of *Syed* and *Gilberg*. Defendant even goes so far as to suggest that the FCRA's stand-alone disclosure requirement is ambiguous. As explained below, none of Fred Meyer's arguments win the day. The FCRA's stand-alone disclosure requirement is unambiguous, and it has been for decades. As a result, a reasonable trier of fact could determine that Defendant's violation was willful, especially in light of twenty-year-old guidance from the FTC warning employers about the dangers of combining disclosures in their form. The Court should deny Defendant's motion for summary judgment.

> **1.    The Ninth Circuit's ruling in no way suggests that the FCRA's stand-alone requirement is ambiguous or open to interpretation.**

In arguing that it did not willfully violate the FCRA, Fred Meyer claims that the Ninth Circuit somehow held in its March 20, 2020 opinion that the FCRA's stand-alone disclosure language is "ambiguous." (Dkt. 57 at 21.) Defendant's claim is easily refuted—the Court of Appeals affirmed in its opinion the unambiguous nature of the stand-alone disclosure requirement. This provision is not open to interpretation.

The Supreme Court held in *Safeco* that "reckless disregard" for FCRA's obligations would qualify as a willful violation for the purposes of awarding statutory damages under the Act. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56–60 (2007); *see also* 15 U.S.C. § 1681n(a). A violation is reckless under *Safeco* if the employer's actions are an unreasonable reading of the statute and create a substantially greater risk of violation than the risk associated with a merely careless reading. *Safeco*, 551 U.S. at 69–70. The Supreme Court held that Safeco did not recklessly violate the FCRA because its reading of the "less-than pellucid" statutory provision in

10

question[3] was not objectively unreasonable, and no available guidance counseled against

Safeco's interpretation. *Id.* at 70.

Unlike the provision at issue in *Safeco*, the FCRA's stand-alone disclosure requirement is

"pellucid" and does not invite different interpretations. As the Ninth Circuit explained in *Syed*,

the language of Section 1681b(b)(2)(A) is "unambiguous[]" in requiring a document that

consists *solely* of the disclosure:

> Where congressional intent "has been expressed in reasonably plain terms, that
> language must ordinarily be regarded as conclusive." *Griffin v. Oceanic
> Contractors, Inc.*, 458 U.S. 564, 570, 102 S. Ct. 3245, 73 L.Ed.2d 973 (1982)
> (internal quotation marks omitted). And when "the meaning of the words seems to
> us to be intelligible upon a simple reading, ... we shall spend no time upon
> generalities concerning the principles of [statutory] interpretation." *United States
> v. M.H. Pulaski Co.*, 243 U.S. 97, 106, 37 S.Ct. 346, 61 L.Ed. 617 (1917).
>
> The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively."
> American Heritage Dictionary of the English Language 1666 (5th ed. 2011).

*Syed*, 853 F.3d at 500. The Court continued in *Syed* to find that the defendant's violation was

willful as a matter of law due to the unambiguous nature of the stand-alone requirement. *Id.* at

503–06. The Court rejected M-I's argument that Section 1681b(b)(2)(A)(i) was "less than

pellucid" and held that the FCRA "unambiguously bars a prospective employer from including a

liability waiver" in a consumer report disclosure document. *Id.* at 503. The Court later affirmed

that its holding and analysis regarding the FCRA's unambiguous mandate was not limited to

liability waivers—it applied "with regard to *any* surplusage." *Gilberg*, 913 F.3d at 1175

(emphasis added).

Now, Fred Meyer inexplicably claims the Ninth Circuit's March 20, 2020, opinion in this

matter "concedes that the statutory text of the FCRA is ambiguous," which would conflict with

---

[3] *See* 15 U.S.C. § 1681a(k)(1)(B)(i) (referring to an "increase" in charges without defining any
starting point for measuring the increase).

its own precedent. (Dkt. 57 at 21.) In fact, the opposite is true. The Court yet again affirmed its

holdings and the unambiguous nature of the FCRA's requirement that a consumer report

disclosure must be presented in a form that consists "solely" of the disclosure:

> [A]s to the standalone disclosure requirement, we noted in *Syed* that "[t]he ordinary
> meaning of 'solely' is '[a]lone; singly' or '[e]ntirely; exclusively,' " and we held
> that the standalone requirement was unambiguous and meant what it said. *Syed*,
> 853 F.3d at 500–01 (quoting American Heritage Dictionary of the English
> Language 1666 (5th ed. 2011)); *see Gilberg*, 913 F.3d at 1175 (explaining the basis
> for *Syed*'s conclusion that "the statute meant what it said"). Thus, Ninth Circuit
> precedent reads the FCRA as mandating that a disclosure form contain nothing
> more than the disclosure itself. Simply put, "the [disclosure] form should not
> contain any extraneous information."

*Walker*, 953 F.3d at 1087.

To hear Defendant tell it, the FCRA's language is somehow rendered ambiguous by the

Court's holding that an employer may include a "concise explanation" of what a consumer

report entails and how it will be obtained or used. (Dkt. 57 at 21); *Walker*, 953 F.3d at 1084.

However, this holding does not allow any extraneous information *in addition* to the disclosure;

rather, the Court recognized that such an explanation could be included because it would be

"part of the 'disclosure' required" by the statute. *Walker*, 953 F.3d at 1084. This is precisely why

the fourth and fifth paragraphs of Fred Meyer's form were held to violate the stand-alone

disclosure requirement—they contain information that "cannot reasonably be deemed part of"

the required disclosure. *Id.* at 1091.

The statutory language remains unambiguous. A consumer report disclosure must be

provided in a form that consists "solely" of the disclosure. Defendant provided a form that

consisted of the required disclosure *and* additional disclosures related to the inspection of files

and the right to request additional information. As a factfinder could conclude, this conduct

represents an impermissible interpretation of the statute's plain language—"solely" means

"solely," it does not mean "with additional disclosures." Fred Meyer's attempt to cast the stand-alone requirement as ambiguous in an effort to save its expansive (and objectively unreasonable) interpretation of the statute is wholly unsupported. The Court should reject Defendant's mischaracterization of the Court of Appeals' recent decision and deny the motion for summary judgment.

> **2.    A reasonable trier of fact could conclude that Fred Meyer's interpretation of the law was objectively unreasonable and created an unjustifiable risk of violating the statute, regardless of any supposed "good faith" it may claim.**

Because of its unambiguous language, the FCRA's stand-alone consumer report disclosure requirement is not open to multiple interpretations. Nevertheless, Fred Meyer adopted an expansive interpretation of the statute by providing a form clouded with additional disclosures related to file inspection and the ability to receive further information. Fred Meyer's form is the result of an objectively unreasonable reading of the word "solely," which resulted in an unjustifiably higher risk of violating the statute. Should the Court decline to do so as a matter of law, a reasonable trier of fact could readily conclude that Defendant's FCRA violations are willful under *Safeco*. Further, any perceived "good faith" in Fred Meyer's inclusion of extraneous information in its form is irrelevant to this objective analysis. Accordingly, the motion for summary judgment in Defendant's favor should be denied.

As explained above, a willful violation of the FCRA for the purposes of awarding statutory damages may be found where an employer acts with reckless disregard for the law. *Safeco*, 551 U.S. at 56–60. A violation is reckless if the employer adopts an objectively unreasonable reading of the statute that creates a substantially greater risk of violation than would result from a merely careless reading. *Id.* at 69–70. And as the Ninth Circuit has repeatedly held, the statutory language requiring a form that consists "solely" of the required

disclosure is unambiguous and thus not open to multiple interpretations. *See Syed*, 853 F.3d at 500–01; *Gilberg*, 913 F.3d at 1171; *Walker*, 953 F.3d at 1087.

In *Syed*, the defendant's extraneous inclusions "comport[ed] with no reasonable interpretation" of the word "solely" and the stand-alone disclosure requirement, and thus its interpretation and resulting violation of the FCRA was objectively unreasonable. *Syed*, 853 F.3d at 503–06. On the question of risk, the Court admitted "it is possible to imagine an interpretation of [1681b(b)(2)(A)(i)] that would be objectively unreasonable without rising to the level of recklessness," such as using six-point font for a disclosure, but the term "solely" is "not subject to a range of plausible interpretations." *Id.* at 505. Thus, the Court had no need to consider M-I's subjective interpretation to find recklessness because the statute "unambiguously bars" inclusion of extraneous disclosures. *Id.* By interpreting "solely" to allow for a liability waiver, M-I ran an unjustifiably high risk of violating the statute—conduct that amounted to reckless disregard of a statutory duty. *See id.* at 506.

The same is true here, where Fred Meyer's form includes extraneous disclosures related to the inspection of files and requesting additional information. (Dkt. 24–3.) Just as in *Syed*, Fred Meyer's form represents an unreasonable interpretation of Section 1681b(b)(2)(A)(i). As the Court has repeatedly held, the word "solely" means "solely." It does not mean "in a document with additional disclosures related to record inspection and the right to request further disclosures." A reasonable juror could certainly find Fred Meyer's conduct was not simply careless, but reckless—it defied the meaning of the word "solely" and created an unjustifiably high risk of violating the statute. As Fred Meyer's reckless conduct amounts to a willful violation under *Safeco*, the Court may find this as a matter of law (*Syed*, 853 F.3d at 503), or it could leave the question to be resolved by the jury (*see Ramirez*, 951 F.3d at 1030–32). In any event,

Defendant is not entitled to summary judgment in its favor because a reasonable trier of fact could find that its form represents a willful violation of the FCRA.

In arguing otherwise, Fred Meyer latches onto a statement from the Court of Appeals that the offending paragraphs "appear to have been included in good faith." (Dkt. 57 at 7, 13-15); *Walker*, 953 F.3d at 1090. Defendant's reliance on this language is misplaced, however, and this does not counteract the analysis of recklessness. This is true for at least two reasons. First, the Ninth Circuit made this observation in passing, before proceeding to find that Fred Meyer had, nevertheless, violated the FCRA. *Walker*, 953 F.3d at 1090–91 ("[W]hile we understand Fred Meyer's reason for providing this information to job applicants, we hold that it should have been provided in a separate document."). The Court did not consider the issue of willfulness. *See id.* at 1084.

Second, and most importantly, the standard for willful violation as a result of reckless disregard concerns what is "*objectively* unreasonable." *Safeco*, 551 U.S. at 68–70. Fred Meyer's subjective intention in including the additional disclosures is irrelevant to determining whether its interpretation of the statute was objectively unreasonable—this is why willfulness may be found as a matter of law. *See Syed*, 853 F.3d at 505 ("Because the statute unambiguously bars M-I's interpretation, whether or not M-I actually believed that its interpretation was correct is immaterial.") The Act plainly requires a stand-alone form, and Defendant exceeded that, for whatever reason, by engaging in an unreasonable interpretation of the word "solely." Whether or not drafted in good faith, Fred Meyer's disclosure form is objectively unreasonable. Indeed, the Ninth Circuit held here that "the information **cannot reasonably** be deemed part of a 'disclosure . . . that a consumer report will be obtained for employment purposes'." *Walker*, 953 F.3d at 1091 (emphasis added).

15

Fred Meyer also relies on the Court's statement that, "*In light of Gilberg*, a disclosure form violates the FCRA's standalone requirement if it contains any extraneous information beyond the disclosure required by the FCRA." (Dkt. 57 at 16–17); *Walker*, 953 F.3d at 1088 (emphasis added). In doing so, Defendant argues that it cannot be held responsible for violating the FCRA because *Gilberg*—which supposedly created new precedent relied upon in this appeal—was not decided until after Walker received the disclosure form at issue. (Dkt. 57 at 16–18.) In reality, however, *Gilberg* didn't make new law. The Ninth Circuit merely affirmed *Syed* and confirmed that its prior analysis applied to "any surplusage." *Gilberg*, 913 F.3d at 1175. Of course, *Syed* was decided in March 2017, before Walker signed the disclosure, and the FCRA has contained the stand-alone disclosure requirement for more than 20 years. The statutory language alone is enough to caution against Fred Meyer's choice to present applicants with its muddled disclosure form; whether deployed before or after *Gilberg*, Defendant's disclosure is objectively unreasonable.

Further, a lack of judicial guidance "does not, as a matter of law, immunize [a party] from potential liability" for willful violation, especially where the statute is unambiguous. *See Syed*, 853 F.3d at 504 (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010)) (alterations in original). As such, "[a]n employer 'whose conduct is first examined under [a] section of the Act should not receive a pass because the issue has never been decided.'" *Id.* at 506 (quoting *Cortez*, 617 F.3d at 722). To excuse Fred Meyer of liability because its choice of extraneous disclosure had not been explicitly addressed would incentivize employers to pursue novel inclusions and dodge liability. The word "solely" excludes *any* extraneous information—it need not be inversely defined by courts declaring unlawful each of the limitless types of surplusage that employers may attempt to sneak in. If that were the case, the employers in *Syed*,

16

and *Gilberg* would have been excused of liability. *See Syed*, 853 F.3d at 505–06; *Gilberg*, 913 F.3d at 1175. Such a standard is simply unworkable.

The FCRA's stand-alone requirement is unambiguous, and the plain meaning of the word "solely" has not changed since the law was drafted—it is not susceptible to multiple interpretations. As a result, Fred Meyer's interpretation of the law to permit inclusion of additional disclosures is objectively unreasonable, and it created an unjustifiably higher risk of violating the FCRA. Despite Defendant's arguments, its violations may be found willful as a matter of law. However, and at the very least, a reasonable fact finder could conclude that Fred Meyer's conduct rose to the level of reckless disregard, and therefore willfulness, under the *Safeco* standard. Accordingly, the Court should deny Defendant's bid for summary judgment on this issue.

> **3.    The FTC warned employers in *Coffey* and *Willner* of the risk of including extraneous information but Defendant ignored those warnings and proceeded anyway.**

As a final note, Fred Meyer spends a portion of its motion leaning on "contemporaneous FTC opinions," specifically the *Coffey* and *Willner* letters from 1998 and 1999, respectively, to argue it has no liability here. (Dkt. 57 at 19–20.) According to Defendant, these guidance letters support Fred Meyer's disclosure form and excuse its interpretation of the word "solely" as reasonable. (*Id.*) In fact, the opposite is true. Each of the FTC opinions express limitations on the inclusion of extraneous information in a disclosure form, and they serve to demonstrate how reckless disregard of the FCRA's mandate can and does occur.

In the *Coffey* letter, the FTC clarified that information such as a "brief description" of the consumer reports covered by the disclosure could be included, but only if such information "does not confuse the consumer or detract from the mandated disclosure." *FTC Advisory*

*Opinion to Coffey*, 1998 WL 34323748, at *2 (Feb. 11, 1998). The example of a limited

description of the reports sought is permissible as part of the disclosure itself—the Court of

Appeals found as much when approving the first three paragraphs of Fred Meyer's form.

*Walker*, 953 F.3d at 1089–90. However, *Coffey* warned that further information, which could

confuse the consumer or detract from the disclosure, would increase the risk of violating the

statute. *Coffey*, at *2. Despite this warning, Defendant included additional disclosures related to

file inspection and the right to request additional disclosures. (Dkt. 24-3.) By including

extraneous information that detracts from and "cannot reasonably be deemed part of" the

required disclosure, Fred Meyer defied the warning of *Coffey* and created an unjustifiably higher

risk of violating the FCRA. *See Walker*, 953 F.3d at 1091.

Likewise, the FTC's *Willner* letter drew another line to indicate what constitutes reckless

behavior that would increase the risk of violating the statute. *Willner* considered whether

employers could include a "nature and scope" disclosure for investigative reports in the

consumer report disclosure:

> [A] Section 606(b) notice setting forth the nature and scope of the investigation
> would of necessity be much more detailed and **would likely be held to overshadow
> 604(b) disclosure in violation of 604(b)(2)(A).** Therefore, we believe that an
> employer may combine only a very limited Section 606(a) notice with the general
> Section 604(b)(2)(A) notice without running afoul of the latter section's
> requirement that the required disclosure be in a stand-alone document. **The surest
> way for an employer to comply, of course, would be to provide the Section
> 604(b)(2)(A) notice and the Section 606 notice in separate documents**.

*FTC Advisory Opinion to Willner*, 1999 WL 33932153, at *2 (Mar. 25, 1999) (emphasis added).

*Willner* informed employers that the "surest way" to comply with the stand-alone disclosure

requirement would be to provide additional disclosures in "separate documents." In other words,

including additional disclosures in a form that is supposed to consist "solely" of the consumer

report disclosure would *increase the risk of violating the statute*. Like *Coffey*, *Willner* was published more than 20 years ago, and Fred Meyer rejected its advice by padding its form with additional disclosures.

Fred Meyer is incorrect in asserting that the FTC's letters from two decades ago support its position that it acted reasonably. To the extent these advisory opinions are helpful to the Court, they counsel against extraneous inclusions in order to avoid unnecessary risk that the form could be found to violate the FCRA. Nevertheless, Fred Meyer still included extraneous disclosures in its form and created an unjustifiably higher risk of violating the statute. In light of these letters, Defendant's conduct falls squarely within the *Safeco* test for recklessness, which amounts to a willful violation. Summary judgment in favor of Defendant is wholly unwarranted.

## IV.    CONCLUSION

Fred Meyer's motion for summary judgment should be denied. The Defendant's consumer report disclosure form does not pass the FCRA's "clear and conspicuous" standard, and it certainly does not do so as a matter of law. Likewise, Fred Meyer's violation of the FCRA, as held by the Court of Appeals, qualifies as a willful violation under the *Safeco* standard—a reasonable fact finder could find as much if the Court declines to do so as a matter of law. In short, Defendant's arguments for summary judgment on both remaining issues fail—a hearing is required to resolve these genuine issues of material fact. Accordingly, the Court should deny Fred Meyer's motion for summary judgment and grant any further relief as it may deem necessary.

Dated: July 17, 2020                              Respectfully submitted,

                                                  /s/ Patrick H. Peluso
                                                  Steven L. Woodrow*

swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
Main: 720-213-0675
Fax: 303-927-0809

**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com


*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 6,105 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

<u>/s/ Patrick H. Peluso</u>

21

## **CERTIFICATE OF SERVICE**

I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on July 17, 2020.

/s/ Patrick H. Peluso