**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com

Attorneys for Plaintiff and the Alleged Class

(Additional counsel appearing on signature page)

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br>v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>               Defendant. | Case No. 3:17-cv-01791-YY<br><br>**PLAINTIFF DANIEL WALKER'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

MOTION ................................................................................................................... 1

I.      INTRODUCTION ........................................................................................... 1

II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................... 3

III.    THE PROPOSED CLASS SATISFIES RULE 23'S REQUIREMENTS ................... 4

    A.    The Requirements Of Rule 23(a) Are Satisfied Here. ........................ 5

        1.    Class membership is ascertainable through reference to entirely objective criteria ................................................................... 5

        2.    The proposed Class is sufficiently numerous. .......................... 6

        3.    Plaintiff's claims present common questions of law and fact. .............. 7

        4.    Plaintiff Walker's claims are typical. ....................................... 9

        5.    Plaintiff and his counsel will fairly and adequately represent the class. .................................................................................. 9

    B.    The Requirements Of Rule 23(b)(3) Are Also Satisfied. ................... 11

        1.    Each of the requirements of Rule 23(b)(3) are met as well. ................ 11

                a.    Common questions of law and fact predominate. ..................... 11

                b.    The Class would be manageable—Defendant has names and other information for each person who received its Disclosure. ............................................................................ 12

                c.    A class action would also be superior. ....................................... 14

IV.    CONCLUSION ............................................................................................... 15

## TABLE OF AUTHORITIES

*Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) .................................................................14

*Bebault v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD,

    2020 WL 2065646 (N.D. Cal. Apr. 29, 2020) .....................................................................4

*Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975) ............................................................................4

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) .................................................................4, 13

*Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568 (C.D. Cal. 2007) ..............................................10

*Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377 (N.D. Cal. Apr. 21, 2011).........5–6

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) .......................................................................7

*Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579 (S.D. Cal. 2010) ...................................................6

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...................................................7, 10, 11

*Hanon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992).........................................................9

*In re First Alliance Mortgage Co.*, 471 F.3d 977 (9th Cir. 2006) ...................................................7

*In re Static Random Access Memory (SRAM) Antitrust Litig.*,

    264 F.R.D. 603 (N.D. Cal. 2009)....................................................................................7–8

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953 (9th Cir. 2007)....................11

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008)................................................6

*McKenzie v. Federal Express Corp.*, 275 F.R.D. 290 (C.D. Cal. 2011)........................................14

*Munoz v. 7-Eleven, Inc.*, No. 218CV03893RGKAGR,

    2018 WL 5880076 (C.D. Cal. Oct. 18, 2018) ....................................................................4

*O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311 (C.D. Cal. 1998)..................................5, 10

*Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516 (C.D. Cal. 2011) ...............................................5

*Rowden v. Pac. Parking Sys., Inc.*, 282 F.R.D. 581 (C.D. Cal. 2012)...........................................12

*Rutstein v. Avis Rent-A-Car System, Inc.*, 211 F.3d 1228 (11th Cir. 2000)...................................11

*Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181 (N.D. Ill. 1992)......................................8

*Soc. Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944 (9th Cir. 1979) ............... 10

*Stemple v. QC Holdings, Inc.*, No. 12-cv-01997,

     2014 WL 4409817 (S.D. Cal. Sept. 5, 2014) ........................................................ 9

*Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227 (9th Cir. 1996) ............................................ 11, 14

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ................................................. 7

*Wiener v. Dannon Co.*, Inc., 255 F.R.D. 658 (C.D. Cal. 2009) .......................................... 7

*Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168 (9th Cir. 2010) ............................... 9, 14

*Zinser v. Accufix Research Inst.*, 253 F.3d 1180 (9th Cir. 2001) ..................................... 12, 13, 14

## STATUTES, RULES, REGULATIONS, AND SECONDARY SOURCES

5 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2001) ..................................... 5

FED. R. CIV. P. 23, *et seq.* .................................................................................. 4, 6, 7, 9

William Schwarzer, A. Wallace Tashima, & James Wagstaffe,

     *Federal Civil Procedure Before Trial* (2006) .................................................... 12

## MOTION

Pursuant to Rule 23, Plaintiff Daniel Walker hereby moves for an order certifying this action as a class action. In accordance with Local Rule 7(a), Plaintiff certifies that the parties have conferred on this motion, but they have been unable to resolve it. In support of the motion, Plaintiff submits the following legal memorandum.

## I.    INTRODUCTION

This case challenges Defendant Fred Meyer, Inc.'s ("Defendant" or "Fred Meyer") serial violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act")—specifically the Act's consumer report disclosure rules. In short, the FCRA disclosure form ("Disclosure") that Fred Meyer provided to Plaintiff Daniel Walker ("Plaintiff" or "Walker") and other applicants and employees is riddled with extraneous information in violation of the FCRA. As a result, Walker seeks statutory damages on behalf of himself and all others who received the same Disclosure and had background checks performed regarding their employment.

The Court should grant class certification. First, the entire Class's claims succeed or fail on the same two issues: (1) did Fred Meyer's Disclosure violate the FCRA's standalone requirement (which the Ninth Circuit has already answered in the affirmative), and (2) if so, was Fred Meyer's reading of the FCRA objectively unreasonable such to the point that the violation may be considered to have been willful. The answers are the same for every Class Member—they do not implicate any individual issues at all—and their adjudication will drive the resolution of this case for everyone in a single stroke.

Second, Walker's claims plainly satisfy all of the other requirements for class certification under Rule 23: the proposed Class is sufficiently ascertainable and numerous, Plaintiff's claims are typical of those of the Class members, Walker is an adequate representative

and is represented by counsel experienced and well-versed in class actions, the common

questions predominate, and a class action is the superior method for resolving the claims at issue.

As such, the Court should grant certification under Rule 23(b)(3) to the following Class:

> All persons in the United States (1) who applied for employment with Defendant
> on or after November 8, 2015 through the date notice is sent to the Class (2) about
> whom Defendant procured a consumer report, and (3) who were provided the same
> FCRA Disclosure form as the FCRA Disclosure Form Fred Meyer provided to
> Plaintiff.

Given the uniformity of Fred Meyer's Disclosure practices, Walker's claims and the

claims of every other person in the Class succeed or fail for the exact same reasons. First, Fred

Meyer's pre-report Disclosure either "stands alone" and is "clear and conspicuous" as required

by the FCRA for Walker and every other class member, or for none of them. Of course, the

Ninth Circuit has already found that the Disclosure here did not "stand alone", leaving only the

question of whether it was clear and conspicuous to be adjudicated. Second, Fred Meyer either

acted willfully with respect to Walker and the other applicants and employees to whom it

provided its uniformly unlawful Disclosure or it acted willfully towards none of them.

The answers to these questions rely on the same evidence, are identical for each class

member, and will drive the resolution of the litigation for the proposed Class as a collective

whole. Accordingly, and as explained below, the Court should grant certification.

To the extent the Court determines additional evidence is necessary for the purposes of

establishing any element of Rule 23 or to counter any opposition raised by Defendant, Plaintiff

requests that the Court permit class discovery on those issues and defer consideration of this

motion pending such discovery on the relevant issues, followed by supplemental briefing

supported by substantial evidence.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2017, Walker applied for a job at one of Fred Meyer's supermarket stores. (Dkt. 1.) Shortly after applying, Walker was hired as an associate at a Fred Meyer store in Portland, Oregon. (*Id.*) As part of the hiring process, Walker was presented with Fred Meyer's "Disclosure Regarding Consumer Reports and Investigative Consumer Report", and a consumer report was procured about Walker. (*Id.*)

Plaintiff filed this alleged class action on November 8, 2017 on the grounds that the Disclosure violated the FCRA's standalone requirements. On December 28, 2017, Fred Meyer moved to dismiss. (Dkt. 24.) On February 9, 2018, the Parties filed their Proposed Joint Case Management Statement, which the Court adopted on February 12, 2018. (Dkts. 31, 32.) On May 7, 2018, the Court issued its Findings & Recommendation and recommended that the Motion to Dismiss be granted. (Dkt. 38.) Plaintiff filed objections to the Findings & Recommendation on May 21, 2018. (Dkt. 40.) On June 21, 2018, the Court adopted in part and supplemented the Findings & Recommendations and dismissed Plaintiff's Complaint with prejudice. (Dkt. 47.) Plaintiff filed his Notice of Appeal on July 19, 2018 challenging the dismissal. (Dkt. 49.)

On March 23, 2020, the Ninth Circuit issued its Opinion. In doing so it reversed the dismissal of Plaintiff's claim under 15 U.S.C. §1681b(b)(2)(A)—the "disclosure claim"—and held that Defendant's background check disclosure form violated the FCRA's "standalone disclosure requirement." *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1095 (9th Cir. 2020). The Appellate Court remanded for this Court to consider, inter alia, whether Defendant's disclosure form violated 15 U.S.C. §1681b(b)(2)(A)'s "clear and conspicuous" requirement. (*Id.*). The Mandate was issued on April 13, 2020. (Dkt. 53.)

Based on the facts of record, the Court should grant class certification.

III.    **THE PROPOSED CLASS SATISFIES RULE 23'S REQUIREMENTS**

Class certification is appropriate under Rule 23 when the movant presents facts to satisfy each of the requirements of Rule 23(a) and at least one of the subsections of Rule 23(b). Rule 23(a) requires that: (i) the proposed class is so numerous that joinder of all individual class members is impracticable (numerosity); (ii) there are common questions of law and fact amongst class members (commonality); (iii) the proposed representative's claims are typical of those of the class (typicality); and (iv) both the named-representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). FED. R. CIV. P. 23(a).

With respect to Rule 23(b), class certification here is sought under Rule 23(b)(3). Under Rule 23(b)(3), there must be questions of law or fact common to the proposed class members that predominate over any questions affecting only individual members, the class mechanism must be superior to other available methods for fairly and efficiently adjudicating the controversy, and the case must be manageable as a class action. FED. R. CIV. P. 23(b)(3).

A court generally does not inquire into the merits of the plaintiff's claims when considering certification. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Moreover, though a plaintiff seeking certification must make a *prima facie* showing on each of the elements of Rule 23, "an extensive evidentiary showing" is not required. *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975). Because such cases challenge the legality of corporate form disclosures, certification in FCRA disclosure cases is routinely granted. *See, e.g., Munoz v. 7-Eleven, Inc.*, No. 218CV03893RGKAGR, 2018 WL 5880076, at *1 (C.D. Cal. Oct. 18, 2018) (certifying FCRA disclosure class and appointing Woodrow & Peluso, LLC as class counsel); *Bebault v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD, 2020 WL 2065646, at *7 (N.D. Cal. Apr. 29, 2020) ("The Court certifies a class consisting of all persons residing in the United

4

States for whom DMC procured or caused to be procured a consumer report for employment purposes on or after April 19, 2016.").

As explained below, the Class satisfies Rules 23(a) and (b)(3) and should be certified.

**A.      The Requirements Of Rule 23(a) Are Satisfied Here.**

First, the proposed Class meets each of the requirements for Rule 23(a). That is, class membership is defined and ascertainable through objective criteria, the Class is sufficiently numerous, the class members share common issues—including whether the Disclosure is "clear and conspicuous" as required and whether Fred Meyer's violation of the "stand-alone" provision was willful—Walker's claims are typical of the class, and Walker and his counsel will adequately represent the interests of the class.

All of these considerations support certification of the proposed Class here.

**1.      Class membership is ascertainable through reference to entirely objective criteria.**

Although Rule 23 doesn't expressly require that a proposed class be ascertainable, courts have continued to impose such a condition. *See Pryor v. Aerotek Scientific, LLC*, 278 F.R.D. 516, 523 (C.D. Cal. 2011). "A class definition should be precise, objective, and presently ascertainable . . . [h]owever the class need not be so ascertainable that every potential member can be identified at the commencement of the action." *O'Connor v. Boeing North Am., Inc.*, 184 F.R.D. 311, 319 (C.D. Cal. 1998). A class definition is sufficient if it is "definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member." *Gardner v. Shell Oil Co.*, C-09-5876-CW, 2011 WL 1522377 at *3 (N.D. Cal. Apr. 21, 2011); *see also* 5 James Wm. Moore et al., Moore's Federal Practice, ¶ 23.21[1] (3d ed. 2001) ("The identity of class members must be ascertainable by reference to objective criteria."). Objective criteria may include a defendant's business records. *See, e.g., Gardner*, 2011 WL

1522377 at *4; *see also Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617-18 (C.D. Cal. 2008).

The proposed Class at issue here is ascertainable by reference to objective criteria. There is nothing subjective about whether an individual applied to work for Fred Meyer, whether they were provided the same Disclosure form as the form given to Walker, or whether Fred Meyer acted willfully. Indeed, Fred Meyer has maintained records of who it provided the Disclosure to and about whom it obtained consumer reports, and can easily provide the class list to Plaintiff and a third-party administrator for notice purposes. While it is unnecessary for Walker to identify each potential class member at this time, it is plain that class membership is based on objective criteria, including Fred Meyer's own data, and any questions can be resolved through declaratory and documentary evidence. As such, membership in the proposed Class is ascertainable.

### 2. The proposed Class is sufficiently numerous.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1); *see also* Local Rule 23-2.2(b) (requiring motion for class certification state the approximate size of the proposed class). Courts have held that just 40 class members typically satisfies the numerosity requirement. *See Gomez v. Rossi Concrete, Inc.*, 270 F.R.D. 579, 588 (S.D. Cal. 2010).

Here, Fred Meyer does not contest numerosity and admits that it has obtained consumer reports on over 100 employees and applicants to whom Fred Meyer provided the same Disclosure form at issue. (*See* "Responses to Requests to Admit," Request No. 7, attached hereto as Exhibit A.) In reality, the number of persons in the Class far exceeds 100. Fred Meyer goes so

far as to admit that "it does not provide a separate disclosure apart from the Disclosure Form regarding its ability to obtain consumer reports." (*See* Ex. A, Request to Admit No. 8.)

Numerosity is plainly satisfied here.

### 3.    Plaintiff's claims present common questions of law and fact.

Rule 23(a) next requires that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2); *see also* Local Rule 23-2.2(d). To meet commonality, the representative plaintiff must demonstrate that the proposed class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (*quoting Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). Commonality is a permissive standard. *Wiener v. Dannon Co.*, *Inc.*, 255 F.R.D. 658, 664 (C.D. Cal. 2009). "[E]ven a single common question will do." *Dukes*, 131 S. Ct. at 2556.

As the Supreme Court explained in *Dukes*, "[w]hat matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. *See Dukes*, 131 S. Ct. at 2551 (commonality requires that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). Rule 23(a)(2) commonality may be met by a single issue of law or fact. *In re First Alliance Mortgage Co.*, 471 F.3d 977, 990-91 (9th Cir. 2006). The issues need not be identical. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Rather, "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than an individual basis." *In re Static Random Access Memory (SRAM)*

*Antitrust Litig.*, 264 F.R.D. 603, 611 (N.D. Cal. 2009). Commonality has been characterized as a relatively low and easily surmountable hurdle. *Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992).

In this case, the litigation will generate common answers for the Class, namely: (1) whether the Disclosure met the "clear and conspicuous" requirement set forth in the statute, and (2) whether Fred Meyer acted willfully when it, as the Ninth Circuit has already found, violated the "stand-alone" requirement, and, depending on the answer to the first issue, failed to provide a clear and conspicuous disclosure.

The violations are identical with respect to each class member. Each claim involves the same disclosure and authorization regarding the possibility of consumer report procurement that was provided to Plaintiff. No individualized representations or disclosures are implicated. As has already been determined by the Ninth Circuit, the Disclosure failed to "stand alone." The Ninth Circuit did not decide whether the Disclosure was clear and conspicuous, which would constitute a separate violation. The Ninth Circuit also left unresolved whether Fred Meyer's violation of the "stand-alone" provision was willful, leaving that issue, and the issue of whether any violation of the clear and conspicuous standard was also willful, to this Court to decide. For the purposes of Rule 23(a)(2), the important consideration is that Fred Meyer's form disclosure either violated the FCRA's standalone and clear and conspicuous standards with respect to every class member or as to none of them. Likewise, whether these FCRA violations were willful applies uniformly to everyone.

Hence, while a hearing on the merits will ultimately determine who is correct, at this point what matters for commonality purposes is the fact that the answers to these questions are identical across the entire Class—satisfying the commonality requirement.

### 4. Plaintiff Walker's claims are typical.

Rule 23(a)(3)'s typicality requirement ensures that "the interests of the named representative align with the interests of the class." *Wolin v. Jaguar Land Rover N. Am. LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010); *see also* FED. R. CIV. P. 23(a)(3). When analyzing typicality, courts look to "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

The typicality requirement "is 'permissive' and requires only that the named plaintiff's claims [be] 'reasonably coextensive with those of the absent class members.'" *Stemple v. QC Holdings, Inc.*, No. 12-cv-01997, 2014 WL 4409817, at *5 (S.D. Cal. Sept. 5, 2014).

Applied here, Walker's claims are undoubtedly typical of the proposed class. Like the other class members, Walker received the same form Disclosure that fails to stand alone and allegedly also violates the FCRA's clear and conspicuous requirement. Likewise, each class member was also subjected to the same corporate practices and procedures that led to the use of the unlawful Disclosures, and Walker seeks the same statutory damages for everyone. If Walker wins, everyone else would also be entitled to recover on the same grounds.

Simply put, Walker's claims are based on the same legal theories as the other class members, and his interests align with those of the Class. The typicality requirement is plainly satisfied here.

### 5. Plaintiff and his counsel will fairly and adequately represent the class.

Walker will also fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a)(4). The adequacy requirement considers whether the plaintiff and his counsel have any

9

conflicts of interest and whether plaintiff is represented by qualified and competent counsel. *See Hanlon*, 150 F.3d at 1020. "Only a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *O'Connor*, 184 F.R.D. at 375. Adequacy is only defeated by actual conflicts. *Soc. Servs. Union, Local 535 v. County of Santa Clara*, 609 F.2d 944, 948 (9th Cir. 1979). The class representative and class counsel must have the "zeal and competence" required to protect the interests of the absent class members. *Evans v. IAC/Interactive Corp.*, 244 F.R.D. 568, 577 (C.D. Cal. 2007).

Applied here, Plaintiff's interests are entirely consistent with the interests of the proposed class. Walker received the same form Disclosure from Defendant and seeks the same damages. Plaintiff has stepped forward to lend his time and name to the pleadings and will continue to participate in the litigation, as he has for the last several years, to protect the interests of the Class. Simply put, Walker has demonstrated his willingness and ability to serve as a class representative.

Plaintiff and the Class are also represented by qualified counsel with extensive experience in consumer class actions, including FCRA class actions. Proposed class counsel are respected members of the legal community who have sufficient experience in class actions of similar size, scope, and complexity to the instant action. (*See* Firm Resume of Woodrow & Peluso, LLC attached hereto as Exhibit B.) Proposed Class counsel are intimately familiar with the FCRA and have regularly engaged in major complex litigation involving the FCRA, including successfully arguing two Ninth Circuit appeals concerning the FCRA's consumer report disclosure requirements. (*Id.*) Counsel also have the resources necessary to litigate this case. As such, Walker and his lawyers have and will continue to adequately represent the Class in satisfaction of Rule 23(a)(4)'s adequacy element.

**B.     The Requirements Of Rule 23(b)(3) Are Also Satisfied.**

To certify a class under Rule 23(b)(3), Plaintiff must show that the common questions of law and fact predominate over any questions effecting only individual members of the class and that the class mechanism is manageable and superior to other methods for adjudicating the controversy. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 957 (9th Cir. 2007). Certification under Rule 23(b)(3) is encouraged when "the actual interests of the parties can be served best by settling their differences in a single action." *Hanlon*, 150 F.3d at 1022.

As set forth below, certification under Rule 23(b)(3) is appropriate here.

**1.     Each of the requirements of Rule 23(b)(3) are met as well.**

The record also shows Walker's satisfaction of Rule 23(b)(3). As explained below, the common questions in the case predominate of any perceived individualized issues, a class action would be manageable here, and a class action is superior to any other method for adjudicating the controversy.

**a.     Common questions of law and fact predominate.**

The crux of the predominance analysis focuses on the balance between individual and common issues. *Id*. "Implicit in the satisfaction of the predominance test is the notion that the adjudication of common issues will help achieve judicial economy." *Valentino v. Carter-Wallace, Inc.* 97 F.3d 1227, 1234 (9th Cir. 1996). Common questions predominate over individual questions where "the issues in the class action are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject to individualized proof." *Rutstein v. Avis Rent-A-Car System, Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000).

As explained above, the central issues in this case ask whether Fred Meyer's form Disclosure satisfies the FCRA's stand-alone requirement (the Ninth Circuit already determined it did not), whether Fred Meyer also violated the FCRA's clear and conspicuous requirement, and whether Fred Meyer's violations were willful. These issues are susceptible to generalized, class-wide proof and the same evidence will be used for each class member. The answers to these common questions are necessarily subject to common evidence, primarily from information to be found within Fred Meyer's own records. *Dukes*, 131 S. Ct. at 2551 ("What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation.").

Indeed, there are no individualized issues. No one received a different form Disclosure or was provided other documents that could possibly impact the analysis. Rather, everyone provided the same form in the same manner. As such, any claimed individualized inquiries are fictional and cannot overcome predominance by the common questions here.

In short, a single adjudication can resolve these common questions for the entire class with a single stroke. As such, common questions predominate.

> **b.    The Class would be manageable—Defendant has names and other information for each person who received its Disclosure.**

Rule 23(b)(3) also requires the Court to examine the likely difficulties of managing and maintaining a class action. *See Zinser v. Accufix Research Inst.,* 253 F.3d 1180, 1189 (9th Cir. 2001). "A class action is not manageable if membership of the class cannot be sufficiently well-defined at the outset." *See Rowden v. Pac. Parking Sys., Inc.*, 282 F.R.D. 581, 585 (C.D. Cal. 2012) (citing William Schwarzer, A. Wallace Tashima, & James Wagstaffe, *Federal Civil Procedure Before Trial* § 10:432 (2006)). A serious, and perhaps insurmountable, manageability

problem arises if each member has to litigate separate issues to establish his or her right to recover individually. *See Zinser,* 253 F.3d at 1192 ("If each class member has to litigate numerous and substantial separate issues to establish his or her right to recovery individually a class action is not 'superior.'"). The question of manageability encompasses "the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974).

Manageability presents no hurdle here. Fred Meyer certainly has or can produce a list of persons about whom it procured a consumer report for employment purposes after such persons were provided the Disclosure at issue, and Defendant can produce documents sufficient to identify such persons. From that point the identities of the class members can be discerned through Fred Meyer's records, which likely contain names, street addresses, and other personal contact information. With this data, which can be updated, members of the Class can be informed individually by first class mail, phone, or email of the action and ultimately the relief secured/made available. This far exceeds the floor of notice by publication.[1]

Furthermore, to the extent class members are required to submit evidence demonstrating that they actually received Fred Meyer's Disclosure, such a claims process wouldn't prove unmanageable. Whether a person received the Disclosure is an objective inquiry that takes little effort to verify. And the damages are set by statute and are the same for everyone. As such, that there may ultimately be a limited claims process does nothing to defeat a finding of manageability here. Hence, this case is readily manageable and well-suited for class

---

[1] Walker requests that he be permitted leave to file a Notice Plan for disseminating notice to the Class Members within thirty (30) days of the any Order granting certification. The notice should be by direct mail and should inform Class members of the nature of the action, the status of the case, and information about their ability to request exclusion.

determination, and the produced data will add to the ease of management when the Class is ultimately certified.

### c.    A class action would also be superior.

Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. The inquiry into whether the class action is the superior method for a particular case focuses on increased efficiency and economy. *See Zinser*, 253 F.3d at 1190; *see also Wolin*, 617 F.3d at 1175-76.

Class actions are particularly appropriate when they allow plaintiffs with similar claims to jointly bear the cost of litigation. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (stating that the "very core of the class action mechanism is to overcome the problem that small recoveries do not provide an incentive for any individual to bring a solo action prosecuting his or her rights"); *see also Valentino*, 97 F.3d at 1234. This is particularly true when the damages at stake are "not large." *McKenzie v. Federal Express Corp.*, 275 F.R.D. 290, 301 (C.D. Cal. 2011) (damages were considered "not large" when the maximum statutory recovery was $4,000 for each class member).

This proposed class action is superior to other available methods for adjudicating Walker and the Class's claims. Absent class treatment in this case, each individual member of the Class would be required to present the same legal and factual arguments supported by identical evidence, in separate and duplicative proceedings. The result would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. It would also present the risk of inconsistent rulings. That is of course neither efficient nor fair to anyone, including Fred Meyer.

Moreover, there is no indication that members of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Further, class certification will promote consistency of rulings and judgments, giving all parties the benefit of finality. Also, there are no other cases by the government or private litigants that would serve to check Fred Meyer's conduct.

Simply put, the class action device is the superior method of adjudication here—no other realistic alternative exists.

## IV.    CONCLUSION

The proposed Class meets all the requirements for certification under Rule 23(a) and (b)(3). With likely thousands of readily identifiable persons who received Fred Meyer's Disclosure, the class action mechanism is the most effective method to adjudicate the claims of the class members.

WHEREFORE, for these and the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for certification of the Class, appoint him as Class Representative and his counsel as Class Counsel, order that a Notice Plan be submitted within thirty (30) days of certification, and grant all other and further relief that the Court deems reasonable and just.

Dated: July 23, 2020                                    Respectfully submitted,

                                             /s/ Patrick H. Peluso

                                             Steven L. Woodrow*
                                             swoodrow@woodrowpeluso.com
                                             Patrick H. Peluso*
                                             ppeluso@woodrowpeluso.com
                                             Taylor T. Smith*
                                             tsmith@woodrowpeluso.com
                                             Woodrow & Peluso, LLC

15

3900 East Mexico Ave., Ste. 300
Denver, CO 80210
Main: 720-213-0675
Fax: 303-927-0809

**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com


*\*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative
Class*

16

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 4,454 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ Patrick H. Peluso

## <u>CERTIFICATE OF SERVICE</u>

I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on July 23, 2020.

/s/ Patrick H. Peluso