UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

DANIEL WALKER, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

FRED MEYER, INC., a Delaware corporation,

        Defendant.

Case No. 3:17-cv-01791-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge:

# FINDINGS

Plaintiff Daniel Walker ("Walker"), individually and on behalf of all others similarly situated, filed the initial complaint in this matter on November 8, 2017, against defendant Fred Meyer ("Fred Meyer") for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Compl., ECF 1. Fred Meyer filed a motion to dismiss Walker's claims under Federal Rule of Civil Procedure 12(b)(6) and for lack of standing, and this court granted Fred Meyer's motion on both grounds. ECF 47. On March 23, 2020, the Ninth Circuit issued an opinion affirming this court's decision in part, reversing in part, and remanding the case for further proceedings. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1095 (9th Cir. 2020).

1 – FINDINGS AND RECOMMENDATIONS

On remand, Fred Meyer has filed a motion for partial summary judgment seeking a declaration that, as a matter of law, (1) its disclosure was "clear and conspicuous" under the FCRA, and (2) it did not act "willfully" in failing to comply with the standalone requirement for disclosures under the FCRA. Def.'s Mot. Partial Summ. J. 1 ("Mot."), ECF 57. The court has considered the parties' briefing, as well as oral argument. The court also accepted supplemental authority to help clarify the issues.

For the reasons discussed below, Fred Meyer's motion for partial summary judgment should be GRANTED.

I.   **Background**

The uncontested factual background of this case is set forth in this court's prior order and the Ninth Circuit's opinion, and therefore is not repeated here. *See Walker*, 953 F.3d at 1084-86; ECF 47.

II.  **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party does so, the nonmoving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324 (citing FED.RULE.CIV.P. 56(e)).

In determining what facts are material, the court considers the underlying substantive law regarding the claims. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Otherwise stated, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment. *Id*. A dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Id*. at 248-49. A "scintilla of evidence" or "evidence that is merely colorable or not significantly probative" is insufficient to create a genuine issue of material fact. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Reasonable doubts as to the existence of material factual issue are resolved against the moving parties and inferences are drawn in the light most favorable to the non-moving party." *Addisu*, 198 F.3d at 1134 (citation omitted).

**III.    Fred Meyer's Motion For Partial Summary Judgment Presents Questions of Law.**

The FCRA forbids procurement of a consumer report for employment purposes unless "a clear and conspicuous disclosure has been made in writing to the consumer . . . in a document that consists solely of the disclosure." 15 U.S.C. § 1681b(b)(2)(A)(i). The latter phrase constitutes the so-called "standalone" provision.

Fred Meyer asks this court to determine (1) whether it satisfied the "clear and conspicuous" requirement under § 1681b(b)(2)(A)(i), and (2) whether its violation of § 1681b(b)(2)(A)(i)'s "standalone" requirement constituted "willful noncompliance" under

§ 1681n(a).[1] Fred Meyer asserts that these two issues "involve pure questions of law falling squarely within the purview of the Court." Mot. 8, ECF 57.

Walker, however, argues that the question of willfulness "has been presented to juries in the Ninth Circuit considering FCRA claims" and "appears to be a mixed question of law and fact." Pl.'s Resp. Def.'s Mot. Partial Summ. J. 5 ("Resp."), ECF 58 (citing *Ramirez v. TransUnion, LLC,* 951 F.3d 1008, 1030-32 (9th Cir. 2020)). Walker concedes that "the Court may decide the issue of willfulness as a matter of law, especially 'when conduct is so patently violative of the FCRA that any reasonable person would know without that [the] interpretation was erroneous.'" *Id.* (citations omitted). But, Walker argues, "if there is any doubt, the question should not be resolved on summary judgment and instead should be left to the jury—and a reasonable jury here could find in Plaintiff's favor." *Id.* (citing *Ramirez,* 951 F.3d at 1031-32). Walker reads too much into *Ramirez v. TransUnion* and overlooks authoritative precedent.

In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007), the Supreme Court noted that there "was no need for [the Ninth Circuit] to remand the cases for factual development" after the court ruled, as a matter of law, that a defendant's violations of the FCRA were not willful under 15 U.S.C. § 1681n(a). *Id.* at 71. Further, in *Syed v. M-I, LLC*, 853 F.3d 492 (2017), the Ninth Circuit applied *Safeco*'s willfulness analysis to an alleged FRCA violation and noted, "[w]e may resolve this as a matter of law, as the parties acknowledge." *Id.* at 503; *see also Mitchell v. Winco Foods, LLC*, 379 F. Supp. 3d 1093, 1101 (D. Idaho 2019), *appeal dismissed*, 828 F. App'x 467 (9th Cir. 2020) (holding that the issue of willfulness under FRCA § 1681n(a) is properly decided "as a matter of law"); *Newton v. Bank of Am., Nat'l Ass'n*, No. 2:14-cv-03714-CBM-MRWx,

---

[1] To recover statutory damages for a violation of the FCRA—as Walker seeks to do in the present action—the plaintiff must show that a defendant willfully failed to comply with the statute. *See* 15 U.S.C. § 1681n(a).

4 – FINDINGS AND RECOMMENDATIONS

2015 WL 10435907, at *2 (C.D. Cal. May 12, 2015) (finding no genuine issue of material fact regarding the question of defendant's willfulness under FRCA § 1681n(a)).

Although Walker does not argue this point, it is equally within this court's purview to determine whether, as a matter of law, Fred Meyer's disclosure was "clear and conspicuous" under the FCRA. *See* 15 U.S.C. § 1681b(b)(2)(A)(i). In *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019), the court found the disclosure at issue was unclear and noted, "we assume . . . without deciding that clarity and conspicuousness under FCRA present questions of law rather than fact." *Id.* at 1177; *see also Mitchell*, 379 F. Supp. 3d at 1100 (citing *Gilberg* and finding the challenged disclosure both "clear" and "conspicuous" as a matter of law under the FCRA).

Thus, both the question of Fred Meyer's willfulness and whether its disclosure was clear and conspicuous may be properly decided by this court as a matter of law if there is no genuine issue of material fact.

IV.     **Fred Meyer's Disclosure Was Clear and Conspicuous.**

Again, 15 U.S.C. § 1681b(b)(2)(A)(i) forbids procurement of a consumer report for employment purposes unless "a clear and conspicuous disclosure has been made in writing to the consumer . . . in a document that consists solely of the disclosure." Although the "clear and conspicuous" requirement imposes a single statutory obligation, "[courts] may analyze each prong separately." *Gilberg*, 913 F.3d at 1177 (citing *In re Bassett*, 285 F.3d 882, 885 (9th Cir. 2002)).

The phrase "clear and conspicuous" is not defined in the FCRA, but the Ninth Circuit has held that a disclosure is "clear" when it is "reasonably understandable," and a disclosure is

5 – FINDINGS AND RECOMMENDATIONS

"conspicuous" when it is "noticeable to the consumer." [2] *Gilberg*, 913 F.3d at 1176 (internal quotation marks omitted). In *Gilberg*, the court found that defendant CheckSmart's disclosure was unclear because (1) it contained language that "a reasonable person would not understand" and (2) "[it] would confuse a reasonable reader because it combines federal and state disclosures." *Id*. at 1177. The court noted in particular that the CheckSmart disclosure contained an incomplete and grammatically incorrect sentence that failed to explain the term "all-encompassing" or "how [it] would affect an applicant's rights."[3] *Id.*

In *Luna v. Hansen & Adkins Auto Transp., Inc.*, the Ninth Circuit cited the *Gilberg* factors and quickly held that the contested disclosure was both "'clear and conspicuous'" because it provided the FCRA-mandated notice in "plain language" and in a "'reasonably understandable form.'" 956 F.3d 1151, 1153-1154 (9th Cir. 2020) (citations omitted).  The court also found the disclosure met the standard for conspicuousness and particularly noted the use of headings, bold text, and capitalized letters. *Id*. at 1154.

In *Mitchell*, the Idaho District Court analyzed defendant Winco's disclosure form at greater length and found it "distinguishable from the disclosure in *Gilberg* because it does not 'contain language that a reasonable person would not understand.'" 379 F. Supp. 3d at 1099.

---

[2] The Ninth Circuit noted, "[w]e adopt our 'clear and conspicuous' analysis from *Rubio v. Capital One Bank*, 613 F.3d 1195 (9th Cir. 2010), a TILA disclosure case[,]" explaining, "[l]ike other circuits, we draw upon the wealth of Uniform Commercial Code (UCC) and Truth in Lending Act (TILA) case law[.]"  *Gilberg*, 913 F.3d at 1176 (internal quotation marks and brackets omitted).

[3] This problematic section of the disclosure in *Gilberg* provided: "The scope of this notice and authorization is all-encompassing; however, allowing CheckSmart Financial, LLC to obtain from any outside organization all manner of consumer reports and investigative consumer reports now and, if you are hired, throughout the course of your employment to the extent permitted by law." 913 F.3d at 1177.

Specifically, the Winco disclosure did not contain the kind of "vague phrases," grammatical errors, or additional disclosures that rendered the disclosure "unclear" in *Gilberg*. *Id.* Instead, the court noted, the disclosure "contains eight concise sentences" that provide information "necessary to sufficiently disclose to the applicant the scope of the data collection activity and their rights with respect to what is collected."[4] *Id.* at 1100. Thus, Winco's disclosure was

---

[4] Winco's disclosure provided as follows:

> WinCo Foods . . . will procure a consumer report and/or investigative consumer report on you in connection with your application for employment, volunteer service, or a contracted position, including promotion or retention as an employee, volunteer or independent contractor, as applicable.
>
> TalentWise, Inc., a consumer reporting agency, will obtain the report for the Company. Further information regarding TalentWise, including its privacy policy, may be found online at www.TalentWise.com. TalentWise is located at 19910 North Creek Parkway, Suite 200, Bothell, WA 98011, and can be reached at 1.866.357.4358.
>
> The report may contain information bearing on your character, general reputation, personal characteristics, mode of living and/or credit standing. The information that may be included in your report include: social security number trace, authorization to work checks, criminal records checks, civil records checks, financial information and credit checks (Experian U.S. Credit), federal record checks, public court record checks, driving records checks, drug tests, physical tests, educational records checks, employment history verification, references checks, sanction, licensing and certification checks.
>
> The information contained in the report will be obtained from private and/or public record sources, including sources identified by you in your job application or through interviews or correspondence with your past or present coworkers, neighbors, friends, associates, current or former employers, educational institutions or other acquaintances. You have the right, upon written request made within a reasonable time after receipt of this notice, to request disclosure of the nature and scope of any investigative consumer report from the Company.

*Mitchell*, 379 F. Supp. 3d at 1098.

7 – FINDINGS AND RECOMMENDATIONS

"'reasonably understandable' . . . and therefore 'clear' under Section 1681b(b)(2)(A)(i) of the FCRA." *Id.* (internal citation omitted).

Here, at the outset, the parties disagree over how much of the document that Fred Meyer provided to plaintiff is subject to this court's "clear and conspicuous" analysis. While Walker urges a full review of all five paragraphs, Fred Meyer argues that this court's analysis should be limited to the first three paragraphs because the Ninth Circuit directed this court to do so. In its opinion, the Ninth Circuit held that paragraphs four and five had been improperly included under the FCRA's standalone requirement and then instructed this court, on remand, to "decide in the first instance whether the *remaining language* of the Disclosure satisfies the separate 'clear and conspicuous' requirement provided in that same section." *Walker*, 953 F.3d at 1095 (emphasis added). Even more specifically, the Ninth Circuit stated, "we decline to reach the issue of whether the first through third paragraphs of the Disclosure satisfy the FCRA's 'clear and conspicuous' requirement . . . [and] leave it to the district court to determine in the first instance whether the language of those paragraphs is sufficiently clear under the reasonable person standard set forth in *Gilberg*." *Id.* at 1091.

Despite these clear directives, Walker insists there is no reason to remove paragraphs four and five from the ambit of this court's review, and points out that *Gilberg* itself illustrates a court's ability to review a given section of a disclosure form for compliance with both the standalone and clear and conspicuous requirements. *See* 913 F.3d 1169 (analyzing a disclosure form under the FCRA and finding the same section violated both the standalone and clear and conspicuous requirement). While the Ninth Circuit may have taken different approaches in *Gilberg* and *Walker*, its instructions to this court are plain, and it is well established that "'[a] district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for

8 – FINDINGS AND RECOMMENDATIONS

any other purpose than execution.'" *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995), *as amended on denial of reh'g* (June 2, 1995) (quoting *In re Sanford Fork & Tool Co.,* 160 U.S. 247, 255 (1895)); *accord Stamper v. Baskerville,* 724 F.2d 1106, 1107 (4th Cir. 1984)). The court therefore proceeds with the 'clear and conspicuousness' analysis in the manner specified by the Ninth Circuit and limits review to the first three paragraphs of the document.

> The operative three paragraphs of Fred Meyer's disclosure provide:
>
> We ([t]he Kroger family of companies) will obtain one or more consumer reports or investigative consumer reports (or both) about you for employment purposes. These purposes may include hiring, contract, assignment, promotion, reassignment, and termination. The reports will include information about your character, general reputation, personal characteristics, and mode of living.
>
> We will obtain these reports through a consumer reporting agency. The consumer reporting agency is General Information Services, Inc. GIS's address is P.O. Box 353, Chapin, SC 29036. GIS's telephone number is (866) 265-4917. GIS's website is at www.geninfo.com.
>
> To prepare the reports, GIS may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and any other information with public or private information sources.

Mot. 3, ECF 57.

In Walker's Response to Fred Meyer's Partial Motion for Summary Judgment, Walker agrees with the 'clear and conspicuous' legal standards set forth above and argues, under *Gilberg*, that the disclosure is not clear because the last phrase in the last paragraph that refers to "any other information with public or private information sources" is "not reasonably understandable." Resp. 8, ECF 58. Walker contends that this "ambiguous language" offers "no clue as to the difference between a 'public information source' and a 'private information source,'" and could "certainly confuse the average reader." Resp. 7, ECF 57.

9 – FINDINGS AND RECOMMENDATIONS

However, Walker offers limited reasoning and no legal authority to support his contention. He also overlooks the distinct *lack* of confusion expressed by the Ninth Circuit in commenting that the three paragraphs—including the final phrase—"elucidate what it means to 'obtain' a consumer report by providing helpful information about who will provide such a report to Fred Meyer and what private and public information about the applicant will be examined to create a 'consumer report.'"[5] *Walker,* 953 F.3d at 1090. As Fred Meyer points out, the final phrase, read in context, "alerts the consumer" that the investigative agency, GIS, "may conduct a robust search of sources"—which could help "the consumer decide whether or not to authorize the report." Def. Reply Supp. Mot. Partial Summ. J. 24, ECF 62. Thus, the final phrase meets the "reasonably understandable" test in *Gilberg*. *See* 913 F.3d at 1177.

Further, it is clear that the disclosure as a whole does not suffer from grammatical errors or the kind of vague language the court found problematic in *Gilberg*. *See* 913 F.3d at 1177. Nor does the disclosure include any information regarding state laws that would "confuse a reasonable reader," like those in *Gilberg. See id.* Instead, Fred Meyer's disclosure is much more akin to Winco's disclosure in *Mitchell*, which provided applicants with helpful information about what information will be collected, who will be collecting the information, and how the information will be obtained. 379 F. Supp. 3d at 1100; *see Walker*, 953 F.3d at 1090. Because the Fred Meyer's disclosure meets the "reasonably understandable" criteria set forth in *Gilberg* and closely parallels the disclosure that another district court found clear in *Mitchell*, this court

---

[5] While the Ninth Circuit's commentary is not dipositive in that the observations were made in the context of analyzing the disclosure's compliance with the term "disclosure" and not regarding the "clear and conspicuous" requirement, it provides helpful insight.

has no trouble finding Fred Meyer's disclosure to be "a model of clarity." *See Mitchell*, 379 F. Supp. 3d at 1100.[6]

With respect to the second prong, Walker does not dispute that "conspicuous means 'readily noticeable to the consumer.'" Resp. 6, ECF 58 (citing *Gilberg,* 913 F.3d at 1177). In *Gilberg*, the court found the disclosure conspicuous because it "labeled the form so an applicant could see what she was signing." *Id.* at 1177. Because the disclosure also used legible font, placed all relevant information on the front page, and included headings that helped applicants understand the form, the court held, "[t]he disclosure, therefore, is conspicuous." *Id.*

Here, Fred Meyer's disclosure also is "conspicuous." First, the disclosure paragraphs are confined to a single page surrounded by ample whitespace and are preceded by a clear title,

---

[6] In declining to review paragraphs four and five, the court is mindful that Walker takes particular issue with the last sentence of paragraph five on the issue of clarity and alleges multiple deficiencies therein. *See* Resp. 8, ECF 58. Paragraphs four and five of Fred Meyer's disclosure form provide:

> You may inspect GIS's files about you (in person, by mail, or by phone) by providing identification to GIS. If you do, GIS will provide you help to understand the files, including communication with trained personnel and an explanation of any codes.
>
> Another person may accompany you by providing identification. If GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed.

Mot. Dismiss, Ex. C, ECF 24-3.
However, even if the court found that any of the language in paragraphs four and five violated the clear and conspicuous requirement, that finding alone would not help Walker prevail in this action. Walker seeks only statutory damages, and a plaintiff can only recover such damages under the FCRA upon proof of willfulness. *See* 15 U.S.C. § 1681n(a); Compl., ECF 1. Given the standards for willfulness in *Safeco*, as discussed below, and the past lack of guidance concerning the meaning of "clear" under the FCRA, it is unlikely that a court would find that Fred Meyer willfully violated the FCRA by including the language in paragraphs four and five. *See id.*; *see also, Mitchell v. WinCo Foods, LLC*, 828 F. App'x 467, 468 (9th Cir. 2020) (citing *Safeco* and holding an FCRA violation non-willful due to a "'dearth of guidance'" at the time the defendant provided the plaintiff with the disclosure).

11 – FINDINGS AND RECOMMENDATIONS

"Disclosure Regarding Consumer Reports and Investigative Consumer Reports." *See* ECF 24-3. The disclosure uses legible, clear font. *Id.* Walker agrees that "the question of conspicuousness is centered on formatting and presentation" and concedes that "[Fred Meyer] may have made its disclosure conspicuous by presenting it on its own page and with a heading[.]" Resp. 6, ECF 58. Thus, there is no question that Fred Meyer's disclosure is conspicuous as a matter of law. *See Mitchell*, 379 F. Supp. 3d at 1177 (finding the disclosure at issue 'readily noticeable' because it contained helpful labels, separated topics by paragraph, and provided sufficient "whitespace such that [it didn't] appear cluttered or intimidating to the reader"); *see also Burghy v. Dayton Racquet Club, Inc.*, 695 F. Supp. 2d 689 (S.D. Ohio 2010) (analyzing at length the manner in which a disclosure was presented—*i.e.*, text, font, layout—and ultimately concluding that the disclosure was conspicuous under the FCRA and granting summary judgment).

V.    **Fred Meyer Did Not Act Willfully or Recklessly.**

Fred Meyer acknowledges the Ninth Circuit held that the final two paragraphs in its original disclosure failed to comply with the standalone provision of the FCRA. *See Walker*, 953 F.3d at 1091. In light of that ruling, Fred Meyer now seeks a declaration from this court that its violation was not willful as a matter of law. Mot. 12-21, ECF 57.

An FCRA violation is "willful" under 15 U.S.C. § 1681n if it is made either knowingly or with "reckless disregard" for the requirements imposed under the Act. *See Safeco*, 551 U.S. 56-60. An employer acts in "reckless disregard" when "the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id.* at 69.

12 – FINDINGS AND RECOMMENDATIONS

In *Safeco*, the Supreme Court examined whether two insurance companies, GEICO and Safeco, had committed "reckless violations" of the adverse action notice requirement under the FCRA. *Id.* at 52; *see* 15 U.S.C. §§ 1681m(a), 1681a(k)(1)(B)(i). In the end, the Court ruled, "it is clear enough that if Safeco did violate the statute, the company was not reckless in falling down on its duty." 551 U.S. at 68. In its analysis, the Court found the Act was "silent" on the meaning of the contested terms and noted that the defendant had not had "the benefit of guidance from the courts of appeals or the Federal Trade Commission . . . that might have warned it away from the view that it took." *Id.* at 69-70. The Court also "recognize[d] that [Safeco's] reading has a foundation in the statutory text," and found, ultimately, that Safeco's interpretation, "albeit erroneous, was not objectively unreasonable." *Id.* at 69. Thus, the Court held, Safeco's misreading of the statute "was not reckless." *Id*. at 71.

In *Syed*, the Ninth Circuit applied *Safeco*'s "reckless disregard" standard and held that the inclusion of a liability waiver in a disclosure document constituted a "willful" violation of the FCRA. 853 F.3d at 503-506. The Ninth Circuit rejected the defendant's characterization of the statutory language as "ambiguous," *id*. at 500, and found its liability waiver directly at odds with the FCRA's "basic purpose" of consumer protection. *Id*. at 502. After finding the operative section of the FCRA was "not subject to a range of plausible interpretations" and emphasizing that it "unambiguously bars" the inclusion of a liability waiver, the court concluded, "this is not a 'borderline case.'" *Id*. at 505-506 (citing *Cortez v. Trans Union, LLC*, 617 F.3d 688, 722 (3rd Cir. 2010). Accordingly, the court found that the defendant had acted in "'reckless disregard of statutory duty'" and held its violation was "therefore willful" under 15 U.S.C. § 1681n. *Id*. at 506.

Here, under *Safeco* and *Syed*, Fred Meyer's disclosure was not based on an "objectively unreasonable" interpretation of FCRA's standalone requirement at the time Walker applied for a position. Put another way, it was not unreasonable for Fred Meyer to provide Walker with a disclosure in March 2017 that contained information about an applicant's rights, despite the fact that the Ninth Circuit held in 2020, based on intervening caselaw, that such information *now* violates the standalone requirement. Thus, while Walker insists that the FCRA's standalone provision "is unambiguous, and . . . has been for decades," he fundamentally misconstrues the Ninth Circuit's analysis of the issues on appeal and ignores the timing of Ninth Circuit cases that specifically addressed and defined operative terms in the standalone provision. *See* Resp. 10, ECF 58.

A brief overview of the Ninth Circuit's analysis in *Walker* is instructive and sheds light on Fred Meyer's reasonable efforts to comply with the FCRA. *See* 493 F.3d 1082. First, the court made it clear that it was addressing "as a matter of first impression" what qualifies as a part of the "disclosure" specified in the FCRA's standalone requirement. *Id.* at 1084. Next, after noting that this court had found Fred Meyer's disclosure compliant with the FCRA based on then-existing legal authority, the court further explained, "[a]fter this case was appealed . . . the Ninth Circuit decided *Gilberg*, which forecloses the district court's interpretation[.]" *Id.* at 1088. The court then held, for the first time, that the FCRA's standalone provision means that, "beyond a plain statement disclosing 'that a consumer report may be obtained for employment purposes,' some concise explanation of what that phrase means may be included" as part of the required disclosure. *Id*. Based on that definition, the court ruled the last two paragraphs in Fred Meyer's disclosure failed to comply with the standalone requirement and "should have been provided in a

14 – FINDINGS AND RECOMMENDATIONS

separate document" despite the fact that they appeared to have been included "in good faith." *Id*. at 1089-1090.

Although the Ninth Circuit found part of Fred Meyer's disclosure in violation of the FCRA, it also noted that the "extraneous" language appeared "to provide additional useful information about an applicant's rights," and added, "we understand Fred Meyer's reasons for providing this information." *Id.* at 1090-1091. By contrast, in *Syed*, the Ninth Circuit found the noncompliant liability waiver "would frustrate Congress's goal of guarding a job applicant's right[s]" and that it "comports with no reasonable interpretation" of the FCRA. 853 F.3d at 502, 504. Thus, the Ninth Circuit discussion—far from affirming the FCRA's "unambiguous" standalone requirements as Walker claims—actually shows that the standalone requirements were certainly "less-than-pellucid" at the time of Walker's application for employment. *Safeco*, 551 U.S. at 70.[7]

Further, following *Walker*, the Ninth Circuit issued an unpublished opinion in *Mitchell v. WinCo Foods, LLC*, 828 F. App'x 467 (9th Cir. 2020), that referenced *Walker,* cited *Safeco*, and held that the FCRA violation in that case "was not willful because there was a 'dearth of guidance' as to the definition of 'disclosure' and 'solely' at the time Defendant provided the disclosure to Plaintiff." *Id.* While *Mitchell* is not controlling precedent, it offers helpful insight into the Ninth Circuit's view of its analysis in *Walker*. Because the Ninth Circuit in *Walker* defined the term 'disclosure' in the FCRA for the first time, it is not possible, under the facts of

---

[7] Like the Seventh Circuit noted in *Murray v. New Cingular Wireless Servs., Inc.*, this court recognizes the likelihood that Fred Meyer's FCRA violation "would be reckless *today*" given intervening legal authority. 523 F3d 719, 727 (2008) (emphasis in original). Nonetheless, Fred Meyer's violation "falls well short of raising the 'unjustifiably high risk' of violating the statute necessary for reckless liability." *Safeco*, 551 U.S. at 50.

15 – FINDINGS AND RECOMMENDATIONS

this case, to find Fred Meyer's pre-*Walker* interpretation of that term "objectively unreasonable." *See Safeco*, 551 U.S. at 69, 70 n.20.

Therefore, there is no genuine issue of material fact regarding the question of willfulness, and, as a matter of law, Fred Meyer did not act willfully when it provided Walker with a disclosure that failed to comply completely with the FCRA's standalone requirement. *See Moran v. Screening Pros, LLC*, No. 2:12-cv-05808-SVW-AGR, 2020 WL 4724307, at *5 (C.D. Cal. July 30, 2020) (finding the defendant's misinterpretation of the FCRA was "not objectively unreasonable" and granting defendant's motion for summary judgment on that question).

## RECOMMENDATIONS

Defendant's motion for partial summary judgment (ECF 57) should be granted.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, August 27, 2021. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

//
//
//
//
//
//

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED August 13, 2021.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge
