**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com

Attorneys for Plaintiff and the Alleged Class

(Additional counsel appearing on signature page)

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>                    Defendant. | Case No. 3:17-cv-01791-YY<br><br>**PLAINTIFF DANIEL WALKER'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS** |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................. iii

I.  **INTRODUCTION**..........................................................................................................1

II. **ARGUMENT**..................................................................................................................1

    A.    **Fred Meyer's FCRA Violation Was Willful—The Findings and Recommendations Misconstrue *Syed* and *Gilberg*..** .............................................2

    B.    **The Findings and Recommendations Also Miss the Mark on the "Clear and Conspicuous" Requirement** ...................................................................................10

III. **CONCLUSION** ............................................................................................................14

# TABLE OF AUTHORITIES

*Arnold v. DMG Mori USA, Inc.*, 18-CV-02373-JD,

    2021 WL 1222160 (N.D. Cal. Mar. 31, 2021) ..................................................................... 8

*Barnes v. Chase Home Fin., LLC*, 825 F. Supp. 2d 1057 (D. Or. 2011) ......................................... 1

*Beverly Oaks Physicians Surgical Ctr. v. Blue Cross & Blue Shield of Illinois*,

    983 F.3d 435 (9th Cir. 2020) ............................................................................................... 9

*Diaz-Reynoso v. Barr*, 968 F.3d 1070 (9th Cir. 2020) ................................................................... 9

*Hart v. Massanari*, 266 F.3d 1155 (9th Cir. 2001) ......................................................................... 9

*Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019) ......................... passim

*Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151 (9th Cir. 2020) ............................... 9

*McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309 (9th Cir. 1981) ....... 2

*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) .................................................................... passim

*Walker v. Fred Meyer, Inc.,* 953 F.3d 1082 (9th Cir. 2020) ........................................................... 7

## STATUTES, RULES, REGULATIONS, AND SECONDARY SOURCES

Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* .......................................................... passim

**I.      INTRODUCTION**

Plaintiff Daniel Walker ("Plaintiff" or "Walker") respectfully objects to Magistrate Judge You's "Findings and Recommendations" (Dkt. 72), which recommend granting Defendant Fred Meyer, Inc.'s ("Fred Meyer" or "Defendant") motion for partial summary judgment. Specifically, the Findings and Recommendations incorrectly conclude that Fred Meyer's violation of the FCRA was not willful. In doing so, the Findings and Recommendations misconstrue and misapply on-point Ninth Circuit precedent, specifically the cases of *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) and *Gilberg v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019).

If accepted by this Court, the Findings and Recommendations would frustrate the purpose of the FCRA and create a conflict within the Ninth Circuit. Simply put, *Syed* and *Gilberg* foreclose the conclusions reached by Magistrate Judge You. The Findings and Recommendations should therefore be rejected, and the Court should find that Fred Meyer's FCRA violation was willful and deny Defendant's Motion for Partial Summary Judgment.

**II.     ARGUMENT**

It is well settled that on review of a magistrate judge's report and recommendation, "the district court is charged to make a de novo determination of [any] portion" to which objections are made. *McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *see also Barnes v. Chase Home Fin., LLC*, 825 F. Supp. 2d 1057, 1059 (D. Or. 2011); Fed. R. Civ. P. 72(b)(3). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The Court should set aside the Findings and Recommendations. As the Ninth Circuit has already found, Fred Meyer's disclosure form violates the FCRA. The only question now is

whether that violation was willful. Though the Findings and Recommendations suggest that the answer is "no", Ninth Circuit precedent says otherwise. Because the Findings and Recommendations are incorrect on the law, they should be set aside and the Court should sustain Walker's objections and find that Fred Meyer willfully violated the FCRA.

### A. Fred Meyer's FCRA Violation Was Willful—The Findings and Recommendations Misconstrue *Syed* and *Gilberg*.

The Magistrate Judge erred in concluding that Fred Meyer's FCRA violation was not willful. The first error was committed while attempting to distinguish *Syed*. The Magistrate Judge reasoned that Fred Meyer's disclosure was "not based on an 'objectively unreasonable' interpretation" of the standalone disclosure provision and therefore was not willful. The Findings and Recommendations suggest that somehow *Syed* carves out an exception for "borderline cases". (Dkt. 72 at 13.) However, the "borderline case" language in *Syed* was not referring to the disclosure at issue in that case, but rather the interpretation of the term "solely" in the FCRA more broadly.

Specifically, the Ninth Circuit held that interpreting the FCRA provision at issue was not a "borderline case" because the term "solely" is not ambiguous. As the Ninth Circuit explained:

> We must determine whether M-I's interpretation of 15 U.S.C. § 1681b(b)(2)(A) to permit a liability waiver in a disclosure document crossed the "negligence/recklessness line." *See Safeco*, 551 U.S. at 69, 127 S.Ct. 2201. It is possible to imagine an interpretation of 15 U.S.C. § 1681b(b)(2)(A) that would be objectively unreasonable without rising to the level of recklessness. For instance, the Seventh Circuit has held that a company did not recklessly disregard the FCRA's mandate of "clear and conspicuous" disclosure by using six-point type, even if the company's actions were negligent. *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726–27 (7th Cir. 2008) (Easterbrook, J.) (qualifying that such a practice "would be reckless *today*," given intervening legal authority).
>
> **Here, however, the term we are called upon to construe is not subject to a range of plausible interpretations.** To the contrary, 15 U.S.C. § 1681b(b)(2)(A) unambiguously forecloses the inclusion of a liability waiver in a disclosure document. Thus, we need not consider M-I's subjective interpretation of the FCRA

2

> in determining whether it acted in reckless disregard of the statutory language, and therefore willfully. Indeed, M-I concedes that this question may be resolved purely as a matter of law.[7] Because the statute unambiguously bars M-I's interpretation, whether or not M-I actually believed that its interpretation was correct is immaterial. *See Reardon v. ClosetMaid Corp.*, No. 2:08-cv-01730, 2013 WL 6231606, at *11 (W.D. Pa. Dec. 2, 2013) (holding that there was "no issue of material fact" about whether defendant violated 15 U.S.C. § 1681b(b)(2)(A) willfully and granting plaintiff summary judgment).[8] **Notwithstanding that we are the first federal appellate court to construe Section 1681b(b)(2)(A), this is not a "borderline case."** *See Cortez*, 617 F.3d at 722. An employer "whose conduct is first examined under [a] section of the Act should not receive a pass because the issue has never been decided."

*Syed*, 853 F.3d at 505–06 (emphasis added). Thus, while there may be somewhat of a range of plausible interpretations of the phrase "clear and conspicuous," the same is not true of the word "solely". As the *Syed* Court put it, "[t]he FCRA's employment disclosure provision 'says what it means and means what it says'." *Id.* at 507. Solely means solely, it is not a "borderline case" as to the interpretation of this term.  When a company violates the standalone disclosure requirement by including provisions other than the required standalone FCRA disclosure, the company has chosen to do so despite unambiguous statutory language requiring the opposite. This is what the Ninth Circuit was referring to when it stated that the standalone disclosure requirement was not a "borderline case", and it is why the *Syed* Court found that a violation of the FCRA standalone disclosure requirement is willful.

Additionally, Magistrate Judge You states that "while Walker insists that the FCRA's standalone provision 'is unambiguous, and . . . has been for decades,' he fundamentally misconstrues the Ninth Circuit's analysis of the issues on appeal and ignores the timing of Ninth Circuit cases that specifically addressed and defined operative terms in the standalone provision." (Dkt. 72 at 14.) Respectfully, it is the Findings and Recommendations that misconstrue the Ninth Circuit cases at issue. As the *Syed* Court clearly stated, "the term we are

3

called upon to construe is not subject to a range of plausible interpretations." *Syed*, 853 F.3d at 505.[1] Thus, the Ninth Circuit did not need to "define[] operative terms in the standalone provision" as the Findings and Recommendations suggest—solely is a word that everyone understands and companies do not need appellate courts to define it for them.[2] By using a FCRA disclosure form that contained extraneous information, Fred Meyer not only violated the FCRA but did so willfully. There is no reasonable interpretation of the word "solely" that permits the inclusion of extraneous information.

As a final point on *Syed*, the Findings and Recommendations again misconstrue the Opinion by stating "[p]ut another way, it was not unreasonable for Fred Meyer to provide Walker with a disclosure in March 2017 that contained information about an applicant's rights, despite the fact that the Ninth Circuit held in 2020, based on intervening caselaw, that such information *now* violates the standalone requirement."[3] But lack of authority is not the test. As the Ninth Circuit stated in *Syed*,

> No court of appeals has spoken to the issue of whether a disclosure document provided pursuant to Section 1681b(b)(2)(A) may permissibly include a liability waiver. Nor has an administrative agency promulgated authoritative guidance on the issue.
>
> A lack of "guidance," however, does not itself render MI's interpretation reasonable. The Supreme Court has analogized the assessment of whether a FCRA violation may give rise to a claim for statutory damages to the determination of whether government employees may be held personally liable in suits for damages. *Safeco*, 551 U.S. at 70, 127 S.Ct. 2201. In the qualified immunity context, we have held that "when an officer's conduct is so patently violative of the constitutional right that reasonable officials would know without guidance from the courts that the action was unconstitutional, closely analogous pre-existing case law is not required to show that the law is clearly established." *Boyd v. Benton Cty.*, 374 F.3d

---

[1] The "term" being construed, of course, is the word "solely".

[2] Indeed, the Ninth Circuit in *Syed* and *Gilberg* simply referred to the dictionary.

[3] It is worth noting that Walker was presented the form at issue in this case on March 21, 2017, which was two months ***after*** the *Syed* opinion was filed on January 20, 2017.

4

> 773, 781 (9th Cir. 2004) (internal quotation marks omitted). Similarly, at least one circuit court of appeals has concluded that, in the FCRA context, a "lack of definitive authority does not, as a matter of law, immunize [a party] from potential liability" for statutory damages. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 721 (3d Cir. 2010).
>
> **Despite the apparent dearth of guidance on the issue at the time M-I procured Syed's consumer report, M-I's inclusion of a liability waiver in the statutorily mandated disclosure document comports with no reasonable interpretation of 15 U.S.C. § 1681b(b)(2)(A).** Therefore, we conclude that MI's interpretation was "objectively unreasonable."

*Syed*, 853 F.3d at 503-04 (emphasis added). The Court went on to hold that "[n]otwithstanding that we are the first federal appellate court to construe Section 1681b(b)(2)(A), this is not a 'borderline case.' . . . [a] employer "whose conduct is first examined under [a] section of the Act should not receive a pass because the issue has never been decided." *Id.*

Put another way, "lack of authority" cannot be the test, because, if it were, the violation at issue in *Syed* could not have been willful as it was found to be. After all, the Ninth Circuit's opinion in *Syed* had not been issued at the time the plaintiff in that case was provided with the violative disclosure form. As the Ninth Circuit has held, the statute is not ambiguous. Fred Meyer did not need the Ninth Circuit to explain what the word "solely" means. Rather, "solely" means solely and Fred Meyer ran an "unjustifiably high risk of violating the statute" by including extraneous information in a form that is required by law to standalone. *Syed* 853 F.3d at 507.

Moreover, in another attempt to distinguish *Syed*, the Findings and Recommendations erred in concluding that:

> Although the Ninth Circuit found part of Fred Meyer's disclosure in violation of the FCRA, it also noted that the "extraneous" language appeared "to provide additional useful information about an applicant's rights," and added, "we understand Fred Meyer's reasons for providing this information." *Id.* at 1090-1091. By contrast, in *Syed*, the Ninth Circuit found the noncompliant liability waiver

5

"would frustrate Congress's goal of guarding a job applicant's right[s]" and that it "comports with no reasonable interpretation" of the FCRA. 853 F.3d at 502, 504.

(Dkt. 72 at 15.) However, the Ninth Circuit rejected similar logic in *Gilberg*. *Gilberg* reasoned that *any* extraneous information, even if it may be arguably helpful to an applicant, frustrates the goal of Congress. As the *Gilberg* Court explained:

> Although CheckSmart contends its disclosure form is consistent with the congressional purpose of FCRA because it helps applicants understand their state and federal rights, purpose does not override plain meaning. As *Syed* explained, congressional intent "has been expressed in reasonably plain terms" and "that language must ordinarily be regarded as conclusive." Id. at 500 (quoting Griffin, 458 U.S. at 570, 102 S.Ct. 3245). The ordinary meaning of "solely" is "[a]lone; singly" or "[e]ntirely; exclusively." The American Heritage Dictionary of the English Language 1666 (5th ed. 2011). Because CheckSmart's disclosure form does not consist solely of the FCRA disclosure, it does not satisfy FCRA's standalone document requirement.
>
> CheckSmart, moreover, fails to explain how the surplus language in its disclosure form comports with FCRA's purpose. Its disclosure refers not only to rights under FCRA and under ICRAA applicable to Gilberg, but also to rights under state laws inapplicable to Gilberg and to extraneous documents that are not part of the FCRA-mandated disclosure — e.g., a "Notice Regarding Background Investigation" and a "Summary of Your Rights Under the Fair Credit Reporting Act." **Because the presence of this extraneous information is as likely to confuse as it is to inform, it does not further FCRA's purpose.**

*Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1775-76 (9th Cir. 2019). (also holding that "even 'related' information may distract or confuse the reader.") (emphasis added).

Thus, the Magistrate Judge erred in concluding that "useful information about an applicant's rights" is permitted by the FCRA. *Gilberg* held otherwise. The statute's standalone disclosure provision is unambiguous and there are no implied exceptions. But perhaps more importantly, the Magistrate Judge erred in contrasting this situation with the situation in *Syed*, where the Ninth Circuit held that the violative form would "frustrate Congress's goal" and concluded that the violation was willful. Congress's goal is equally frustrated here, as explained

6

in *Gilberg*. There, as here, the form contained information about *other* rights,[4] "the presence of [which] is as likely to confuse as it is to inform, [thus] it does not further FCRA's purpose". *Gilberg*, 913 F.3d at 1776.

As a final point, the Ninth Circuit in this case held that Fred Meyer's violation was not reasonable. *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1091 (9th Cir. 2020). ("Thus, while we understand Fred Meyer's reason for providing this information to job applicants, we hold that it should have been provided in a separate document, **because the information cannot reasonably be deemed part of a "disclosure ... that a consumer report will be obtained for employment purposes**.") (emphasis added). It cannot "reasonably be deemed part of" a standalone disclosure, because there is no reasonable interpretation of the word "solely" that permits such surplusage. That is enough to constitute a willful violation under *Syed*. Because the statute is unambiguous and Fred Meyer's interpretation is objectively unreasonable, Fred Meyer "ran an unjustifiably high risk of violating the statute . . . [and] acted in reckless disregard of statutory duty. Its violation of the FCRA was therefore willful". *Syed*, 853, F.3d at 506.

Indeed, the Northern District of California recently reached this conclusion in *Arnold v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD, 2021 WL 1222160 (N.D. Cal. Mar. 31, 2021). Addressing many of the arguments at issue in this case, the Court held:

> The remaining question for summary judgment is whether DMG's violations may be deemed willful. A company violates the FCRA "willfully" when it knows that its actions violate the FCRA, or when it displays a "reckless disregard" for its requirements. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 56-57 (2007). **A violation of the FCRA is reckless as a matter of law if it ignored an unambiguous requirement of the statute.** *Syed*, **853 F.3d at 505 & n.7. Consequently, because the FCRA unambiguously requires that a disclosure be provided in a standalone document, a "prospective employer's violation of the**

---

[4] Specifically in this case, rights to inspect GIS's files, rights to bring another person to the inspection, and a right to obtain a complete and accurate disclosure of the scope of any investigation conducted.

> **FCRA is 'willful' when the employer includes terms in addition to the disclosure."** *Id.* at 496.
>
> **These principles make the issue of willfulness straightforward.** DMG's original form contained extraneous references to California, Maine, Minnesota, New York, Oklahoma, Oregon, and Washington law on top of the FCRA disclosure and authorization. *See* Desai Decl., Exh. G at ECF p. 2. This included information about the applicant's rights to inspect consumer reports requested by DMG, to request information about DMG's secure recordkeeping practices, and to request a summary of the applicant's rights, *see id.*, among other information unrelated to disclosing that **"**a consumer report may be obtained for employment purposes," 15 U.S.C. § 1681b(b)(2)(A)(i). **While omitting references to state law, the revised form contained unrelated information about applicants' rights to inspect documents.** *See Walker*, 953 F.3d at 1091 (this "information cannot reasonably be deemed part of" the disclosure required by Section 1681b(b)(2)(A)(i), and so it contravenes the FCRA's "standalone disclosure requirement"). **Consequently, DMG willfully violated the FCRA by including additional terms in its disclosures.**
>
> DMG again tries to reduce its exposure by saying that until *Gilberg* was published in 2019, no authority indicating that its original form failed to comply with the FCRA. But *Syed* rejected a substantially similar argument in 2017. *See Syed*, 853 F.3d at 504 (**"**Despite the apparent dearth of guidance on the issue" at relevant times, the "inclusion of a liability waiver in the statutorily mandated disclosure document comports with no reasonable interpretation of 15 U.S.C. § 1681b(b)(2)(A)."). DMG had the benefit of *Syed* by the time it issued its revised disclosure form in 2019, and so cannot claim that it was in the dark about its obligations under the FCRA.
>
> Summary judgment is granted in favor of plaintiffs on liability and willfulness.

*Arnold v. DMG Mori USA, Inc.*, No. 18-CV-02373-JD, 2021 WL 1222160, at *4 (N.D. Cal. Mar. 31, 2021). (emphasis added.)

In sum, *Syed* and *Gilberg* cannot be distinguished and the Findings and Recommendations should be rejected. As the *DMG* Court found, a company willfully violates the FCRA by including additional terms in its disclosure thereby ignoring the unambiguous text of the FCRA. It is a straightforward case, and willfulness should be found here.

Finally, the unpublished order in *Mitchell v. Winco Foods, LLC* does not provide "helpful insight" as the Magistrate Judge states. (Dkt. 72 at 15.) "Unpublished decisions are not precedent

8

precisely because they are not 'written in a way that will be fully intelligible to those unfamiliar with the case, and the rule of law is not announced in a way that makes it suitable for governing future cases'. . .Thus, contrary to the dissent's urging, we cannot discern the reasoning of those decisions simply from their outcome." *Diaz-Reynoso v. Barr*, 968 F.3d 1070 (9th Cir. 2020) (citing *Hart v. Massanari*, 266 F.3d 1155, 1178 (9th Cir. 2001)). Another Ninth Circuit case, *Beverly Oaks Physicians Surgical Ctr., v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435 (9th Cir. 2020), addressed the citation to two unpublished decisions, rejected them, and held "[t]hose decisions are not binding on us as precedent, and, as such, cannot supersede our holdings in *Spinedex* and *Harlick*, which are binding."

The same is true here of *Syed* and *Gilberg*. An unpublished order in *Winco* cannot supersede the binding *Syed* and *Gilberg* holdings. And *Winco* fits squarely in the category of unpublished dispositions described in *Hart v. Massanari*, 266 F.3d 1155, 1177–78 (9th Cir. 2001). The entire *Winco* order was slightly over two pages in length and the entire "analysis" of willfulness was a single paragraph in length. There is very little to be gleaned from such a short, conclusory, unpublished order. Stated simply, there's a reason that such orders are not considered precedent. *Winco* also directly conflicts with Syed by citing a "dearth of guidance" as to the definition of "solely" and "disclosure". The *Syed* Court held that lack of guidance doesn't render an objective unreasonable interpretation reasonable. And no one needs an appellate court to define "solely" and "disclosure" for them. Thus, not only is *Winco* not precedent, it is not persuasive. This Court should follow *Syed* and *Gilberg* and reject *Winco*.

### B.     The Findings and Recommendations Also Miss the Mark on the "Clear and Conspicuous" Requirement

Finally, the Magistrate Judge erred in concluding that Fred Meyer's form did not violate the "clear and conspicuous" requirement.

The FCRA requires employers to make a "clear and conspicuous" written disclosure to employees and job applicants when the employer intends to procure a consumer report. 15 U.S.C. § 1681b(b)(2)(A)(i). Each prong of this analysis carries its own meaning: a disclosure is clear if it is "reasonably understandable," and it is conspicuous if it is "readily noticeable to the consumer." *Gilberg*, 913 F.3d at 1176-77 (citing *Rubio v. Capital One Bank*, 613 F.3d 1195, 1200 (9th Cir. 2010)); *see also Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151, 1153 (9th Cir. 2020).

The question of clarity focuses on the content and language of the disclosure, while the question of conspicuousness is centered on formatting and presentation. For instance, in *Gilberg*, the Ninth Circuit held that a disclosure form was unclear because (1) it contained language that a reasonable person wouldn't understand, and (2) it combined federal and state disclosures. 913 F.3d at 1177. On the other hand, the form was held to be conspicuous because it was formatted clearly:

> CheckSmart capitalized, bolded and underlined the headings for each section of the disclosure and labeled the form so an applicant could see what she was signing. Although the font is small and cramped (we think inadvisably so), it is legible. All relevant information appears on the front of the page and the headings help applicants understand the purpose of the form.

*Id.* As a result, the Court found that the defendant was not entitled to summary judgment because its form was not clear *and* conspicuous, as the statute requires. *Id.* at 1177–78.

10

The analysis is no different here. While Fred Meyer may have made its disclosure conspicuous by presenting it on its own page and with a heading, the contents of the form render it unclear in two ways: (1) first, the form contains language that is not easily understood and would confuse a reasonable reader and (2) second, the form contains additional disclosures (in the two paragraphs held to be unlawful by the Court of Appeals) that muddy the form's purpose.

The Disclosure's third paragraph contains the following language:

> To prepare the reports, GIS may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and *any other information with public or private information sources.*"

(Dkt. 24–3) (emphasis added). This paragraph lists several information sources that will be investigated, and the final listed item is not easily understood—the phrase "any other information with public or private information sources" could seemingly apply to any and every piece of data that may exist for a given job applicant. Further, the ambiguous language provides no clue as to the difference between a "public information source" and a "private information source," nor any explanation as to why Fred Meyer or GIS is permitted to access "any" private information source when performing its investigation. This expansive language could certainly confuse the average reader, as GIS is declaring an intent to scour any unknown, *private* information sources in conducting its investigation. This language is not reasonably understandable.

Second, the following sentence is the fifth and final substantive paragraph of Defendant's form: "If GIS obtains any information by interview, you have the right to obtain a complete and accurate disclosure of the scope and nature of the investigation performed." (Dkt. 24–3.) As written, this sentence doesn't make sense. Fred Meyer seems to refer to an investigative report "nature and scope" disclosure, which the FCRA mandates must be provided on request. 15

11

U.S.C. § 1681d(b). But according to the language in this paragraph, such additional disclosure is apparently only available if GIS obtains any information by interview. (Dkt. 24–3.) If GIS prepares an investigative consumer report that does not include any interviews, are applicants then denied their right to an additional disclosure? This sentence fails to communicate the actual requirements of the FCRA regarding an additional "nature and scope disclosure" (which should not be included in this "stand-alone" form to begin with), and it creates a disconnect between "obtains information by interview" and "the investigation performed" such that the language is unclear and confusing to a reasonable reader as to what GIS will do and what the consumer has a right to later obtain. Sentences that contain unclear subjects and fail to properly communicate information to readers are precisely what may be considered in a clarity analysis. *See Gilberg*, 913 F.3d at 1177.

The Magistrate Judge concluded that the question of whether the fourth and fifth paragraphs of the form at issue were "clear and conspicuous" was not before this Court. (Dkt. 72 at 9.) However, simply because the Ninth Circuit found that the form violated the standalone requirement because of the fourth and fifth paragraphs doesn't mean that the form cannot also violate the standalone requirement as well. Indeed, the *Gilberg* Court found a violation of both requirements in the same form. *Gilberg*, 913 F.3d at 1178 ("We hold that the district court erred by concluding that the standalone document requirements of FCRA and ICRAA were satisfied here. We further hold that CheckSmart's disclosure satisfies the FCRA and ICRAA requirements for conspicuousness but not for clarity."). These are separate and distinct requirements and this Court is not precluded from analyzing the form in its entirety to make a "clear and conspicuous" determination simply because the form has already been found to violate the standalone

requirement. The Findings and Recommendations erred in this regard and the analysis should be conducted.

And when the analysis is conducted, just as was the case in *Gilberg*, Fred Meyer's form is unclear due to extraneous information contained in the fourth and fifth paragraphs. The Ninth Circuit found the combination of federal and state disclosures to render a disclosure form unclear because it blurred the purpose of the form and the rights at issue. *See Gilberg*, 913 F.3d at 1177. The same is true here, where Fred Meyer's fourth and fifth paragraph refer to additional rights to inspect files and request additional disclosures. The Ninth Circuit pointedly held that these two paragraphs, which should have been provided in a different document, resulted in a form that failed to stand alone because "the information cannot reasonably be deemed part of a 'disclosure . . . that a consumer report will be obtained for employment purposes." *Walker*, 953 F.3d at 1091. These extraneous disclosures render Fred Meyer's form unclear and confusing to consumers because the purpose of the disclosure is muddled, and any reasonable reader would be confused as to what rights are at issue.[5]

Though it may be conspicuous, a factfinder could conclude that Fred Meyer's form is unclear—it contains language and extraneous information that is not easily understood, and it certainly is not clear as a matter of law. Accordingly, Defendant is not entitled to summary

---

[5] As the Ninth Circuit noted in this case, "[o]f course, any discussion of investigative consumer reports must not be confusing—it is still subject to the clear and conspicuous requirement. Thus, Walker's arguments that the disclosure statement's language confusingly 'blurs the line between consumer reports and investigative reports' such that the reader cannot understand what information will be obtained about him, including by omitting any mention of credit worthiness or credit capacity in the first and third paragraphs, are better directed to the clear and conspicuous requirement." 953 F.3d at 1090.

13

judgment in its favor on the issue of a "clear and conspicuous" disclosure, and the Court should therefore reject the Findings and Recommendations for this reason as well.

### III.   CONCLUSION

For the reasons set forth above, Plaintiff Walker respectfully requests that the Court reject the findings and recommendations of the magistrate judge and deny Defendant Fred Meyer's Motion for Partial Summary Judgment.

Dated: August 27, 2021                              Respectfully submitted,

                                                    /s/ Patrick H. Peluso

                                                    Steven L. Woodrow*
                                                    swoodrow@woodrowpeluso.com
                                                    Patrick H. Peluso*
                                                    ppeluso@woodrowpeluso.com
                                                    Taylor T. Smith*
                                                    tsmith@woodrowpeluso.com
                                                    Woodrow & Peluso, LLC
                                                    3900 East Mexico Ave., Ste. 300
                                                    Denver, CO 80210
                                                    Main: 720-213-0675
                                                    Fax: 303-927-0809

                                                    **Neal Weingart**
                                                    Neal Weingart Attorney at Law, LLC
                                                    1001 SW Fifth Ave.
                                                    Suite 1415
                                                    Portland, OR 97204
                                                    503-379-9933
                                                    Email: neal@nealweingartlaw.com


                                                    *Pro Hac Vice*

                                                    *Attorneys for Plaintiff and the Putative Class*

14

**CERTIFICATE OF COMPLIANCE**

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 4,535 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

/s/ Patrick H. Peluso

## **CERTIFICATE OF SERVICE**

    I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on August 27, 2021.

                                                      /s/ Patrick H. Peluso