**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
**John C. Clarke**, OSB No. 153245
John.clarke@millernash.com
MILLER NASH LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 224-5858
Facsimile:  (503) 224-0155

**Faith C. Whittaker**, Ohio State Bar No. 0082486
(*admitted pro hac vice*)
faith.whittaker@dinsmore.com
**Michael B. Mattingly**, Ohio State Bar No. 0089847
(*admitted pro hac vice*)
michael.mattingly@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio  45202
Telephone:  (513) 977-8397
Facsimile:  (513) 977-8141

         Attorneys for Defendant
         Fred Meyer, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>       Defendant. | CV No. 3:17-cv-01791-YY<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |

Page i -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and
            Recommendations

4838-1943-2186.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT.........................................................................................................1

        A.      Judge You Correctly Found That Fred Meyer's Violation of the FCRA's
                Standalone Disclosure Provision was not Willful As A Matter of Law ..................1

        B.      Judge You Correctly Determined that Fred Meyer's Disclosure was
                "Clear and Conspicuous" as required by the FCRA................................................9

III.    CONCLUSION....................................................................................................15

4838-1943-2186.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## TABLE OF AUTHORITIES

*Arnold v. DMB Mori USA, Inc.*, Case No. 18-CV-02373-JD, 2021 WL 1222160
(N.D. Cal. Mar. 31, 2021) ..................................................................................................8

*Cullett v. United States*, No. CR 92-750-AWT, 2017 U.S. Dist. LEXIS 140683,
2017 WL 3616432 (C.D. Cal. Aug. 22, 2017) ....................................................................7

*Gilberg [v. Cal. Check Cashing Stores, LLC,* 913 F.3d 1169 (9th Cir. 2019)] .........................6, 10

*Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151 (9th Cir. 2020) .............................10

*Mitchell v. Winco Foods, LLC,* 828 F. App'x 467 (9th Cir. 2020).......................................6–8, 11

*Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47 (2007) ...............................................1–3, 8, 9

*Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) ...............................................2, 4–5, 13

*United States v. Cote*, 51 F.3d 178 (9th Cir. 1995)........................................................10

*United States v. Moore*, 2018 U.S. Dist. LEXIS 10405 (D. Oregon Jan. 19, 2018).......................7

*Walker v. Fred Meyer, Inc.*, 953 F.3d 1082 (9th Cir. 2020) .............................3, 5–6, 8, 10–11, 13

15 U.S.C. § 1681b(b)(2)(a)(i) ...............................................................................1, 8–9, 13

15 U.S.C. § 1681n.............................................................................................................2

Fed. R. App. P. 32.1.........................................................................................................7

*Id.* at 495–96 (9th Cir. 2017) ...........................................................................................4

*Id.* at 505–06 ................................................................................................................4

Ninth Cir. R. 36-3(b), Rule 32.1 ........................................................................................7

4838-1943-2186.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

## I.    INTRODUCTION

On August 13, 2021, Magistrate Judge You issued Findings and Recommendations in this matter recommending that Defendant Fred Meyer, Inc.'s Motion for Partial Summary Judgment (Doc. 57) be granted in its entirety.  (Doc. 72).  On August 27, 2021, Plaintiff Daniel Walker filed Objections to the Findings and Recommendations. (Doc. 75). Plaintiff's Objections are not well taken, and for the reasons outlined below they should be rejected and Judge You's Findings and Recommendations should be adopted by this Court.

## II.    ARGUMENT

In her Findings and Recommendations, Judge You recommended granting Fred Meyer's Motion for Partial Summary for two primary reasons. First, Fred Meyer did not willfully violate the Fair Credit Reporting Act ("FCRA") when it provided Plaintiff its FCRA disclosure form (hereinafter "Disclosure") on March 21, 2017 as part of his job application.  Second, the first three paragraphs of the Disclosure were "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(a)(i). For the reasons outlined below, both findings are supported by the sound legal analysis and interpretation of prevailing Ninth Circuit law and persuasive authority. Thus, the Findings and Recommendations should be adopted in their entirety.

### A. Judge You Correctly Found that Fred Meyer's Violation of the FCRA's Standalone Disclosure Provision was not Willful As A Matter of Law.

Judge You found that Fred Meyer's violation of 15 U.S.C. § 1681b(b)(2)(a)(i)'s standalone disclosure requirement did not rise to the level of a "willful" violation as a matter of law. For the reasons below, her legal analysis and holding should be adopted by this Court.

Page 1 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

The Supreme Court identified the contours of a "willful" FCRA violation in the seminal case *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).   The Findings and Recommendations succinctly identified the relevant standard as follows:

> An FCRA violation is "willful" under 15 U.S.C. § 1681n if it is made either knowingly or with "reckless disregard" for the requirements imposed under the Act. See *Safeco*, 551 U.S. 56-60. An employer acts in "reckless disregard" when "the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."

(Doc. 72, at 12 (citing *Safeco*, 551 U.S. at 69)).  Accordingly, to argue that Fred Meyer's Disclosure constituted a willful violation of the FCRA, the Court must find that the Disclosure was issued: (i) based on an "unreasonable" understanding of the statute; and (ii) in "reckless disregard" of the same.

Any analysis of whether a party willfully violated the FCRA must begin by applying the *Safeco* standard to the facts of the case, just as Judge You did here.  In *Safeco*, the Court ultimately ruled that *Safeco* did not commit "reckless violations" of the FCRA, even in light of a technical violation of the statute. The *Safeco* Court declined to find reckless violations where the FCRA was "silent" on the meaning of the contested terms at issue and where the defendants did not have "the benefit of guidance from the courts of appeals or the Federal Trade Commission . . . that might have warned [them] away from the view that [they] took." In light of this lack of guidance, the *Safeco* court "recognize[d] that [Safeco's] reading has a foundation in the statutory text," and found, ultimately, that Safeco's interpretation, "albeit erroneous, was not objectively unreasonable." *Id.* at 551 U.S. 69–71. Thus, the Court held, Safeco's misreading of the statute 'was not reckless'" and thus not willful. *Id.*

Page 2 -   Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Judge You's Findings and Recommendations properly applied *Safeco's* principles

described above to the facts of this case and aptly determined that Fred Meyer's violation of the

statute was not willful as a matter of law. Specifically, Judge You found as follows:

> Here, under *Safeco* and *Syed*, Fred Meyer's disclosure was not based on an
> "objectively unreasonable" interpretation of FCRA's standalone requirement at the
> time Walker applied for a position. Put another way, it was not unreasonable for
> Fred Meyer to provide Walker with a disclosure in March 2017 that contained
> information about an applicant's rights, despite the fact that the Ninth Circuit held
> in 2020, based on intervening caselaw, that such information now violates the
> standalone requirement. Thus, while Walker insists that the FCRA's standalone
> provision "is unambiguous, and . . . has been for decades," he fundamentally
> misconstrues the Ninth Circuit's analysis of the issues on appeal and ignores the
> timing of Ninth Circuit cases that specifically addressed and defined operative
> terms in the standalone provision.

(Doc. 72, at 15).

Judge You's analysis is legally sound and unassailable. If, as required by *Safeco*, the Court

looks to the status of the law *at the time Fred Meyer issued its Disclosure to Plaintiff*, the only

reasonable conclusion that can be drawn is that Fred Meyer's interpretation of the FCRA was not

so reckless as to render the inclusion of the Disclosure's fourth and fifth paragraphs a willful

violation of the law. While the Ninth Circuit has now ruled that the last two paragraphs of Fred

Meyer's Disclosure exceeded the permissible scope of an FCRA "disclosure," the contours of that

term were not articulated by the Ninth Circuit prior to its ruling in *Walker.* As the Ninth Circuit

stated, *Walker* considered the outlines of a "disclosure" "as a matter of first impression." (Doc. 72,

at 14) (citing *Walker v. Fred Meyer, Inc.*, 953 F.3d 1082, 1084 (9th Cir. 2020).

Additionally, at the time Fred Meyer issued its disclosure in March 2017, a significant body

of case law and FTC opinions confirmed that additional information could legally be included

within an FCRA Disclosure, so long as that information furthered the FCRA's purpose. (*See* Doc.

Page 3 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and
            Recommendations

4838-1943-2186.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

38, at 6–10 (Findings and Recommendations adopted in relevant part by this Court) (discussing collected cases within the Ninth Circuit permitting additional information to be included in an FCRA disclosure)).  Based these precedents alone, Fred Meyer never ran a substantial risk of violating the statute, and thus did not engage in willful conduct.

Plaintiff's Objections almost entirely ignore binding Supreme Court precedent in *Safeco*. Notably, his Objections fail to adequately address *Safeco*'s evaluation of existing guidance to decide issues of willfulness. Instead, Plaintiff's Objections rely almost entirely on the Ninth Circuit's ruling in *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017) to the near exclusion of *Safeco*.

In *Syed*, the Ninth Circuit found that an employer violated the FCRA's standalone disclosure provision by including a liability waiver in its disclosure.  *Id.* at 495–96 (9th Cir. 2017) ("This case presents a question of first impression in the federal courts of appeals: whether a prospective employer may satisfy the Fair Credit Reporting Act's ("FCRA") disclosure requirements by providing a job applicant with a disclosure that 'a consumer report may be obtained for employment purposes' which simultaneously serves as a liability waiver for the prospective employer and others."). *Syed* further held that inclusion of a liability waiver in the disclosure was willful, simply because the waiver was at odds with the FCRA's "basic purpose" of consumer protection and that prohibition was unambiguous.  *Id.* at 505–06.

Plaintiff's Objections cite *Syed* for the proposition that the FCRA was "unambiguous" as to what can be included in a disclosure, and accordingly argues that Fred Meyer's inclusion of two paragraphs of simple, informative language must constitute a willful violation of the statute:

> As the *Syed* Court put it, "[t]he FCRA's employment disclosure provision 'says what it means and means what it says'." Id. at 507. Solely means solely, it is not a "borderline case" as to the interpretation of this term. When a company violates the standalone disclosure requirement by including provisions other than the required

Page 4 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

standalone FCRA disclosure, the company has chosen to do so despite unambiguous statutory language requiring the opposite.

However, this reference is a non-sequitur. Neither party in this case disputes that the word "solely" in the statute means "solely." In fact, the definition of "solely" has nothing to do with whether genuine ambiguities existed in the available FCRA precedent with respect to the term "disclosure" at the time Fred Meyer issued the Disclosure. Instead, a genuine ambiguity existed with respect to the term "disclosure" when Fred Meyer provided the Disclosure in March of 2017, a term for which the Ninth Circuit had never defined its appropriate scope.

It is worth noting that the *Syed* decision, which forms the crux of Plaintiff's argument, was issued on March 20, 2017: (i) one day before Plaintiff received and executed the Disclosure; and (ii) after Plaintiff began his application process with Fred Meyer.[1] Thus, even if *Syed* was controlling on the issue of willfulness (it is not given the substantial development in FCRA in the four years following *Syed*), Fred Meyer could not have acted in "reckless disregard" of the statute by failing to interpret and amend the Disclosure within *one day* of that decision.

Moreover, Plaintiff's fundamental argument—that Fred Meyer's interpretation of the FCRA on March 21, 2017 was unreasonable due to the analysis of the Ninth Circuit's decision in *Syed*—is also fundamentally flawed because it wholly ignores the Ninth Circuit's development of the law in the four years following that case, including precedents established in this very case.

Specifically, on March 20, 2020, the Ninth Circuit granted in part and remanded in part Fred Meyer's prior Motion to Dismiss the various counts of Plaintiff's Complaint. *Walker v. Fred*

---

[1] Plaintiff's Objections incorrectly assert that *Syed* was issued in January 2017 in an effort to increase the time between the opinion and Plaintiff's receipt of the Disclosure. However, a review of the published opinion establishes that *Syed* was published on March 20, 2017. *See* 853 F.3d 492.

Page 5 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

*Meyer, Inc.*, 953 F.3d 1082 (9th Cir. 2020) (on the docket of this Court as Doc. 52) (hereinafter *Walker*). Thus, any analysis of whether the Disclosure constituted a willful violation of the FCRA must necessarily consider *Walker,* as it is the only Circuit Court precedent analyzing the actual Disclosure in this case. Obviously, no other Ninth Circuit opinion is more on point from a factual perspective than *Walker*. Judge You's Findings and Recommendations astutely recognized that fact, and appropriately drew several of her conclusions from *Walker* in route to finding that Fred Meyer's violation was not willful as a matter of law.

Judge You was correct to note that *Walker* explicitly stated that the question of precisely what information can be considered part of a legal "disclosure" was decided therein as "a matter of first impression." (Doc. 72, at 14 (citing *Walker*, 953 F.3d at 1084). The Findings and Recommendations also correctly note that, in contrast to *Syed*'s holding that the inclusion of a liability waiver, "would frustrate Congress's goal of guarding a job applicant's rights," *Walker* acknowledged that, despite being extraneous information, the final two paragraphs of Fred Meyer's Disclosure were included "in good faith" "to provide additional useful information about an applicant's rights." (*Id.* at 15 (internal citations omitted).

*Walker* further illustrates that Fred Meyer's interpretation of the FCRA was not reckless at the time Fred Meyer issued the Disclosure to Plaintiff.  Specifically, *Walker* noted that, in initially granting Fred Meyer's Motion to Dismiss Plaintiff's Complaint, this Court determined the Disclosure was compliant with the FCRA based on then-existing legal authority. In overturning this Court's holding, the Ninth Circuit clarified, "[a]fter this case was appealed . . . the Ninth Circuit decided *Gilberg* [*v. Cal. Check Cashing Stores, LLC*, 913 F.3d 1169 (9th Cir. 2019)], which

Page 6 -     Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and
             Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

forecloses the district court's interpretation[.]" The foregoing sentence requires a finding that Fred

Meyer's violation of the FCRA was not willful as a matter of law.

If, as the Ninth Circuit held in *Walker*, *Gilberg* "foreclosed" this Court's original opinion

agreeing with Fred Meyer's interpretation of the FCRA, it stands to reason that prior to the issuance

of *Gilberg* on January 29, 2019, the legal analysis adopted by both Fred Meyer and this Court had

not been "foreclosed." In other words, as of January 29, 2019, the analysis was persuasive.

Accordingly, it cannot follow that Fred Meyer's actions were both "unreasonable" and "reckless"

at the time it provided the Disclosure to Plaintiff two years before *Gilberg*. Because Plaintiff's

Objections on the issue of willfulness completely ignore *Gilberg's* language, they are unavailing.

Plaintiff's Objections also take issue with Judge's You's citation to *Mitchell v. Winco*

*Foods, LLC*, 828 F. App'x 467 (9th Cir, 2020), an unpublished case where the Ninth Circuit held

that a disclosure form with language remarkably similar to the language at issue here did not

constitute a willful violation of the law, despite technically violating the FCRA. Plaintiff argues

that *Mitchell* is not binding precedent on this Court and accordingly should not have been cited in

the Findings and Recommendations.

Plaintiff is correct that *Mitchell* is not binding precedent. In fact, Judge You clearly

articulated that *Mitchell* "is not controlling precedent." (Doc. 72, at 15).  Although *Mitchell* is

precisely on point and signals how the Ninth Circuit would likely view the question presented in

this case on appeal, this Court is not required to adhere to its holding under Ninth Circuit rules of

appellate procedure.  However, both Fred Meyer and this Court are permitted to cite unpublished

Ninth Circuit opinions issued after January 1, 2007:

> Defendant rightly points out that these are unpublished cases and are not binding
> precedent. Ninth Cir. R. 36-3(a) (unpublished dispositions are not precedent).

Page 7 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and
            Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

However, unpublished dispositions issued on or after January 1, 2007, may be cited in accordance with Federal Rule of Appellate Procedure 32.1. Ninth Cir. R. 36-3(b). Rule 32.1 states that a court may not prohibit or restrict the citation of federal judicial opinions that have been designated as unpublished. Fed. R. App. P. 32.1. The committee notes to Rule 32.1 "make[] clear [that] the import of Rule 32.1 is to allow parties, and, as here, the court, to cite such unpublished dispositions for persuasive value." *Cullett v. United States*, No. CR 92-750-AWT, 2017 U.S. Dist. LEXIS 140683, 2017 WL 3616432, at *4 n.3 (C.D. Cal. Aug. 22, 2017). Because these decisions are recent and address the precise issue raised by Defendant, I rely on them as highly persuasive authority.

*United States v. Moore*, 2018 U.S. Dist. LEXIS 10405 (D. Oregon Jan, 19, 2018).

Given that this Court is permitted (although not required) to rely on the *Mitchell* opinion for guidance, Judge You correctly considered *Mitchell*. In that case, the Ninth Circuit found that the issuance of an FCRA disclosure form with language nearly identical to paragraph five of Fred Meyer's Disclosure did not constitute a willful violation of the statute. In affirming the dismissal of plaintiff-appellant's claim, *Mitchell* concluded that the defendant did not "willfully" violate the FCRA by including extraneous information because there was a "dearth of guidance" as to the definition of "disclosure" and "solely" at the time it provided its form to the plaintiff. Thereby, *Mitchell* determined that defendant's interpretation of the FCRA's requirement was not "objectively unreasonable." *Mitchell*, 828 F. App'x at 468 (9th Cir, 2020) (*citing Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 769 (2007)) (emphasis added). Judge You's decision to look to *Mitchell* as helpful guidance (as opposed to binding precedent) was appropriate.

Plaintiff's argument that this court should ignore *Mitchell* as non-binding precedent is ironic considering that his Objections to the Findings and Recommendations rely heavily upon on a recent case that similar to *Mitchell*, is not binding authority on this Court—*Arnold v. DMG Mori USA, Inc.*, Case No. 18-CV-02373-JD, 2021 WL 1222160 (N.D. Cal. Mar. 31, 2021), an opinion issued in March 2021 by a court in the Northern District of California. That opinion, which found

Page 8 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and
            Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

that the inclusion of certain extraneous information in an FCRA disclosure form constituted a willful violation of the statute is substantially less instructive than *Mitchell*, because it: (i) is from a lower court; (ii) failed to analyze *Walker* to the degree that *Mitchell* did; and (iii) it failed to even acknowledge that *Walker* provided the definition of the term "disclosure" for the first time in March 2020.  Thus, Judge You was correct to rely on *Mitchell* as the more persuasive of the two non-binding opinions cited by the parties.

Finally, Plaintiff's Objections make much of the fact that *Walker* states: "while we understand Fred Meyer's reason for providing this information [in the fourth and fifth paragraphs of the Disclosure] to job applicants, we hold that it should have been provided in a separate document, because the information cannot reasonably be deemed part of a 'disclosure . . . that a consumer report will be obtained for employment purposes.'" *Walker*, 953 F.3d at 1901 (quoting 15 U.S.C. § 1681b(b)(2)(a)(i))).  Contrary to Plaintiff's assertions, this language does not elucidate whether Fred Meyer willfully violated the FCRA as a matter of law.

As noted above, the Supreme Court in *Safeco* held that a willful violation of the FCRA must be *both* "objectively unreasonable" and "reckless" (i.e. "the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."). *Safeco*, 551 U.S. at 69. However, the term "disclosure" was not analyzed by the Ninth Circuit impression until three years later. Moreover, the precedent available as of March 21, 2017 indicates conclusively that Fred Meyer's interpretation of the FCRA at that time was not such that the company ran a risk of violating the law substantially greater than the risk associated with a merely careless reading of the law. Accordingly, Judge You correctly found that Fred Meyer's violation of the FCRA was not willful as a matter of law.

Page 9 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Although the Ninth Circuit ultimately ruled that the fourth and fifth paragraphs of Fred

Meyer's Disclosure were extraneous and their inclusion constituted technical violations of the

FCRA, reviewing Fred Meyer's analysis in the context of available guidance at the time (as

required by *Safeco*) demonstrates that Fred Meyer did not act recklessly in providing its Disclosure

to Plaintiff. Accordingly, Judge You's finding that Fred Meyer's violation of the FCRA was not

"willful" as a matter of law should be adopted by this Court.

**B. Judge You Correctly Determined that Fred Meyer's Disclosure was "Clear and Conspicuous" as required by the FCRA.**

In addition to finding that Fred Meyer's violation of the FCRA's standalone disclosure

requirement was not willful, Judge You also found that Fred Meyer's Disclosure was both "clear"

and "conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(a)(i). For the reasons outlined below,

Judge You's findings on this point were correct and should be adopted by the Court.[2]

As an initial matter, Judge You was correct to review only the first three paragraphs of

Fred Meyer's five (5) paragraph Disclosure under the clear and conspicuous standard. The

mandate issued to this Court on remand by the Ninth Circuit was certain on this point:

> As a result of these circumstances—and because Walker's arguments about lack of clarity are not addressed by *Gilberg*—**we decline to reach the issue of whether the first through third paragraphs of the Disclosure satisfy the FCRA's "clear and conspicuous" requirement**. *See* 15 U.S.C. § 1681b(b)(2)(a)(1). We leave it to the district court to determine in the first instance whether the language **of those paragraphs** is sufficiently clear under the reasonable person standard set forth in *Gilberg*.

*Walker*, 953 F3d at 1091 (emphasis added). As Judge You explained, "[a] district court, upon

receiving the mandate of an appellate court 'cannot vary it or examine it for any purpose other than

---

[2] Plaintiff concedes that the Disclosure was "conspicuous" as required by the statute, so Fred Meyer limits its arguments on this issue to Judge You's analysis and finding that the Disclosure was also "clear."

Page 10 -   Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

execution.'" (Doc. 72 (citing *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995), as amended on denial of reh'g (June 2, 1995)). On remand from the Ninth Circuit, this Court must limit its analysis to those questions remanded by the Circuit Court. (*Id*).

The Ninth Circuit defines the "clear" element of "clear and conspicuous" as "reasonably understandable." *See Gilberg*, 913 F3d at 1176. In *Gilberg*, the seminal case in this Circuit on the clear and conspicuous standard, the Ninth Circuit found that the disclosure there was not "clear" because it contained language that "a reasonable person would not understand," "would confuse a reasonable reader because it combine[d] state and federal disclosures," and contained an incomplete and grammatically incorrect sentence. *Id.* at 1153–54. In contrast, the Ninth Circuit has held that an FCRA disclosure is "clear" when it provides notice to a consumer in "plain language" and in a "reasonably understandable form." *Luna v. Hansen & Adkins Auto Transp., Inc.*, 956 F.3d 1151, 1153–54 (9th Cir. 2020).

The Findings and Recommendations appropriately applied *Gilberg's* standard for clarity to the facts of this case, finding that the first three (3) paragraphs of Fred Meyer's disclosure were "clear." As Judge You noted, Fred Meyer's short, simple Disclosure avoids the pitfalls that resulted in disclosures in other cases being declared "unclear." Notably, the Disclosure does not contain any grammatical errors, vague language, or any of the obvious surplusage previously declared as unclear by the Circuit Court. (*See* Doc. 72, at 10).

Furthermore, Judge You appropriately compared the Disclosure with very similar language in another disclosure found to be "clear" by the Idaho District Court in *Mitchell v. Winco Foods, LLC,* 379 F. Supp. 3d 1093 (May 9, 2019). Specifically, Judge You found that, like the disclosure in *Mitchell*, the Disclosure in this case, "provided applicants with helpful information about what

Page 11 -   Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and
            Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

information will be collected, who will be collecting the information, and how the information will be obtained." (Doc. 72, at 10). Finally, Judge You again referred to *Walker*, correctly noting that the Ninth Circuit articulated no confusion regarding the Disclosure's clarity when discussing its contents. (*Id.*). The foregoing analysis by Judge You was sound and should be adopted by this Court.

Plaintiff's Objections focus on two sections of the Disclosure that Plaintiff alleges renders the Disclosure unclear. The first is the third paragraph, which reads in its entirety:

> "To prepare the reports, GIS may investigate your education, work history, professional licenses and credentials, references, address history, social security number validity, right to work, criminal record, lawsuits, driving record and any other information with public or private information sources."

(Doc. 52, at 18).

However, that single sentence, read in its entirety, is understandable and would not confuse a "reasonable" person. The one sentence third paragraph merely alerts the consumer to the fact that GIS may conduct a robust search of sources in its efforts to obtain information that may be relied on by Fred Meyer in "hiring, contract, assignment, promotion, reassignment, and termination" decisions. (Ex. B). To underscore that the search being authorized may include a variety of records and allow the consumer to decide whether or not to authorize the same, the sentence identifies nine (9) specific data types that may be reviewed, before finally indicating that GIS may also review other public or private information sources.

Based on the totality of the sentence, it is evident this single sentence is understandable to a reasonable person. While the sentence does not represent an exhaustive list of each and every data source GIS may review for each consumer in every situation, it does allow a "fair" reader to understand generally that GIS, if authorized, may review a myriad of data types and sources

Page 12 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

available to it.[3] This is especially true considering the "other information" language follows a list of nine (9) different data types that GIS may review. Given that the "other information" language is embedded as part of a list of nine (9) types of data that Plaintiff does not argue are confusing, it is obvious that the single sentence in the third paragraph, taken as a whole, is understandable to a reasonable person, and is thus "clear."

Importantly, in this context, a "reasonable" person is not the Plaintiff (or his Counsel), who has a significant vested interest in parsing the Disclosure's sentence structure and individual word choice to identify purported ambiguities. The common usage and meaning of the single sentence in the third paragraph is unmistakable and a "reasonable" person would find its meaning readily apparent. Placed in the proper context, it is evident that the normal, reasonable consumer who received the Disclosure upon application at Fred Meyer, would understand that Fred Meyer is seeking authorization to thoroughly review the applicant's background information to make employment-related decisions based on the information obtained.

The second portion of the Disclosure that Plaintiff claims is unclear are the fourth and fifth paragraphs. As articulated above, given the Ninth Circuit's express mandate, the Court should not consider any argument on these paragraphs due to the limitations of this Court's charge on Remand. However, even if the Court reviews these paragraphs, it is evident that they also satisfy the clarity standard.

Plaintiff argues that paragraphs four and five are unclear because they are extraneous to the FCRA's standalone disclosure requirement. (Doc. 75, at 16). However, the fact that the

---

[3] Fred Meyer submits that it would be nearly impossible to include an exhaustive list of each and every possible type of data that GIS may review in the context of obtaining individualized consumer reports across varying jurisdictions, without running the risk of additional legal liability for including too much information in the Disclosure.

Page 13 -   Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

4838-1943-2186.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

Disclosure technically violates the 15 U.S.C. § 1681b(b)(2)(A)(i) "stand alone" requirement does not automatically mean that the Disclosure also fails the clarity requirement as Plaintiff suggests. To the contrary, the Ninth Circuit has held the exact opposite on more than one occasions, finding that such violations are not synonymous. See *Syed,* 853 F.3d 492 (9th Cir. 2017) ("Because the question of whether a disclosure is 'clear and conspicuous' within the meaning of Section 1681b(b)(2)(A)(i) is separate from the question of whether a document consists "solely" of a disclosure, and is not one that is before us here, we decide only that including the waiver violated the statute's "solely" requirement"); *Walker*, 953 F.3d 1082 (9th Cir. Mar. 23, 2020) (issued ruling on "stand alone" argument without deciding whether the remaining language in defendant's disclosure satisfied the "clear and conspicuous" requirement).

Applying the correct standards to paragraphs four and five, i.e. "reasonably understandable" and "reasonable person," it is evident that the Disclosure is "clear" as a matter of law. Specifically, paragraph four is written in plain language that any reasonable applicant could understand. It explains in a straight forward manner that the consumer has a right to review the files GIS compiles, that GIS will help the applicant understand the files, and that the consumer can elect to have another person, such as an attorney, assist in the review. Regardless of whether this information should have been included in the Disclosure, as it currently reads, it is easily understandable by a reasonable consumer. For this reason, paragraph four does not negate the clarity element, despite the fact that it is technically "extraneous" information.

Finally, as has already been discussed above, paragraph 5 consists of one simple sentence, informing the consumer that if GIS obtains information via interview, the consumer has the right to obtain more information about the process. Again, paragraph 5 is written in a way that is

Page 14 -    Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

reasonably understandable, contains a straight-forward sentence structure, and uses words that a reasonable person would understand, regardless of whether it is technically considered "extraneous" information.

Because Judge You applied the proper clarity standard to the Disclosure and further because her analysis correctly determined that the Disclosure is "clear" as a matter of law, the Findings and Recommendations should be adopted in their entirety.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 15 -   Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## III.    CONCLUSION

The Findings and Recommendations issued by the Magistrate Judge on August 13, 2021 were well-reasoned and supported by relevant law. Judge You was correct in concluding both that Fred Meyer's violation of the FCRA was not willful and that the Disclosure provided to Plaintiff by Fred Meyer was clear and conspicuous.  Accordingly, this Court should adopt the Findings and Recommendations in their entirety and grant Fred Meyer's Motion for Partial Summary Judgment. (Doc. 57).

DATED this 10th day of September, 2021.

MILLER NASH LLP

s/ *Michael Porter*
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Telephone: (503) 224-5858

DINSMORE & SHOHL LLP

Faith C. Whittaker, Ohio State Bar 0082486
(*admitted pro hac vice*)
faith.whittaker@dinsmore.com
Michael B. Mattingly, Ohio State Bar 0089847
(*admitted pro hac vice*)
michael.mattingly@dinsmore.com
Telephone: (513) 977-8397

*Attorneys for Defendant Fred Meyer, Inc.*

4838-1943-2186.1

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204