**Neal Weingart**
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com

Attorneys for Plaintiff and the Alleged Class

(Additional counsel appearing on signature page)

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **DANIEL WALKER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**FRED MEYER, INC.**, a Delaware corporation,<br><br>Defendant. | Case No. 3:17-cv-01791-YY<br><br>**JOINT MOTION TO STAY PENDING MEDIATION** |

## LR 7-1 CERTIFICATE

The parties certify that they conferred in good faith and agree to this joint motion.

## MOTION

The parties move the Court for an Order staying this case pending the parties' forthcoming mediation.

## MEMORANDUM IN SUPPORT

On September 24, 2021, the Court issued an Order adopting Magistrate Judge You's

1

Findings and Recommendations, which granted Defendant Fred Meyer's ("Defendant" or "Fred Meyer") motion for partial summary judgment. (Dkt. 77.) Thus, Plaintiff Daniel Walker's ("Plaintiff" or "Walker") deadline to file a petition to appeal the Court's Order is October 25, 2021. Additionally, Defendant's response to Plaintiff's motion for class certification (dkt. 59) is due on October 15, 2021. (Dkt. 61.) On October 4, 2021, the parties agreed to attempt to resolve this lawsuit with the assistance of a mediator. Given the upcoming deadlines, the parties further agreed to seek a stay of all deadlines pending the mediation.

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Native Fish Soc'y v. Nat'l Marine Fisheries Serv.*, No. 3:12-CV-00431-HA, 2013 WL 12321321, at *1 (D. Or. Aug. 8, 2013) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). When considering whether to stay an action, courts consider several factors, including "the possible damage which may result from granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Here, a stay would conserve the resources of the parties and promote judicial economy. That is, if the case were to proceed, the parties will be required to expend resources briefing Plaintiff's petition for appeal and motion for class certification while also attempting to resolve the case through mediation. Should the mediation prove successful, the time spent briefing the motions will have been unnecessarily exhausted. Further, no party will be harmed by a brief stay. Indeed, just the opposite is true. A stay will enable the parties to focus their resources toward resolving this dispute.

As such, the parties request that the Court stay this matter pending the conclusion of the mediation session. After the mediation concludes, the parties will notify the Court of the outcome. If the mediation is successful in resolving the claims, the parties will submit a joint report specifying an anticipated deadline to file a stipulation of dismissal. If the claims have not been resolved, the parties will submit a joint report requesting deadlines for Plaintiff to file his petition to appeal the Court's September 24th Order, along with a proposed briefing schedule for the petition, and for Defendant to file its response to Plaintiff's motion for class certification.

Because the stay would conserve resources and promote judicial economy, the parties respectfully request that the Court grant this joint motion and stay all deadlines in this case.

Respectfully submitted,

Dated: October 7, 2021                    /s/ Patrick H. Peluso

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Ste. 300
Denver, CO 80210
Main: 720-213-0675
Fax: 303-927-0809

Neal Weingart
Neal Weingart Attorney at Law, LLC
1001 SW Fifth Ave.
Suite 1415
Portland, OR 97204
503-379-9933
Email: neal@nealweingartlaw.com

*Pro Hac Vice

*Attorneys for Plaintiff and the Putative Class*

Respectfully submitted,

Dated: October 7, 2021                    /s/ Michael B. Mattingly

Faith C. Whittaker, Ohio State Bar No. 0082486
faith.whittaker@dinsmore.com
Michael B. Mattingly, Ohio State Bar No. 0089847
michael.mattingly@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
T: (513) 977-8200
F: (513) 977-8141

Michael Porter, Oregon State Bar No. 003560
mike.porter@millernash.com
John Clarke, Oregon State Bar No. 153245
john.clarke@millernash.com
MILLER NASH GRAHAM & DUNN LLP 111
S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204
T: (503) 224-5858
F: (503) 224-0155

*Attorneys for Defendant-Appellee Fred Meyer, Inc.*

## **CERTIFICATE OF SERVICE**

    I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on October 7, 2021.

                                                      /s/ Patrick H. Peluso